## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-KAJ |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |


## BRIEF OF NON-PARTY DOVER MOTORSPORTS, INC. IN OPPOSITION TO TRANSFER OF PLAINTIFF'S  MOTION TO COMPEL AGAINST THIRD PARTY DOVER MOTORSPORTS INC.


Dated: November 3, 2006

Richard G. Placey (DE I.D. No. 4206)
Richard M. Donaldson (DE I.D. No. 4367)
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
Tel: (302) 504-7880
Fax: (302) 504-7820

Attorneys for Non-Party
Dover Motorsports, Inc.

Of Counsel:

Klaus M. Belohoubek, Esquire
Senior Vice President and General Counsel
Dover Motorsports, Inc.
Concord Plaza
3505 Silverside Road
Plaza Centre Bldg., Suite 203
Wilmington, DE  19810

2128108v1

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.    INTRODUCTION AND STATEMENT OF NATURE AND STAGE OF THIS PROCEEDING ............................................................................................................ 1

II.    SUMMARY OF ARGUMENT ...................................................................................... 1

III.   FACTUAL STATEMENT .............................................................................................. 2

IV.   ARGUMENT .................................................................................................................. 3

       A.    Transfer of the Motion to Compel is Not Permitted ................................................ 4

              1.    The Applicable Rule (F.R.Civ. P. 45(c)(2)(B)) Requires That A Motion to Compel Be Adjudicated by the Court Issuing the Subpoena. ................................................................................................... 4

              2.    Kentucky's Reliance on Rule 26(c) and Motions for Protective Order Is Misplaced – Even Such Motions May Not Be "Transferred" Without The Consent of the Non-Party. ............................ 5

       B.    Even if Transfer Were Authorized, the Court in its Discretion Should Decline to Transfer. .............................................................................................. 10

V.    CONCLUSION ............................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

**CASES**

Central States, Southeast and Southwest Areas Pension Fund v. Quickie Transport Co.,
  171 F.R.D. 50 (E.D. Pa. 1997) ........................................................................................ 6, 9, 10

In re Orthopedic Bone Screw Prods. 79 F.3d 46 (7th Cir. 1996) ................................................ 6, 9

In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998) ................................................... 6, 7, 8, 9, 10, 11

Lampshire v. Proctor & Gamble Co., 94 F.R.D. 58 (N.D. Ga. 1982) ......................................... 11

Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 1998 WL 85319,
  (U.S. 1998)............................................................................................................................. 8

Socialist Workers Party v. Att'y Gen., 73 F.R.D. 699 (D. Md. 1977) ...................................... 9, 10

U.S. v. Star Scientific, Inc., 205 F. Supp. 482 (D.Md. 2002) ....................................................... 6

**STATUTES**

28 U.S.C. § 1407 ......................................................................................................................... 9

**RULES**

F.R. Civ. P. 26............................................................................................................... Passim

F.R. Civ. P. 45............................................................................................................... Passim

F.R. Civ. P. 37............................................................................................................. 8, 9

**OTHER AUTHORITIES**

9 Moore's Federal Practice, § 45.50[4] (Matthew Bender, 3d Edition)…………………………10

## I.    INTRODUCTION AND STATEMENT OF NATURE AND STAGE OF THIS PROCEEDING

This brief is submitted by Third-Party and Respondent Dover Motorsports, Inc. ("Dover") in opposition to Plaintiffs Motion to Compel Against Third Party Dover Motorsports, Inc. ("Motion to Compel").  Dover opposes the motion in its entirety, but in accordance with the Court's direction at the October 26, 2006 telephone conference this initial brief is limited to the issue of transferring the Motion to Compel to the Eastern District of Kentucky.

This motion arises out of a non-party subpoena issued by Kentucky Speedway Inc. ("Kentucky) to Dover.  Kentucky is the plaintiff in an action in the Eastern District of Kentucky captioned Kentucky Speedway, Inc. v. NASCAR, et al, Civil Action No. 2:05-CV-138 (WOB/JGW)(the "NASCAR Action").

Kentucky has subpoenaed Dover, filed a motion to compel compliance with that subpoena, and requested that the Motion to Compel be transferred to the Eastern District of Kentucky.  Dover opposes a transfer.  On October 26, 2006 the Court directed that the briefs or the motion be limited to the transfer issue.[1]  This brief is submitted in accordance with that direction.

## II.    SUMMARY OF ARGUMENT

A.    Rule 45(c), "Protection of Persons Subject to Subpoena," requires that any motion to compel be resolved by the Court issuing the subpoena, and transfer of such motions is not authorized by the rules or the case law.

B.    Even if such a transfer were authorized, the Court in its discretion should decline to transfer the motion.

---

[1] Dover will file an opposition to the remainder of the Motion to Compel as directed by the Court.

## III.     FACTUAL STATEMENT

Putting aside the broader set of facts relevant to the Motion to Compel on the merits, the basic facts relevant to transfer are as follows:

Kentucky is the Plaintiff in the NASCAR action in Kentucky.  Dover is located in Delaware, and Kentucky seeks to subpoena documents from Dover to use in the NASCAR action.

Kentucky first tried to subpoena Dover with an April 14, 2006 subpoena (Exhibit 1) from the Southern District of Ohio (where no action is pending), and to require Dover to make production at Kentucky's counsel's office in Ohio.   Kentucky refused to withdraw this Ohio subpoena (even though Dover offered to accept service of a proper subpoena), and Dover was ultimately forced to expend money serving protective objections.

On May 2, 2006, Kentucky then filed a motion in the NASCAR Action seeking "nationwide service of subpoenas" (Exhibit 2).  Dover did not hire local counsel or appear in response to that motion, but Dover's Delaware counsel did send an informal letter to the Magistrate Judge in the Kentucky Court objecting to the procedure.  Kentucky then withdrew the "nationwide service of subpoenas" motion – but again only after more resources had to be expended by non-party Dover even though Dover had offered to accept service of a proper subpoena.  Ultimately, Kentucky forced Dover to incur thousands of dollars of unnecessary expenses by means of these ill-founded actions in the Ohio and Kentucky Courts.

Kentucky then issued its initial Delaware subpoena, seeking 34 categories of documents, on May 30, 2006 (Exhibit 3).  Thereafter, Kentucky withdrew its May 30 subpoena and replaced it with a far narrower subpoena, seeking 9 categories of documents, on July 7 (Exhibit 4).  After the July 7 subpoena, efforts to address the requested discovery by agreement followed.

-2-

After much negotiation arising from the narrower July 7 subpoena, Kentucky then reverted to the original May 30 subpoena, narrowed it only slightly, and has now moved to compel and transfer. The primary issues to be resolved on the Motion to Compel are those of the undue burden and expense that the subpoena puts on non-party Dover. For example, the subpoena seeks numerous documents which Kentucky can and presumably has obtained from NASCAR and ISC (the parties to the NASCAR Action) or which are publicly available. *See*, *e.g.* May 30 subpoena, ¶¶ 3, 4, 28, 29 and Motion to Compel Exhibit 3 at Items 1, 7, 12, 17. These items do not raise questions of relevance as much as they raise the issue of whether a non-party should have to do a duplicate search for such items. Other requests are so vague and broad as to impose an undue burden and, in many cases, seek to require Dover to become Kentucky's researcher or expert. An example of this is the request that Dover find and produce "all documents related to any anticompetitive behavior or activity by ISC or NASCAR." May 30 Subpoena, ¶8; Motion to Compel Exhibit 3 at item 13.

Simply put, while some issues regarding relevance may arise, the primary issues raised by the Motion to Compel are those surrounding the undue burden and expense placed on Dover. These are a particular concern here given Kentucky's previous demands that Dover respond to the Ohio subpoena and to its ultimately withdrawn motion for "nationwide service of subpoenas" in the NASCAR Action.

## IV.  ARGUMENT

Kentucky has filed a Motion to Compel under Rule 45(c)(1)(B); no motion for protective order has been filed.

In  seeking transfer of the **Motion to Compel**, Kentucky argues that "Rule 26(c) of the Federal Rules allows 'the court in which the action is pending' to rule on a **protective order**," and allows "transfer" of protective order motions. Motion to Compel, ¶ 18 (emphasis added).

Kentucky supports this argument with citations to district court cases involving motions for protective order under Rule 26 (not Motions to Compel under Rule 45). Moreover, in those cases, the moving party either was a party to the main action, or asked the court issuing the subpoena to defer ruling pending action of the court in which the main action was pending. Kentucky makes no argument that Motions to Compel under Rule 45 can be transferred, nor could it.

As will be explained below:

1.      The applicable rule, Rule 45(c)(2)(B), does not allow "transfer" of a motion to compel.

2.      While Rule 26(c), "Protective Orders," has sometimes been interpreted to allow an issuing court to remit a motion to quash/for protective order under Rule 45(c)(2)(C) to the court in which the action is pending, the case law indicates that even a motion for protective order may not be so remitted over the objection of a non-party.

3.      Even if the Court had authority under Rule 45(c)(2)(B) to transfer a motion to compel, it should not do so here.

A.      **Transfer of the Motion to Compel is Not Permitted**

1.      The Applicable Rule (F.R.Civ. P. 45(c)(2)(B)) Requires That A Motion to Compel Be Adjudicated by the Court Issuing the Subpoena.

As noted, Kentucky has filed a motion to compel, but in seeking transfer argues that motions for protective order under Rule 26(c) can be decided by the court in which the action is pending. From this, Kentucky claims that Rule 26(c) motions can sometimes be transferred to the Court in which the main action is pending. However, this is not a motion under Rule 26(c) – no one has filed a protective order motion and no one has invoked that rule.

-4-

Kentucky's motion is a motion to compel under Rule 45(c)(2)(B).  Motion to Compel ¶¶ 7 et seq.  An analysis of which court must decide such a motion begins and ends with the text of the applicable rule:

> (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

Id. (emphasis added)

The text of the rule makes clear beyond dispute that the Motion to Compel must be filed in and decided by the "court by which the subpoena was issued" – this Court.  Kentucky cites no case where a motion to compel was transferred to the court in which the main action was pending.  In light of the text of the rule, this is not surprising.  Accordingly, based on the text of the rule, the transfer request should be summarily denied.

> 2.     Kentucky's Reliance on Rule 26(c) and Motions for Protective Order Is Misplaced – Even Such Motions May Not Be "Transferred" Without The Consent of the Non-Party.

Like Motions to Compel, motions to quash or modify a subpoena under Rule 45 must be decided by the issuing Court:

> On timely motion, the court by which a subpoena was issued shall quash or modify a subpoena if it. . .

F.R. Civ. P. 45 (c)(3)(A) (emphasis added).  However, Rule 26(c), "Protective Orders," allows "the court in which the action is pending or alternatively, on matters relating to a deposition, the

court in the district where the deposition is to be taken [to issue a protective order]."  Kentucky argues that this Rule allows protective order motions to be transferred to the court in which the action is pending, and cites a few district court cases to support this argument.  As noted above, this argument is off point, since no one has filed a motion for protective order under Rule 26(c), and the pending motion is a motion to compel.

But Kentucky is not just off-point; its argument is wrong even as applied to protective order motions.  Kentucky would have this court rely on two district court cases, U.S. v. Star Scientific, Inc., 205 F. Supp. 2d 482 (D.Md. 2002) and Central States, Southeast and Southwest Areas Pension Fund v. Quickie Transport Co., 174 F.R.D. 50 (E.D. Pa. 1997).  However, Kentucky fails to advise the Court that (1) the weight of authority, including appellate authority, is that even Rule 26(c) protective order motions may not be transferred absent consent of the moving party, and (2) in the cases Kentucky cites, the moving party either sought the transfer or was a party to the main action.

The key appellate decision on transfers of Rule 26(c) motions is In re Sealed Case, 141 F.3d 337 (D.C. Cir. 1998).[2]  In that case, the Court of Appeals issued a writ of mandamus barring the District Court's transfer of a Rule 26(c) motion to the Court in which the main action was pending.  The Court of Appeals' holding was that the Court that issued the subpoena had no authority to transfer even a motion for protective order under Rule 26(c).  Id. at 339.

Sealed Case involved an underlying action pending in the Eastern District of Arkansas.  The defendant in the Arkansas case wanted documents from a Washington, D.C. law firm, and

---

[2] According to the transcript of the October 26, 2006 telephone conference ("Tr."), counsel for Dover referred to the appellate authority as including authority from the Third Circuit.  Tr. 7.  Counsel was intending to refer principally to the Sealed Case opinion from the D.C. Circuit, as well as the Orthopedic Bone Screws opinion from the Seventh Circuit, and must have mis-spoken in this reference.  Counsel apologizes for the error, and hereby corrects the record as to the intended reference.

so issued a subpoena from the District Court for the District of Columbia for the documents.  The

subpoenaed party objected under Rule 45, and both a motion to compel and a motion to quash

were filed in the District of Columbia.  Id.

A motion to transfer the motions to Arkansas was made by the defendant that issued the

subpoena, and the District Court granted the transfer motion, reasoning that the motion to quash

was essentially a Rule 26(c) protective order motion.  The subpoenaed party sought review via

mandamus, and the Court of Appeals' issued a writ of mandamus and vacated the transfer order.

Id.

The Court of Appeals' reasoning and holding makes clear that even protective order

motions may not be "transferred" or remitted without the consent of the party seeking protection:

> The district court rested its conclusion largely on the Advisory Committee's
> Note to the 1970 amendments to Rule 26(c), but the place to start, whatever
> the Note's ultimate relevance, is the text of Rule 45. That text offers no
> authorization to transfer a motion to quash and seems at least implicitly to
> forbid it. The rule permits, and in some circumstances requires, "the issuing
> court" to quash or modify a subpoena. See Fed. R. Civ. P. 45(c)(3)(A). It
> allows enforcement of a subpoena following objections only "pursuant to an
> order of the court by which the subpoena was issued." Fed. R. Civ. P.
> 45(c)(2)(B). It provides that failure to obey a subpoena may be deemed
> contempt "of the court from which the subpoena issued." Fed. R. Civ. P.
> 45(e)… [citations omitted].
>
> There are other textual difficulties with transfer of motions to quash. Rule
> 45(c)(3)(A)(ii) directs the issuing court to quash or modify a subpoena that
> requires a nonparty to travel more than 100 miles from the place where the
> nonparty "resides, is employed or regularly transacts business in person." This
> restriction is obviously hard to square with a principle that allows the issuing
> court to transfer the motion to quash to another district--in this case, the
> parties tell us, a district 892 miles away. Perhaps more significant, not only
> would a transferee court lack statutory authority to quash or enforce another
> court's subpoena, it would often lack personal jurisdiction over the nonparty.
>
> *          *          *
>
> More generally, the rules governing subpoenas and nonparty discovery have a
> clearly territorial focus. Applications for orders compelling disclosure from

-7-

nonparties must be made to the court in the district where the discovery is to be taken; failure to comply with such an order is a contempt of that court. Fed. R. Civ. P. 37(a)(1); 37(b). Subpoenas for attendance at a trial must issue from the court for the district in which the trial is held; for attendance at a deposition, from the court for the district in which the deposition is to be taken. Fed. R. Civ. P. 45(a)(2). (Rule 34(c) explicitly makes the subpoena process of Rule 45 the route to compelling production of documents from nonparties.) It may well be true, as respondent suggests, that the trial court will be better able to handle discovery disputes. But Congress in the Rules has clearly been ready to sacrifice some efficiency in return for territorial protection for nonparties. Cf. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 1998 WL 85319, at *9 (U.S. 1998) (acknowledging that broader district court authority to transfer cases might be desirable but observing that "the proper venue for resolving that issue remains the floor of Congress").

What of Rule 26(c), springboard for the Advisory Committee Note on which the district court relied?

*                *                *

We can assume that if Rule 45 were ambiguous, one might look to a clear Advisory Committee Note to resolve that ambiguity .   .   .

But before tackling all the ifs and stretches in that assumption, it is useful first to address the text of the Note. It refers to the possibility that "[t]he court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." Respondent's argument takes "remit the deponent or party" to mean "transfer the motion." But that is not the phrase's meaning unless the Advisory Committee used English incorrectly, or at least eccentrically. "Remit" can indeed mean "to submit or refer (something) for consideration, judgment, decision or action . . . ." Webster's Third New International Dictionary 1920 (1981). That usage would make sense if the motion were the object of "remit." But it isn't. The object of "remit" is an active person or entity, "the deponent or party." Thus the relevant usage supplied by the dictionary is "to refer (a person) for information or help (as to a book or person)." Id.

The Advisory Committee Note is thus more naturally read to suggest that the court for the district where the deposition is to be taken may stay its action on the motion, permit the deponent to make a motion for a protective order in the court where the trial is to take place, and then defer to the trial court's decision. See Kearney, 172 F.R.D. at 383. This reading cures the jurisdictional problems; a nonparty that moves for a protective order in the court of the underlying action thereby submits to that court's jurisdiction.

-8-

> Such a reading might seem to raise a new question: does it allow the nonparty witness territorial convenience with respect to motions to quash but not with respect to motions for a protective order? They are not obviously so different; in fact there is broad overlap in the grounds for granting the two motions. <u>Compare</u> Fed. R. Civ. P. 26(c)(1)- (4) with Fed. R. Civ. P. 45(c)(3)(A). As it turns out, the differential treatment is only apparent. <u>The operation of the subpoena rules in fact grants nonparty witnesses the privilege of choosing to litigate in their home districts regardless of how relief is sought.</u>

<u>Id.</u> at 340-42 (emphasis added; footnotes omitted).  In explaining this holding that non-party witnesses may not be compelled to litigate outside their home districts, "regardless of how relief was sought," the Court of Appeals emphasized the importance of Rule 45's protections of non-parties from undue burden and expense:

> In the end what affords the nonparty deponent this territorial protection is that the rules vest power to compel discovery from a nonparty, and to impose contempt sanctions for non-compliance, in the subpoena-issuing court. Fed. R. Civ. P. 37(a)(1); Fed. R. Civ. P. 45(e). Rule 26(c) permits that court to stay its proceedings on a nonparty deponent's motion for a protective order pending action by the trial court, and to defer to the trial court's resolution of that motion. <u>The rules may well allow similar abstention on a motion to quash, followed by deference to the trial court's decision on a motion for a protective order; this was the technique used in Kearney. But if the nonparty deponent fails to take the bait and move for a protective order in the trial court, the issuing court must make the decision whether discovery may be had, and its scope, since it is the only court with the power to order enforcement.</u> Other courts have recently adopted this reading of the Advisory Committee Note. *See, e.g.*, <u>Orthopedic Bone Screw Prods., 79 F.3d at 48</u> (reading the Note's use of "remit" as referring simply to power in court that issued subpoena to stay motion by nonparty witness for protective order and defer to decision of the district court where discovery proceedings in the underlying action were pending under 28 U.S.C. § 1407); <u>Cent. States, Southeast & Southwest Areas Pension Fund v. Quickie Transport Co., 174 F.R.D. 50, 51 n.1 (E.D. Pa. 1997); Kearney, 172 F.R.D. at 383</u>. It appears also to have been the understanding of courts and commentators nearer the time of the 1970 Advisory Note.  See <u>Socialist Workers Party v. Att'y Gen., 73 F.R.D. 699, 701 (D. Md. 1977)</u> (quoting 1976 Moore's Federal Practice).

<u>Id.</u> at 342-43 (emphasis added).  The Court accordingly concluded that there is simply no basis for a transfer, and reversed the transfer order.  <u>Id.</u> at 343  There is little to add to the D.C.

-9-

Circuit's analysis of this issue, and as noted in the opinion other Courts, including the Court of Appeals for the Seventh Circuit in <u>Orthopedic Bone Screw</u>, have adopted this view.[3]

### B.    Even if Transfer Were Authorized, the Court in its Discretion Should Decline to Transfer.

As shown, Kentucky's argument that transfer is permitted in the Court's discretion is not simply off point as applied to Rule 45 motions to compel, but has been rejected by various appellate courts even as applied to Rule 26(c) motions for protective order.  However, even if the Court had such discretion, it should decline to transfer.

As the <u>Sealed Case</u> Court pointed out, transfer imposes substantial costs and other burdens on a non-party – the very party Rule 45 seeks to protect.  This is particularly important here, where Kentucky has already forced Dover to incur the costs of dealing with the completely off base Ohio subpoena, and then the unfounded, improper and ultimately withdrawn "nationwide service of process" motion.  Now, it seeks to require Dover to litigate the Motion to

---

[3] <u>Star Scientific</u>, cited by Kentucky at ¶18, p. 8, was a case in which the non-party (Star) sought and agreed to have the motion decided by the Court in which the main action was pending.  205 F. Supp. 2d at 484-85.  In <u>Central States</u>, it was the defendant (a party to the underlying suit) that filed the motion for protective order seeking to prevent production of privileged materials from one of its attorneys.  174 F.R.D. at 57.  Neither case allowed transfer of even a Rule 26(c) motion filed by the subpoenaed party over that party's objection.  Moreover, while Kentucky purports to rely on Moore's Federal Practice in seeking the transfer, Motion to Compel, ¶ 18 at pp. 8-9, Kentucky does not even point out that what the treatise actually says on this subject flatly contravenes Kentucky's position:

> In many cases in which the issuing court is different from the court in which the action is pending, the subpoena is the issuing court's only connection with the case.  Accordingly, there is authority that a motion to quash or modify a subpoena may be transferred from the issuing court to the court in which the action is pending.  <u>That interpretation contravenes the text of Rule 45, and is problematic because the requirement to seek relief in the issuing court is designed to serve the convenience of the person subject to the subpoena, who is presumably in the forum of the issuing court.  Transferring the dispute to the district in which the underlying action is pending undermines that convenience rationale, and may effectively require the subpoenaed person to litigate the issues in a distant forum.  Accordingly, there is contrary and preferable authority that a motion to quash or modify may not be transferred, at least not over the objection of the person subject to the subpoena, and instead must be heard and resolved by the issuing court.</u>

9 Moore's Federal Practice, § 45.50[4] (Matthew Bender, 3d Edition) (emphasis added).

Compel in a forum 500 miles away, requiring Dover to incur substantial additional unnecessary expense. As the Court held, Rule 45's territorial protections are designed for the very purpose of relieving the non-party of the burden and costs of litigating elsewhere, and "Congress in the Rules has clearly been ready to sacrifice some efficiency [in deciding discovery disputes] in return for territorial protection for nonparties." Id. at 341.

Given this, even cases which assumed that transfer was possible -- decided before the 1991 revision of Rule 45 (to better protect non-parties) and Sealed Case – held that deferring ruling upon or transferring a Rule 26(c) motion,

> . . .should be the exceptional, rather than the normal occurrence. The court where the motion is filed should determine the merits of the protective order request except in those unusual circumstances where only the trial judge has the necessary background information to rule on the motion. If the court in which a motion for a protective order was filed always deferred to the trial judge, the 1970 amendment to Rule 26(c) would have been futile. Proposed non-party deponents would be unable to avoid the burden and expense of traveling to faraway courts to litigate the merits of a discovery dispute if all such disputes were deferred to the court in which the main action were pending.

Lampshire v. Proctor & Gamble Co., 94 F.R.D. 58, 59 (N.D. Ga. 1982) (transfer denied).

Even if transfer were available, this is not such an unusual or exceptional case as to justify transfer and the accompanying abrogation of Rule 45's territorial protections for non-parties. As noted above, while relevance issues may come up, the primary issues on this motion are likely to be those of undue burden and expense on Dover. Examples of such problems are Kentucky's efforts to force Dover to look for documents that defendants possess and have presumably produced if relevant, to look for publicly available materials, and to try to identify for Kentucky's benefit such things as documents "related to anticompetitive behavior [by defendants]."

-11-

Kentucky makes no argument, nor could it, that the instant Motion to Compel involves such exceptional circumstances and issues that only the trial judge can decide the motion. In fact, the motion plainly does not involve such issues. Accordingly, even if a Motion to Compel under Rule 45 could be transferred, this Court should decline to do so.

## V.    CONCLUSION

For all the reasons above, the request to transfer the Motion to Compel to the Eastern District of Kentucky should be denied.

Respectfully submitted,


Dated: November 3, 2006                     _____/s/  RGPlacey_____
                                            Richard G. Placey (DE I.D. No. 4206)
                                            Richard M. Donaldson (DE I.D. No. 4367)
                                            MONTGOMERY, McCRACKEN,
                                              WALKER & RHOADS, LLP
                                            300 Delaware Avenue, Suite 750
                                            Wilmington, DE 19801
                                            Tel: (302) 504-7880
                                            Fax: (302) 504-7820

Of Counsel:
                                            Attorneys for Non-Party
                                            Dover Motorsports, Inc.


Klaus M. Belohoubek, Esquire
Senior Vice President and General Counsel
Dover Motorsports, Inc.
Concord Plaza
3505 Silverside Road
Plaza Centre Bldg., Suite 203
Wilmington, DE 19810

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE  NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-KAJ |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

# EXHIBIT 1

Exhibit 1 To The Brief Of Non-Party Dover Motorsports, Inc.
In Opposition To Transfer Of Plaintiff's  Motion To
Compel Against Third Party Dover Motorsports Inc.

⸱ AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

<u>SOUTHERN</u>      DISTRICT OF      <u>OHIO</u>

Kentucky Speedway, LLC

V.

National Association for Stock Car

Auto Racing, Inc., *et al.*

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    2-05-CV-138
(currently pending in Eastern
District of Kentucky)

TO:   Dover Motorsports, Inc,
1131 North DuPont Highway
Dover, Delaware 19901

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| White, Schneider, Bayless & Chesley Co., L.P.A., 1513 4th & Vine Tower, 1 West 4th Street, Cincinnati, OH 45202 | May 1, 2006 (or at place and time otherwise agreed by counsel) |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff Kentucky Speedway, LLC | DATE<br>April 10, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bill Markovits, Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 4th & Vine Tower, 1 West 4th Street, Cincinnati, OH 45202   (513) 621 0267

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

676444v1/008870

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3.    "Person" means any natural person or any business, legal or governmental entity or association.

4.    The term "RELATED TO" or "RELATED THERETO" or "RELATING TO" or "RELATING THERETO" or "REFLECTING" when used with respect to a given subject matter or the content of DOCUMENTS means any DOCUMENT or thing that sets forth, describes, reflects, constitutes, concerns, contains, embodies, identifies, states, refers to, or is in any other way relevant to a given subject or transaction.

5.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside if its scope.

6.    The term "NASCAR" shall mean the National Association for Stock Car Auto Racing, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

7.     The term "ISC" or "INTERNATIONAL SPEEDWAY" shall mean International Speedway Corp. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on its behalf.

8.     The terms "YOU" and "YOUR" shall mean Dover Motorsports, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

9.     The term "NEXTEL CUP" shall mean the NASCAR Nextel Cup Series and the NASCAR Winston Cup Series.

10.    The term "KENTUCKY SPEEDWAY" means Kentucky Speedway, LLC and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on their behalf.

11.    The term "person" means natural persons, corporations, firms, partnerships, unincorporated associations, trusts or other legal, business or governmental entities.

12.    "Relating to"; "respecting"; "in respect of"; "relative to"; "relate to"; "related to"; "regarding"; "reflecting"; "evidencing"; "concerning"; "discussing"; "recording"; "analyzing"; "describing"; "summarizing"; "referring to"; or "commenting on the subject matter referred to in each request" have as broad a scope as the discovery permitted under the mutual agreement of the parties or under Federal Rule of Civil Procedure 26(b), whichever is broader.

13.    "Racetrack" means any venue that has hosted or seeks to host any NASCAR-sanctioned event, including Nextel Cup, Busch, and Craftsman Truck Series races, and includes any officer,

director, official, employee, agent, attorney, expert, trustee, consultant or representative of the racetrack, and any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on the racetrack's behalf. The term includes those venues that have not yet been built so long as the venue would seek to host a NASCAR-sanctioned event if constructed.

14.    "Owned by" means those racetracks where you hold a controlling ownership interest.

15.    "Ownership interest" means owning all or part of a corporation, joint venture, partnership, or other business, person, or entity, either directly or indirectly.

## INSTRUCTIONS

1.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each party shall produce the requested documents as they are kept in the usual course of business. Documents should be marked to indicate the identity of the individual party producing such documents.

2.    If any document responsive to any of these requests is withheld by asserting any privilege or immunity from production, submit a schedule at the time of production setting forth for each document withheld, the following information:

      a.    The type of document (e.g., letter, memorandum, etc.);

      b.    The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

      c.    The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

      d.    If the documents reflect or refer to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; the subject matter of the information contained in the document;

    e.  The nature of the privilege or immunity asserted; and

    f.  A brief explanation of why the document is believed to be privileged or immune from production.

3.  Produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

4.  All documents should be produced in their entirety, including all attachments and enclosures, along with their original folders, binders, or other covers or containers.

5.  If, for any reason, any of the documents or tangible things to be produced by any plaintiff pursuant to this request have been destroyed, lost or otherwise disposed of, state for each category the following information:

    a.  The date the document or tangible thing was lost, destroyed or disposed of;

    b.  All witnesses who have knowledge of the loss, destruction or disposal of the object or tangible thing; and

    c.  The details concerning the loss of such documents, including the reason for the destruction or disposal and the person authorizing it.

## TIME PERIOD

  Unless otherwise stated in a Request, produce all responsive documents created on or after January 1, 1992.

## DOCUMENTS TO BE PRODUCED

1.  The following documents from *Francis Ferko v. National Association for Stock Car Racing, Inc. et al.*, Case No. 4:02CV50 (Eastern District of Texas):

    a.  All documents produced by you or to you in accordance with discovery conducted

      b.     All depositions of you or any of your officers, directors, or employees.

2.     All documents showing any ownership interest, whether direct or indirect, held by any officer, director, or employee of ISC or NASCAR, in you.

3.     All documents showing any ownership interest, whether direct or indirect, held by any officer, director, or employee of ISC or NASCAR, in any corporation, joint venture, partnership, or other business in which you, your officers, directors, or employees have an ownership interest, excluding any corporation that is publicly traded on the New York Stock Exchange, NASDAQ, or the American Stock Exchange.

4.     All documents showing any ownership interest of you, your officers, directors, or employees in ISC or NASCAR.

5.     All documents related to the market share or market position of NASCAR.

6.     All documents related to the market share of market position of ISC.

7.     All documents related to the number of tracks owned by ISC.

8.     All documents related to any anticompetitive behavior or activity by ISC or NASCAR.

9.     All documents related to the economic impact of a racetrack in a particular geographic area.

10.     Documents sufficient to show the amount of revenue your racetrack(s) have received or could receive from hosting a Nextel Cup race.

11.    All documents reflecting any business relationship or financial arrangement between you and any racetrack not owned by you.

12.    All documents relating to communications between you and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative of any racetrack not owned by you.

13.    All documents relating to any change in NASCAR's realignment policy or procedures, whether formal or informal, including but not limited to realigning Nextel Cup races from one venue to another provided both racetracks are owned or affiliated with the same entity and not realigning any Nextel Cup race from an existing racetrack to another owner.

14.    All documents relating to NASCAR's decision to limit the number of allowable race teams operated by a single owner, or race entries owned by a single owner.

15.    All documents relating to the number of Nextel Cup races that NASCAR sanctions in a season, how NASCAR allocates Nextel Cup races among racetracks, or when in the season a particular racetrack will host a Nextel Cup event.

16.    All documents relating to consideration of Kentucky Speedway for a Nextel Cup race.

17.    All documents relating to Kentucky Speedway.

18.    Documents sufficient to show your document retention or destruction policy.

19.    All documents relating to your view, assessments, and opinions about the qualities, characteristics, advantages, and disadvantages of each or any racetrack that currently hosts, has hosted, seeks to host, or is capable of hosting a Nextel Cup Race.

20.    All documents relating to any attempt of any racetrack owner(s), including you, to acquire or purchase in whole or in part, or merge with, another racetrack or its owner(s), whether successful or unsuccessful.

21.    All documents relating to any racetrack's, or its owner's, reaction to NASCAR's decision to negotiate a television broadcast agreement on behalf of all racetracks.

22.    All documents relating to any changes to the terms of any NASCAR sanctioning agreement.

23.    All documents related to the amount or percentage of revenue allocated to racetracks, drivers, and NASCAR by the Nextel Cup sanction agreements, including but not limited to any potential changes to the amount or percentage.

24.    All documents relating to NASCAR's and/or ISC's decision to award or not award a Nextel Cup race to any racetrack owned by you that has hosted or sought to host a Nextel Cup race.

25.    All documents relating to NASCAR's and/or ISC's decision to award or not award a Nextel Cup race to any racetrack not owned by you that has hosted or sought to host a Nextel Cup race.

26.    Documents sufficient to show the following for each racetrack owned by you, or in which you have an equity interest or affiliation, awarded a Nextel Cup race since 1990:

    a.    The sanctioning of each Nextel Cup race, including but not limited to all Nextel Cup sanctioning agreements;

b.      The seating capacity for the racetrack, broken down by general admission/grandstand, luxury suites, club seats;

c.      Parking capacity, and recreational vehicles and trailer spaces for the racetrack;

d.      The geographic location, age, construction and renovation history;

e.      Configuration and track length of the racetrack;

f.      The ticket sales for the Nextel Cup event;

g.      The advertising revenue for the Nextel Cup event;

h.      The facility amenities for the Nextel Cup event, including but not limited to concession sales, program and merchandise sales, fees for hospitality tents, and fees for souvenir trailers;

i.      The racetrack safety records;

j.      Complaints or suggestions about the racetrack by drivers, owners, crew, and spectators;

k.      Comments about the track by NASCAR;

l.      Comments about the track by any other racetrack;

m.      The television ratings for the Nextel Cup event;

n.      The broadcast fees for the Nextel Cup event;

o.      The race sponsorship for the Nextel Cup event;

p.   Consumer preference for the Nextel Cup event;

q.   The purse and prize money for the Nextel Cup event;

r.   The portion of total revenue for the Nextel Cup event distributed to the racetrack;

s.   The operating expenses for the event, including but not limited to fixed and variable costs, expenses related to the organization and operation of NASCAR, driver/team compensation, and racetrack compensation and administrative expenses;

t.   The contract terms, conditions, and provisions for participation;

u.   The ticket pricing for the Nextel Cup event;

v.   Track ownership, including purchase and sale information.

w.   Any reason why the racetrack has hosted a Nextel Cup race; and

x.   The decision whether to allow the racetrack to host one or more Nextel Cup races.

27.   All documents relating to the decision of when and how you or any of your racetracks received the right to host a Nextel Cup event.

28.   All documents relating to communications between you and NASCAR regarding racetracks in which you do not, or did not at the time of the communication, own an equity interest.

29.   All documents relating to communications between you and ISC.

676551v1/008870                                    9

30.     All documents relating to a consideration or decision by NASCAR to award, sanction, add, withdraw, schedule, transfer, or deny one or more Nextel Cup races to any racetrack or racetrack owner(s), including you.

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE  NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-KAJ |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

# EXHIBIT 2

Exhibit 2 To The Brief Of Non-Party Dover Motorsports, Inc.
In Opposition To Transfer Of Plaintiff's  Motion To
<u>Compel Against Third Party Dover Motorsports Inc.</u>

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## AT COVINGTON
## CASE NO. 2:05-CV-138 WOB

### FILED ELECTRONICALLY

**KENTUCKY SPEEDWAY, LLC**                                         **PLAINTIFF**

**v.**

**NATIONAL ASSOCIATION OF STOCK CAR**
**AUTO RACING, INC., et al.**                                     **DEFENDANTS**

### PLAINTIFF'S MOTION FOR LEAVE TO MAKE
### NATIONWIDE SERVICE OF THIRD-PARTY DOCUMENT SUBPOENAS

Comes now the Plaintiff, Kentucky Speedway, LLC, by and through counsel, and hereby moves the Court for leave to make nationwide service of document subpoenas on third parties in this action. As the Court is aware, this is an antitrust case and federal antitrust law provides for nationwide service of process. Section 12 of the Clayton Act, 15 U.S.C. § 22, states as follows: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; ***and all process in such cases may be served in the district in which it is an inhabitant, or wherever it may be found.***" (emphasis added) So long as a company is doing business in the United States, it may be served in the United States in an antitrust case such as this case. See, *e.g., In Re: Electric & Musical Industries, Ltd., Middlesex, England*, 155 F. Supp. 892 (D.C.N.Y. 1957) (service of subpoena on British corporation doing business in the United States). Similarly, 15 U.S.C. § 23 states as follows:

> In any suit, action, or proceeding brought by or on behalf of
> the United States, subpoenas for witnesses who are required

> to attend a court in the United States in any judicial district in any case, civil or criminal, arising under the antitrust laws may run into any other district: *Provided*, That in civil cases no writ of subpoena shall issue for witnesses living out of the district in which the court is held at a greater distance than 100 miles from the place of holding the same without the permission of the trial court being first had upon proper application and cause shown.

In this regard, FRCP 45(b)(2) makes clear that "a subpoena may be served at any place within the district of the court in which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection . . . ." The Rule adds, however, that "[w]hen a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place."

Based on these authorities, Plaintiff hereby requests authorization from the Court to serve the document subpoenas attached hereto as Attachments A-F upon non-parties doing business beyond 100 miles of the designated place of production (*i.e.*, Crestview Hills, Kentucky). Judicial economy, efficiency and consistency will best be served by having this Court (which is now or will be knowledgeable about the particular issues surrounding this case and, in particular, the proper scope of discovery) determine the appropriate scope of the subject document subpoenas. Accordingly, Plaintiff requests authorization to serve the attached six (6) document subpoenas on a nationwide basis. A proposed Order is tendered herewith.

Respectfully submitted,

s/Mark D. Guilfoyle
Mark D. Guilfoyle                    (27625)
DETERS, BENZINGER & LAVELLE, P.S.C.
207 Thomas More Parkway
Crestview Hills, Kentucky  41017-2596
Telephone:  (859) 341-1881
Facsimile:  (859) 341-4879

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct of the foregoing was delivered via U.S. Mail or ECF Notice on May 2, 2006, to all counsel of record.

<u>s/Mark D. Guilfoyle</u>

93273.1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## AT COVINGTON
## CASE NO.  2:05-CV-138 WOB

### FILED ELECTRONICALLY

**KENTUCKY SPEEDWAY, LLC**                                     **PLAINTIFF**

**v.**

**NATIONAL ASSOCIATION OF STOCK CAR**
**AUTO RACING, INC., et al.**                                 **DEFENDANTS**

### <u>ORDER</u>

Upon Plaintiff's Motion for Leave to Make Nationwide Service of Third-Party Document Subpoenas, the Court having heard arguments of counsel and being in all respects sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff is granted leave to make nationwide service of the tendered document subpoenas on the following:

1.  Speedway Motorsports, Inc.;

2.  Dover Motorsports, Inc.;

3.  Indianapolis Motor Speedway;

4.  New Hampshire International Speedway;

5.  Milwaukee Mile Holdings, LLC; and

6.  Pocono Raceway.

DATED THIS _____ DAY OF _____, 2006.

_____
Judge, U.S. District Court

93331.1

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE  NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-KAJ |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

# EXHIBIT 3

Exhibit 3 To The Brief Of Non-Party Dover Motorsports, Inc.
In Opposition To Transfer Of Plaintiff's  Motion To
<u>Compel Against Third Party Dover Motorsports Inc.</u>

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ DELAWARE _____

Kentucky Speedway, LLC                      **SUBPOENA IN A CIVIL CASE**
V.

National Association for Stock Car

Auto Racing, Inc., *et al.*          RECEIVED      Case Number:[1]    **2-05-CV-138**
                                                                     (currently pending in Eastern
                                      JUN 08 2006                     District of Kentucky)

TO:   Dover Motorsports, Inc.        LEGAL DEPT.
      1131 North DuPont Highway
      Dover, Delaware 19901

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
| --- | --- |
| Brandywine Process, 2500 Delaware Ave., Wilmington, DE 19806 (800) 899-2577 | June 15, 2006 (or at place and time otherwise agreed by counsel) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]*     Attorney for Plaintiff Kentucky Speedway, LLC | May 30, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin A. Nelson, Susman Godfrey L.L.P., 1201 Third Avenue, Suite 3800, Seattle, WA 98101-3000  (206) 516-3880

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

676444v1/008870

¹ If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|--|------|-------|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                        SIGNATURE OF SERVER

                                          _____
                                          ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3.    "Person" means any natural person or any business, legal or governmental entity or association.

4.    The term "RELATED TO" or "RELATED THERETO" or "RELATING TO" or "RELATING THERETO" or "REFLECTING" when used with respect to a given subject matter or the content of DOCUMENTS means any DOCUMENT or thing that sets forth, describes, reflects, constitutes, concerns, contains, embodies, identifies, states, refers to, or is in any other way relevant to a given subject or transaction.

5.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside if its scope.

6.    The term "NASCAR" shall mean the National Association for Stock Car Auto Racing, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

7.  The term "ISC" or "INTERNATIONAL SPEEDWAY" shall mean International Speedway Corp. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on its behalf.

8.  The terms "YOU" and "YOUR" shall mean Dover Motorsports, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

9.  The term "NEXTEL CUP" shall mean the NASCAR Nextel Cup Series and the NASCAR Winston Cup Series.

10.  The term "KENTUCKY SPEEDWAY" means Kentucky Speedway, LLC and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on their behalf.

11.  The term "person" means natural persons, corporations, firms, partnerships, unincorporated associations, trusts or other legal, business or governmental entities.

12.  "Relating to"; "respecting"; "in respect of"; "relative to"; "relate to"; "related to"; "regarding"; "reflecting"; "evidencing"; "concerning"; "discussing"; "recording"; "analyzing"; "describing"; "summarizing"; "referring to"; or "commenting on the subject matter referred to in each request" have as broad a scope as the discovery permitted under the mutual agreement of the parties or under Federal Rule of Civil Procedure 26(b), whichever is broader.

13.  "Racetrack" means any venue that has hosted or seeks to host any NASCAR-sanctioned event, including Nextel Cup, Busch, and Craftsman Truck Series races, and includes any officer,

director, official, employee, agent, attorney, expert, trustee, consultant or representative of the racetrack, and any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on the racetrack's behalf. The term includes those venues that have not yet been built so long as the venue would seek to host a NASCAR-sanctioned event if constructed.

14.    "Owned by" means those racetracks where you hold a controlling ownership interest.

15.    "Ownership interest" means owning all or part of a corporation, joint venture, partnership, or other business, person, or entity, either directly or indirectly.

## INSTRUCTIONS

1.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each party shall produce the requested documents as they are kept in the usual course of business. Documents should be marked to indicate the identity of the individual party producing such documents.

2.    If any document responsive to any of these requests is withheld by asserting any privilege or immunity from production, submit a schedule at the time of production setting forth for each document withheld, the following information:

     a.    The type of document (e.g., letter, memorandum, etc.);

     b.    The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

     c.    The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

     d.    If the documents reflect or refer to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; the subject matter of the information contained in the document;

676551v1/008870                              3

e.      The nature of the privilege or immunity asserted; and

f.      A brief explanation of why the document is believed to be privileged or immune from production.

3.      Produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

4.      All documents should be produced in their entirety, including all attachments and enclosures, along with their original folders, binders, or other covers or containers.

5.      If, for any reason, any of the documents or tangible things to be produced by any plaintiff pursuant to this request have been destroyed, lost or otherwise disposed of, state for each category the following information:

a.      The date the document or tangible thing was lost, destroyed or disposed of;

b.      All witnesses who have knowledge of the loss, destruction or disposal of the object or tangible thing; and

c.      The details concerning the loss of such documents, including the reason for the destruction or disposal and the person authorizing it.

## TIME PERIOD

Unless otherwise stated in a Request, produce all responsive documents created on or after January 1, 1992.

## DOCUMENTS TO BE PRODUCED

1.      The following documents from *Francis Ferko v. National Association for Stock Car Racing, Inc. et al.*, Case No. 4:02CV50 (Eastern District of Texas):

a.      All documents produced by you or to you in accordance with discovery conducted

676551v1/008870                                          4

     b.    All depositions of you or any of your officers, directors, or employees.

2.      All documents showing any ownership interest, whether direct or indirect, held by any officer, director, or employee of ISC or NASCAR, in you.

3.      All documents showing any ownership interest, whether direct or indirect, held by any officer, director, or employee of ISC or NASCAR, in any corporation, joint venture, partnership, or other business in which you, your officers, directors, or employees have an ownership interest, excluding any corporation that is publicly traded on the New York Stock Exchange, NASDAQ, or the American Stock Exchange.

4.      All documents showing any ownership interest of you, your officers, directors, or employees in ISC or NASCAR.

5.      All documents related to the market share or market position of NASCAR.

6.      All documents related to the market share or market position of ISC.

7.      All documents related to the number of tracks owned by ISC.

8.      All documents related to any anticompetitive behavior or activity by ISC or NASCAR.

9.      All documents related to the economic impact of a racetrack in a particular geographic area.

10.      Documents sufficient to show the amount of revenue your racetrack(s) have received or could receive from hosting a Nextel Cup race.

11.    All documents reflecting any business relationship or financial arrangement between you and any racetrack not owned by you.

12.    All documents relating to communications between you and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative of any racetrack not owned by you.

13.    All documents relating to any change in NASCAR's realignment policy or procedures, whether formal or informal, including but not limited to realigning Nextel Cup races from one venue to another provided both racetracks are owned or affiliated with the same entity and not realigning any Nextel Cup race from an existing racetrack to another owner.

14.    All documents relating to NASCAR's decision to limit the number of allowable race teams operated by a single owner, or race entries owned by a single owner.

15.    All documents relating to the number of Nextel Cup races that NASCAR sanctions in a season, how NASCAR allocates Nextel Cup races among racetracks, or when in the season a particular racetrack will host a Nextel Cup event.

16.    All documents relating to consideration of Kentucky Speedway for a Nextel Cup race.

17.    All documents relating to Kentucky Speedway.

18.    Documents sufficient to show your document retention or destruction policy.

19.    All documents relating to your view, assessments, and opinions about the qualities, characteristics, advantages, and disadvantages of each or any racetrack that currently hosts, has hosted, seeks to host, or is capable of hosting a Nextel Cup Race.

676551v1/008870                         6

20.    All documents relating to any attempt of any racetrack owner(s), including you, to acquire or purchase in whole or in part, or merge with, another racetrack or its owner(s), whether successful or unsuccessful.

21.    All documents relating to any racetrack's, or its owner's, reaction to NASCAR's decision to negotiate a television broadcast agreement on behalf of all racetracks.

22.    All documents relating to any changes to the terms of any NASCAR sanctioning agreement.

23.    All documents related to the amount or percentage of revenue allocated to racetracks, drivers, and NASCAR by the Nextel Cup sanction agreements, including but not limited to any potential changes to the amount or percentage.

24.    All documents relating to NASCAR's and/or ISC's decision to award or not award a Nextel Cup race to any racetrack owned by you that has hosted or sought to host a Nextel Cup race.

25.    All documents relating to NASCAR's and/or ISC's decision to award or not award a Nextel Cup race to any racetrack not owned by you that has hosted or sought to host a Nextel Cup race.

26.    Documents sufficient to show the following for each racetrack owned by you, or in which you have an equity interest or affiliation, awarded a Nextel Cup race since 1990:

    a.    The sanctioning of each Nextel Cup race, including but not limited to all Nextel Cup sanctioning agreements;

676551v1/008870                                        7

b.  The seating capacity for the racetrack, broken down by general
admission/grandstand, luxury suites, club seats;

c.  Parking capacity, and recreational vehicles and trailer spaces for the racetrack;

d.  The geographic location, age, construction and renovation history;

e.  Configuration and track length of the racetrack;

f.  The ticket sales for the Nextel Cup event;

g.  The advertising revenue for the Nextel Cup event;

h.  The facility amenities for the Nextel Cup event, including but not limited to
concession sales, program and merchandise sales, fees for hospitality tents, and fees for souvenir
trailers;

i.  The racetrack safety records;

j.  Complaints or suggestions about the racetrack by drivers, owners, crew, and
spectators;

k.  Comments about the track by NASCAR;

l.  Comments about the track by any other racetrack;

m.  The television ratings for the Nextel Cup event;

n.  The broadcast fees for the Nextel Cup event;

o.  The race sponsorship for the Nextel Cup event;

676551v1/008870

8

p.      Consumer preference for the Nextel Cup event;

q.      The purse and prize money for the Nextel Cup event;

r.      The portion of total revenue for the Nextel Cup event distributed to the racetrack;

s.      The operating expenses for the event, including but not limited to fixed and variable costs, expenses related to the organization and operation of NASCAR, driver/team compensation, and racetrack compensation and administrative expenses;

t.      The contract terms, conditions, and provisions for participation;

u.      The ticket pricing for the Nextel Cup event;

v.      Track ownership, including purchase and sale information.

w.      Any reason why the racetrack has hosted a Nextel Cup race; and

x.      The decision whether to allow the racetrack to host one or more Nextel Cup races.

27.     All documents relating to the decision of when and how you or any of your racetracks received the right to host a Nextel Cup event.

28.     All documents relating to communications between you and NASCAR regarding racetracks in which you do not, or did not at the time of the communication, own an equity interest.

29.     All documents relating to communications between you and ISC.

30.     All documents relating to a consideration or decision by NASCAR to award, sanction, add, withdraw, schedule, transfer, or deny one or more Nextel Cup races to any racetrack or racetrack owner(s), including you.

31.     All documents related to Richard Farmer, Richard Duchossois, Jerry Carroll, Mark Simendinger, John Lindahl, Bruce Lunsford, or Chris Sullivan.

32.     All documents related to www.thetracksuit.info

33.     All documents related to *Kentucky Speedway v. National Association for Stock Car Racing, Inc.*, Case No. 2-05-CV-138 (currently pending in the Eastern District of Kentucky), excepting any communications that are subject to the attorney-client privilege.

34.     All documents related to, including all documents related to any communications by, with, or about, UNITE HERE or the International Brotherhood of Teamsters, from January 1, 2004.

2440

**BRANDYWINE PROCESS SERVERS, LTD**
P.O. BOX 1360
WILMINGTON, DE 19899-1360
(302) 475-2600

CITIZENS BANK
DELAWARE
62-114-311

06/08/2006

PAY TO THE
ORDER OF     DOVER MOTORSPORTS, INC.                                    $ ******82.27

Eighty-Two and 27/100********************************************************

DOLLARS

DOVER MOTORSPORTS, INC.

MEMO CLSS

MP

⑆000 2440⑆ ⑈0 3 1 1 0 1 1 4 3⑈ 8 2 0 0 1 8 2 7 8 7⑈

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE  NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-KAJ |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

# EXHIBIT 4

Exhibit 4 To The Brief Of Non-Party Dover Motorsports, Inc.
In Opposition To Transfer Of Plaintiff's  Motion To
Compel Against Third Party Dover Motorsports Inc.

**Placey, Richard**

---

| | |
|---|---|
| **From:** | Justin A. Nelson [jnelson@SusmanGodfrey.com] |
| **Sent:** | Friday, July 07, 2006 7:25 PM |
| **To:** | Placey, Richard |
| **Subject:** | Revised Subpoena |

**Follow Up Flag:**     Follow up
**Flag Status:**       Flagged



33012.pdf (548 KB)

        Richard --

Please find attached a revised subpoena for your client.  We withdraw our previous
subpoena to you issued from the District of Delaware.  You have informed me that you are
authorized to accept service on behalf of your client.

Best Regards,

Justin A. Nelson
Susman Godfrey
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206-516-3867

This message is intended only for the people to whom it is addressed and is intended to be
a confidential attorney-client communication.  If this message is not addressed to you,
please delete it and notify me. .

✎AO88  (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ DELAWARE

Kentucky Speedway, LLC

V.

National Association for Stock Car

Auto Racing, Inc., *et al.*

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    2-05-CV-138
(currently pending in Eastern District of Kentucky)

TO:    Dover Motorsports, Inc.
1131 North DuPont Highway
Dover, Delaware 19901

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| Brandywine Process, 2500 Delaware Ave., Wilmington, DE 19806 (800) 899-2577 | July 24, 2006 (or at place and time otherwise agreed by counsel) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiff Kentucky Speedway, LLC | DATE   July 7, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Justin A. Nelson, Susman Godfrey L.L.P., 1201 Third Avenue, Suite 3800, Seattle, WA 98101-3000   (206) 516-3880

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

676444v1/008870

[1] If action is pending in district other than district of issuance, state district under case number.
AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                SIGNATURE OF SERVER

                                                     _____
                                                     ADDRESS OF SERVER

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

## DEFINITIONS

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

3.    "Person" means any natural person or any business, legal or governmental entity or association.

4.    The term "RELATED TO" or "RELATED THERETO" or "RELATING TO" or "RELATING THERETO" or "REFLECTING" when used with respect to a given subject matter or the content of DOCUMENTS means any DOCUMENT or thing that sets forth, describes, reflects, constitutes, concerns, contains, embodies, identifies, states, refers to, or is in any other way relevant to a given subject or transaction.

5.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside if its scope.

6.    The term "NASCAR" shall mean the National Association for Stock Car Auto Racing, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

7.   The term "ISC" or "INTERNATIONAL SPEEDWAY" shall mean International Speedway Corp. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on its behalf.

8.   The terms "YOU" and "YOUR" shall mean Dover Motorsports, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

9.   The term "NEXTEL CUP" shall mean the NASCAR Nextel Cup Series and the NASCAR Winston Cup Series.

10.   The term "KENTUCKY SPEEDWAY" means Kentucky Speedway, LLC and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on their behalf.

11.   The term "person" means natural persons, corporations, firms, partnerships, unincorporated associations, trusts or other legal, business or governmental entities.

12.   "Relating to"; "respecting"; "in respect of"; "relative to"; "relate to"; "related to"; "regarding"; "reflecting"; "evidencing"; "concerning"; "discussing"; "recording"; "analyzing"; "describing"; "summarizing"; "referring to"; or "commenting on the subject matter referred to in each request" have as broad a scope as the discovery permitted under the mutual agreement of the parties or under Federal Rule of Civil Procedure 26(b), whichever is broader.

13.   "Racetrack" means any venue that has hosted or seeks to host any NASCAR-sanctioned event, including Nextel Cup, Busch, and Craftsman Truck Series races, and includes any officer,

director, official, employee, agent, attorney, expert, trustee, consultant or representative of the racetrack, and any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on the racetrack's behalf.  The term includes those venues that have not yet been built so long as the venue would seek to host a NASCAR-sanctioned event if constructed.

14.    "Owned by" means those racetracks where you hold a controlling ownership interest.

15.    "Ownership interest" means owning all or part of a corporation, joint venture, partnership, or other business, person, or entity, either directly or indirectly.

**<u>INSTRUCTIONS</u>**

1.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each party shall produce the requested documents as they are kept in the usual course of business.  Documents should be marked to indicate the identity of the individual party producing such documents.

2.    If any document responsive to any of these requests is withheld by asserting any privilege or immunity from production, submit a schedule at the time of production setting forth for each document withheld, the following information:

a.    The type of document (e.g., letter, memorandum, etc.);

b.    The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

c.    The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

d.    If the documents reflect or refer to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; the subject matter of the information contained in the document;

     e.     The nature of the privilege or immunity asserted; and

     f.     A brief explanation of why the document is believed to be privileged or immune from production.

3.     Produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

4.     All documents should be produced in their entirety, including all attachments and enclosures, along with their original folders, binders, or other covers or containers.

5.     If, for any reason, any of the documents or tangible things to be produced by any plaintiff pursuant to this request have been destroyed, lost or otherwise disposed of, state for each category the following information:

     a.     The date the document or tangible thing was lost, destroyed or disposed of;

     b.     All witnesses who have knowledge of the loss, destruction or disposal of the object or tangible thing; and

     c.     The details concerning the loss of such documents, including the reason for the destruction or disposal and the person authorizing it.

## TIME PERIOD

Unless otherwise stated in a Request, produce all responsive documents created on or after January 1, 1997.

## DOCUMENTS TO BE PRODUCED

1.     Any document, including any external or internal emails, regarding the terms of a NASCAR cup sanctioning agreement.

2.     Any internal document regarding the Nascar sanctioning agreements.

3.      Any document reflecting any discussion or communication regarding the changes to the sanctioning agreement.

4.      Any document reflecting negotiations as to any NASCAR Nextel Cup race.

5.      Any document reflecting the market power or anticompetitive behavior of NASCAR and/or ISC.

6.      Any demographic study showing the type or geographic location of fans that attend a Nascar-sanctioned race at your racetrack

7.      Any demographic study showing the type or geographic location of fans that attend an IRL, CART, or Formula 1 race at your racetrack.

8.      Any documents showing any communications between you and Nascar and/or ISC regarding Nascar Nextel Cup races regarding adding a race to the schedule, transferring a race to another racetrack, withdrawing a race, the location of the race, the fan base of the race, denying a race, or other geographic locations where a Nextel Cup race might occur.

9.      Any documents regarding Kentucky Speedway, specifically excluding communications between you and Kentucky Speedway as well as publicly-available documents such as race schedules.

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-KAJ |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

**<u>ORDER</u>**

Whereas, Plaintiff and Movant herein Kentucky Speedway, LLC ("Kentucky Speedway") filed Plaintiff's Motion to Compel Against Third Party Dover Motorsports, Inc. (Motion to Compel") (D.I. #1) on October 24, 2006;

WHEREAS, Kentucky Speedway has requested that its Motion to Compel be transferred to the Eastern District of Kentucky, which request is opposed by Third Party and Respondent herein Dover Motorsports, Inc. ("Dover Motorsports");

WHEREAS, during a telephone conference conducted by the Court on October 26, 2006 (Transcript at D.I. #6) the Court directed that the parties submit briefing limited to the question of whether or not the Motion to Compel should be transferred to the Eastern District of Kentucky for disposition; and

WHEREAS, upon consideration of that briefing and the arguments of counsel,

IT IS HEREBY ORDERED this ___ day of _____, 2006, AS FOLLOWS:

1.      Kentucky Speedway's request that its Motion to Compel be transferred to the Eastern District of Kentucky is hereby DENIED; and

2.      The parties are directed to submit to this Court for approval a proposed scheduling order for the remaining briefing and argument on Plaintiffs Motion to Compel Against Third Party Dover Motorsports, Inc. no later than ten (10) days from the date of this Order.

BY THE COURT:

_____

Judge Kent A. Jordan

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE  NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-KAJ |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of November, 2006, I caused a true and correct copy

of the Brief of Non-Party Dover Motorsports, Inc. in Opposition to Plaintiffs Motion to Compel

Against Third Party Dover Motorsports, Inc. and exhibits to be served via electronic notice to the

parties as provided by the electronic filing system and via United States First Class Mail, postage

prepaid, upon the following at the addresses listed below:

John M. Seaman
Bouchard Margules & Freidlander PA
222 Delaware Avenue, Suite 1400
Wilmington DE 19801

and

Justin A. Nelson
Susman Godfrey
1201 Third Avenue, Suite 3800
Seattle, WA 98101
*Attorneys for Plaintiff*

Kimberly S. Amrine
Frost Brown Todd LLC - Cincinnati
201 E. Fifth Street
2200 PNC Center
Cincinnati, OH 45202
*Attorneys for Defendant National Association of
Stock Car Auto Racing, Inc.*

Helen M. Maher
Boies, Schiller & Flexner LLP – New York
333 Main Street
Armonk, NY 10504
*Attorneys for Defendant National Association of
Stock Car Auto Racing, Inc.*

Robert B. Craig
Taft, Stettinius & Hollister, LLP - Covington
1717 Dixie Highway, Suite 340
Covington, KY 41011-4704
*Attorneys for Defendant
International Speedway Corporation*

Guy I. Wade, III
Jenkens & Gilchrist, P.C. – Dallas
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2799
*Attorneys for Defendant International Speedway
Corporation*

_____/s/ RGPlacey_____
Richard G. Placey

2128189v1