# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

KENTUCKY SPEEDWAY, LLC      :      CASE NO:
     :
        Plaintiff,      :      1:06-mc-00203-KAJ
     :
        v.      :
     :
NATIONAL ASSOCIATION      :
FOR STOCK CAR AUTO      :
RACING, INC., ET AL.,      :
     :
        Defendants.      :

## APPENDIX – VOLUME 1 OF 2
### TO BRIEF OF NON-PARTY DOVER MOTORSPORTS, INC.
### (1) IN SUPPORT OF DOVER'S MOTION TO STRIKE AND
### (2) IN OPPOSITION TO PLAINTIFF'S MOTION TO
### COMPEL AGAINST THIRD PARTY DOVER MOTORSPORTS INC.

| App. No. | Document |
|---|---|
| 1-32 | District Court docket as of December 12, 2006 in <u>Kentucky Speedway, LLC v. National Associations of Stock Car Auto Racing, Inc., et al.</u>; Civil Action No. 2:05-cv-00138-WOB (E.D. Ky.) |
| 33-45 | Subpoena issued by Plaintiff from the Southern District Court of Ohio, dated April 14, 2006 |
| 46-49 | Objections of Dover Motorsports, Inc. to Plaintiff's Fourth Attempt to Subpoena Dover, dated May 8, 2006. |
| 50-53 | Plaintiff's Motion for Leave to Make Nationwide Service of Third-Party Document Subpoenas (without exhibits), in the Kentucky Action, dated May 2, 2006. |
| 54-59 | Letter Opposition by Dover Motorsports, Inc. to Motion for Leave by Kentucky Speedway, LLC to Make Nationwide Service of Third-Party Document Subpoenas (without exhibits), dated May 16, 2006. |
| 60-68 | Second Delaware Subpoena along with the July 7, 2006 E-mail withdrawing the First Delaware Subpoena. |
| 69-72 | E-mails regarding Unredacted version of Plaintiff's Motion to Compel, dated October 24 and 26, 2006. |

PROTO, REFERA

**U.S. District Court**
**Eastern District of Kentucky (Covington)**
**CIVIL DOCKET FOR CASE #: 2:05-cv-00138-WOB**

Kentucky Speedway, LLC v. National Association of Stock Car Auto Racing, Inc. et al
Assigned to: William O. Bertelsman
Referred to: J. Gregory Wehrman
Cause: 28:1337 Sherman-Clayton Act

Date Filed: 07/13/2005
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**Kentucky Speedway, LLC**
*A Kentucky Limited Liability Corporation*

represented by   **Arthur R. Miller**
Harvard Law School
1545 Massachusetts Avenue
Cambridge, MA 02138
PHV
617-495-4111
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David L. Filkin**
Duchossis Industries, Inc.
845 Larch Avenue
Elmhurst, IL 60126
PHV
630-530-6126
Fax: 630-530-6051
Email: dfilkin@duch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Fay E. Stilz**
Waite, Schneider, Bayless & Chesley Co., LPA
1513 Central Trust Tower
Cincinnati, OH 45202
513-621-0267
Fax: 513-621-0262
Email: faystilz@wsbclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

App. 1

**James Rubin Cummins**
Waite, Schneider, Bayless & Chesley
Co., LPA
One W. Fourth Street
1513 Fourth & Vine Tower
Cincinnati, OH 45202
513-621-0267
Fax: 513-381-2375
Email: jcummins@wsbclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin A. Nelson**
Susman Godfrey, L.L.P.
1201 Third Avenue
Suite 3100
Seattle, WA 98101-3000
PHV
206-516-3880
Fax: 206-516-3883
Email: jnelson@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larry T. Thrailkill**
Thrailkill, Harris, Wood & Boswell
PLC
5141 Virginia Way
#240
Brentwood, TN 37027
PHV
615-376-3555
Fax: 615-376-3016
Email: lthrailkill@thwb-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul M. DeMarco**
Waite, Schneider, Bayless & Chesley
Co., LPA
One W. Fourth Street
1513 Fourth & Vine Tower
Cincinnati, OH 45202
513-621-0267
Fax: 513-621-0262

-2-

App. 2

Email: demarcoworld@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stanley M. Chesley**
Waite, Schneider, Bayless & Chesley
Co., LPA
One W. Fourth Street
1513 Fourth & Vine Tower
Cincinnati, OH 45202
513-621-0267
Fax: 513-621-0262
Email: stanchesley@wsbclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Susman**
Susman Godfrey, L.L.P.
1000 Louisiana Street
Suite 5100
Houston, TX 77002-5096
PHV
713-651-9366
Fax: 713-654-6666
Email:
ssusman@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Vineet Bhatia**
Susman Godfrey, L.L.P.
1000 Louisiana Street
Suite 5100
Houston, TX 77002-5096
PHV
713-651-7855
Fax: 713-654-3344
Email: vbhatia@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. B. Markovits**
Markovits & Greiwe Co., LPA
119 E. Court Street
Suite 500
Cincinnati, OH 45202

App. 3

PHV
513-977-4774
Fax: 513-621-7086
Email: bmarkovits@mgattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Guilfoyle**
Deters, Benzinger & LaVelle, P.S.C.
- Crestview Hills
207 Thomas More Parkway
Crestview Hills, KY 41017-2596
859-341-1881
Fax: 859-341-4879
Email: mguilfoyle@dbllaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**National Association of Stock Car**
**Auto Racing, Inc.**
*A Florida Corporation*
*also known as*
Nascar

represented by **Helen M. Maher**
Boies, Schiller & Flexner LLP - New
York
333 Main Street
Armonk, NY 10504
PHV
914-749-8200
Fax: 914-749-8300
Email: hmaher@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kimberly S. Amrine**
Frost Brown Todd LLC - Cincinnati
201 E. Fifth Street
2200 PNC Center
Cincinnati, OH 45202
513-651-6952
Fax: 513-651-6981
Email: kamrine@fbtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew C. Blickensderfer**
Frost Brown Todd LLC - Cincinnati

App. 4

201 E. Fifth Street
2200 PNC Center
Cincinnati, OH 45202
513-651-6162
Fax: 513-651-6981
Email: mblickensderfer@fbtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sheryl G. Snyder**
Frost Brown Todd LLC - Louisville
400 W. Market Street
Suite 3200
Louisville, KY 40202-3363
502-568-0247
Fax: 502-581-1087
Email: ssnyder@fbtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart H. Singer**
Boies, Schiller & Flexner, LLP - Fort
Lauderdale
401 E. Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
PHV
954-356-0011
Fax: 954-356-0022
Email: ssinger@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy B. Fitzgerald**
Boies, Schiller & Flexner LLP - New
York
333 Main Street
Armonk, NY 10504
PHV
914-749-8200
Fax: 914-749-8300
Email: tfitzgerald@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy A. Karpoff**

-5-

*App. 5*

Boise, Schiller & Flexner LLP - NY
333 Main Street
Armonk, NY 10504
US
914-749-8200
Fax: 914-749-8300
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**International Speedway**
**Corporation**
*A Florida Corporation*

represented by **Chris W. Brophy**
Jenkens & Gilchrist, P.C. - Dallas
1445 Ross Avenue
Suite 3700
Dallas, TX 75202-2799
PHV
214-855-4500
Fax: 214-855-4300
Email: cbrophy@jenkens.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**G. Jack Donson, Jr.**
Taft, Stettinius & Hollister, LLP -
Cincinnati OH
425 Walnut Street
Suite 1800 Firstar Tower
Cincinnati, OH 45202
PHV
513-381-2838
Fax: 513-381-0205
Email: donson@taftlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Guy I. Wade, III**
Jenkens & Gilchrist, P.C. - Dallas
1445 Ross Avenue
Suite 3700
Dallas, TX 75202-2799
PHV
214-855-4500
Fax: 214-965-7336
Email: gwade@jenkens.com
*LEAD ATTORNEY*

App. 6

*ATTORNEY TO BE NOTICED*

**Melissa J. Swindle**
Jenkens & Gilchrist, P.C. - Dallas
1445 Ross Avenue
Suite 3700
Dallas, TX 75202-2799
PHV
214-855-4500
Fax: 214-855-4300
Email: mswindle@jenkens.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**R. Heath Cheek**
Jenkens & Gilchrist, P.C. - Dallas
1445 Ross Avenue
Suite 3700
Dallas, TX 75202-2799
214-855-4500
Fax: 214-855-4300
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert B. Craig**
Taft, Stettinius & Hollister, LLP -
Covington
1717 Dixie Highway
Suite 340
Covington, KY 41011-4704
859-331-2838
Fax: 513-381-6613
Email: craigr@taftlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rodney Acker**
Jenkens & Gilchrist, P.C. - Dallas
1445 Ross Avenue
Suite 3700
Dallas, TX 75202-2799
PHV
214-855-4500
Fax: 214-969-7136
Email: racker@jenkens.com
*LEAD ATTORNEY*

App. 7

*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Speedway Motorsports, Inc.**        represented by **Richard Boydston**
Greenebaum, Doll & McDonald
PLLC - Cincinnati
255 E. Fifth Street
2800 Chemed Center
Cincinnati, OH 45202-4278
513-455-7663
Fax: 513-762-7963
Email: rb2@gdm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*


**Respondent**

**Dover Motorsports, Inc.**        represented by **Richard M. Donaldson**
*TERMINATED: 06/05/2006*        Montogomery, McCracken, Walker
& Rhoads, LLP
300 Delaware Avenue
Suite 750
Wilmington, DE 19801
US
302-504-7880
Fax: 302-504-7820
*TERMINATED: 06/05/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard G. Placey**
Montogomery, McCracken, Walker
& Rhoads, LLP
300 Delaware Avenue
Suite 750
Wilmington, DE 19801
US
302-504-7880
Fax: 302-504-7820
*TERMINATED: 06/05/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

App. 8

| Date Filed | # | Docket Text |
|---|---|---|
| 07/13/2005 | 1 | COMPLAINT 4 summons(es)issued with copy ( Filing fee $250; receipt number 118927), filed by Kentucky Speedway, LLC. (Attachments: # 1 Civil Cover Sheet, Case Assignment, Receipt # 2 Summons)(JMM) (Entered: 07/13/2005) |
| 07/14/2005 | 2 | SUMMONS Returned Executed by Kentucky Speedway, LLC via Federal Express executed by C. Gundlach to National Association of Stock Car Auto Racing, Inc. served on 7/14/2005, answer due 8/3/2005. (JMM) (Entered: 07/14/2005) |
| 07/14/2005 | 3 | SUMMONS Returned Executed by Kentucky Speedway, LLC via Federal Express to W. Garrett Crotty, Agent for NASCAR served upon C. Gundlach on 7/14,2005; answer due 8/3/2005 (JMM) (Entered: 07/14/2005) |
| 07/14/2005 | 4 | SUMMONS Returned Executed by Kentucky Speedway, LLC via Federal Express to C. Gundlach for International Speedway Corporation served on 7/14/2005, answer due 8/3/2005. (JMM) (Entered: 07/14/2005) |
| 07/14/2005 | 5 | SUMMONS Returned Executed by Kentucky Speedway, LLC via Federal Express to Glenn R. Padgett, Agent for International Speedway Corporation; served upon C. Gundlach on 7/14/2005; answer due 8/3/2005. (JMM) (Entered: 07/14/2005) |
| 07/18/2005 | 6 | NOTICE TO ATTORNEY Vineet Bhatia, Justin A. Nelson and Stephen D. Susman by Clerk re: L.R. 83- Attorney Admission procedure w/ a copy of L.R. 83 and Attorney Admission Application (JMM) (Entered: 07/18/2005) |
| 08/02/2005 | 7 | Notice of Appearance *of Mark D. Guilfoyle* by Kentucky Speedway, LLC.(Guilfoyle, Mark) (Entered: 08/02/2005) |
| 08/02/2005 | 8 | MOTION for Stephen D. Susman and Vineet Bhatia to Appear Pro Hac Vice by Kentucky Speedway, LLC (Attachments: # 1 Affidavit of Vineet Bhatia # 2 Affidavit of Stephen D. Susman # 3 Proposed Order)(JMM) (Entered: 08/02/2005) |
| 08/02/2005 | 9 | PRO HAC VICE Filing fee received - Stephen D. Susman and Vineet Bhatia - $130.00, receipt number 118982 (JMM) (Entered: 08/02/2005) |
| 08/02/2005 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 8 MOTION for Stephen D. Susman and Vineet Bhatia to Appear Pro Hac Vice by Kentucky Speedway, LLC (JMM) (Entered: 08/02/2005) |

App. 9

| 08/03/2005 | 10 | MOTION for Matthew C. Blickensderfer to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. (Attachments: # 1 Affidavit of Matthew C. Blickensderfer# 2 Proposed Order)(Halenkamp, Erin) (Entered: 08/03/2005) |
|---|---|---|
| 08/03/2005 | 11 | MOTION for Kimberly S. Amrine to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. (Attachments: # 1 Affidavit of Kimberly S. Amrine# 2 Proposed Order)(Halenkamp, Erin) (Entered: 08/03/2005) |
| 08/03/2005 | 12 | PRO HAC VICE Filing fee received - Mathew C. Blickensderfer and Kimberly S. Amrine - $ 130.00, receipt number 118986 (JMM) (Entered: 08/03/2005) |
| 08/03/2005 |  | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 10 MOTION for Matthew C. Blickensderfer to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc., 11 MOTION for Kimberly S. Amrine to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. (JMM) (Entered: 08/03/2005) |
| 08/03/2005 |  | NOTICE OF DEFICIENCY TO Erin Halenkamp re 10 MOTION for Matthew C. Blickensderfer to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc., 11 MOTION for Kimberly S. Amrine to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc.; Signature on document and filer do not match; the name of the Filing User under whose login and password the document is submitted must be typed in the space where the signature would otherwise appear; No further action required by counsel cc: COR (JMM) (Entered: 08/03/2005) |
| 08/03/2005 | 13 | AGREED ORDER: By agreement of the parties, Defendants National Association for Stock Car Auto Racing, Inc. and International Speedway Corporation shall file their Answer by 9/12/2005. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/03/2005) |
| 08/04/2005 | 14 | ORDER granting 8 Motion to Appear Pro Hac Vice for attorneys Stephen D. Susman and Vineet Bhatia. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/04/2005) |
| 08/05/2005 | 15 | ORDER granting 10 Motion to Appear Pro Hac Vice for Attorney Matthew C. Blickensderfer and granting 11 Motion to Appear Pro Hac Vice for attorney Kimberly S. Amrine. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/05/2005) |
| 08/11/2005 | 16 | MOTION for Guy I. Wade, III and Melissa J. Swindle and Rodney Acker and Chris W. Brophy and G. Jack Donson, Jr. to Appear Pro Hac Vice by International Speedway Corporation (Attachments: # 1 |

App. 10

| | | |
|---|---|---|
| | | Affidavit of Guy I. Wade, III# 2 Affidavit of Melissa J. Swindle# 3 Affidavit of Rodney Acker# 4 Affidavit of Chris W. Brophy# 5 Affidavit of G. Jack Donson, Jr.# 6 Proposed Order)(LSG) (Entered: 08/11/2005) |
| 08/11/2005 | 17 | PRO HAC VICE Filing fee received - Guy I. Wade, III and Melissa J. Swindle and Rodney Acker and Chris W. Brophy and G. Jack Donson - $ 260.00, receipt number 120008 and $65.00, receipt number 120009 (LSG) (Entered: 08/11/2005) |
| 08/17/2005 | 18 | MOTION for Justin A. Nelson to Appear Pro Hac Vice by Kentucky Speedway, LLC (Attachments: # 1 Affidavit of Justin Nelson # 2 Proposed Order)(JMM) (Entered: 08/17/2005) |
| 08/17/2005 | 19 | PRO HAC VICE Filing fee received - Justin A. Nelson - $ 65.00, receipt number 120016 (JMM) (Entered: 08/17/2005) |
| 08/17/2005 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 18 MOTION for Justin A. Nelson to Appear Pro Hac Vice by Kentucky Speedway, LLC (JMM) (Entered: 08/17/2005) |
| 08/18/2005 | 20 | ORDER granting 16 Motion to Appear Pro Hac Vice for attorneys Guy I. Wade, III, Melissa J. Swindle, Rodney Acker and Chris W. Brophy. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/18/2005) |
| 08/18/2005 | 21 | ORDER granting 18 Motion to Appear Pro Hac Vice for attoraney Justin A. Nelson. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/18/2005) |
| 08/18/2005 | 22 | MOTION for Stuart H. Singer to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. (Attachments: # 1 Affidavit of Stuart Singer# 2 Proposed Order)(Snyder, Sheryl) (Entered: 08/18/2005) |
| 08/18/2005 | 23 | MOTION for Helen M. Maher to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. (Attachments: # 1 Affidavit of Helen Maher# 2 Proposed Order)(Snyder, Sheryl) (Entered: 08/18/2005) |
| 08/19/2005 | | NOTICE OF DOCKET MODIFICATION TO Sheryl Snyder re 22 MOTION for Stuart H. Singer to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc., 23 MOTION for Helen M. Maher to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc.; Error: the main document was scanned instead of converted into PDF format directly from the native word application; Error made by attorney; Correction: All pleadings created with a word application shall be converted to PDF format using PDF conversion |

App. 11

| | | software rather than being scanned; No further action required by counsel cc: COR (JMM) (Entered: 08/19/2005) |
|---|---|---|
| 08/22/2005 | 24 | PRO HAC VICE Filing fee received - Stuart Singer and Helen Maher - $ 130.00, receipt number 120028 (JMM) (Entered: 08/22/2005) |
| 08/22/2005 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 22 MOTION for Stuart H. Singer to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc., 23 MOTION for Helen M. Maher to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. (JMM) (Entered: 08/22/2005) |
| 08/24/2005 | 25 | MOTION for W.B. Markovits to Appear Pro Hac Vice by Kentucky Speedway, LLC (Attachments: # 1 Affidavit of W.B. Markovits# 2 Proposed Order)(LSG) (Entered: 08/24/2005) |
| 08/24/2005 | 26 | PRO HAC VICE Filing fee received - W.B. Markovits - $ 65.00, receipt number 120032 (LSG) (Entered: 08/24/2005) |
| 08/24/2005 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 25 MOTION for W.B. Markovits to Appear Pro Hac Vice by Kentucky Speedway, LLC (LSG) (Entered: 08/24/2005) |
| 08/25/2005 | 27 | ORDER granting 22 Motion to Appear Pro Hac Vice for Attorney Stuart H. Singer. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/25/2005) |
| 08/25/2005 | 28 | ORDER granting 23 Motion to Appear Pro Hac Vice for Helen M. Maher. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/25/2005) |
| 08/25/2005 | 29 | ORDER granting 25 Motion to Appear Pro Hac Vice for W. B. Markovits. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 08/25/2005) |
| 09/12/2005 | 30 | MOTION to Change Venue by National Association of Stock Car Auto Racing, Inc. (Attachments: # 1 Proposed Order)(Snyder, Sheryl) (Entered: 09/12/2005) |
| 09/12/2005 | 31 | MEMORANDUM IN SUPPORT of 30 *Motion to Change Venue* filed by National Association of Stock Car Auto Racing, Inc.. (Attachments: # 1 Exhibit A - Tumbleweed, Inc. v. American Federal, Inc.# 2 Exhibit B - U.S. District Courts - Median Time Intervals)(Snyder, Sheryl) (Entered: 09/12/2005) |
| 09/12/2005 | 32 | AFFIDAVIT re 30 MOTION to Change Venue by National Association of Stock Car Auto Racing, Inc., 31 MEMORANDUM IN SUPPORT, *of George Pyne* by National Association of Stock Car Auto Racing, Inc.. (Snyder, Sheryl) (Entered: 09/12/2005) |

App. 12

| 09/12/2005 | 33 | MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc. (Attachments: # 1 Proposed Order)(Snyder, Sheryl) (Entered: 09/12/2005) |
|---|---|---|
| 09/12/2005 | 34 | MEMORANDUM in Support of Motion re 33 MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc. filed by National Association of Stock Car Auto Racing, Inc.. (Attachments: # 1 Exhibit A - Areeda and Hovenkamp Section 335# 2 Exhibit B - Areeda and Hovenkamp Section 337# 3 Exhibit C - Areeda and Hovenkamp Section 349)(Snyder, Sheryl) (Entered: 09/12/2005) |
| 09/12/2005 | 35 | MOTION for Hearing by National Association of Stock Car Auto Racing, Inc. *on Its Motion to Dismiss and Motion to Transfer Venue* (Attachments: # 1 Proposed Order)(Snyder, Sheryl) (Entered: 09/12/2005) |
| 09/12/2005 | 36 | Corporate Disclosure Statement by International Speedway Corporation (Wade, Guy) Modified text to reflect Corporate Disclosure Statement on 9/14/2005 (Greiwe, Linda). (Entered: 09/12/2005) |
| 09/12/2005 | 37 | MOTION to Dismiss by International Speedway Corporation *Complaint* (Attachments: # 1 Memorandum in Support of Motion to Dismiss Complaint# 2 Declaration of John R. Saunders in Support of ISC's Motion to Dismiss# 3 Proposed Order Proposed Order No. 1 Rule 12(b)(2)# 4 Proposed Order Proposed Order No. 2 12(b)(3)# 5 Proposed Order Proposed Order No. 3 12(b)(6))(Wade, Guy) (Entered: 09/12/2005) |
| 09/12/2005 | 38 | CORPORATE DISCLOSURE STATEMENT by National Association of Stock Car Auto Racing, Inc. (Snyder, Sheryl) Modified text to reflect Corporate Disclosure Statement on 9/14/2005 (Greiwe, Linda). (Entered: 09/12/2005) |
| 09/13/2005 | 39 | Corrected Corporate Disclosure Statement by National Association of Stock Car Auto Racing, Inc. re 38 Corrected Corporate Disclosure Statement (Snyder, Sheryl) Modified text to reflect Corrected Corporate Disclosure Statement on 9/14/2005 (Greiwe, Linda). (Entered: 09/13/2005) |
| 09/14/2005 | | NOTICE OF DOCKET MODIFICATION TO Sheryl Snyder re 38 Notice, 39 Notice; Error: Per our telephone conversation, the Attorney incorrectly filed the Corporate Disclosures as "Notice" and the Corrected Corporate Disclosure using the event "Other Notice."; Error made by Attorney; Correction: Clerk has modified the docket text to state Corporate Disclosures and Corrected Corporate Disclosures. In the future, the attorney is advised to contact the ECF help desk if assistance is needed in choosing the correct event for filing. No further action required by counsel. cc: COR (LSG) (Entered: 09/14/2005) |

App. 13

| 09/14/2005 | | cc: COR NOTICE OF DOCKET MODIFICATION TO Sheryl Snyder; re 36 Notice Error:The Attorney incorrectly filed the Corporate Disclosures as "Notice"; Error made by Attorney; Correction: Clerk has modified the docket text to state Corporate Disclosures. In the future, the attorney is advised to contact the ECF help desk if assistance is needed in choosing the correct event for filing. No further action required by counsel.(LSG) (Entered: 09/14/2005) |
|---|---|---|
| 09/30/2005 | 40 | RESPONSE in Opposition re 30 MOTION to Change Venue by National Association of Stock Car Auto Racing, Inc. filed by Kentucky Speedway, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Chesley, Stanley) Modified on 9/30/2005 (To described attachments)(Maxie, Joyce). (Entered: 09/30/2005) |
| 09/30/2005 | 41 | RESPONSE to Motion re 33 MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc. filed by Kentucky Speedway, LLC. (Attachments: # 1 Exhibit 1)(Chesley, Stanley) Modified on 9/30/2005 (to described attachments)(Maxie, Joyce). (Entered: 09/30/2005) |
| 09/30/2005 | 42 | RESPONSE in Opposition re 37 MOTION to Dismiss by International Speedway Corporation filed by Kentucky Speedway, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Chesley, Stanley) Modified on 10/3/2005 (to describe the attachments)(Maxie, Joyce). (Entered: 09/30/2005) |
| 09/30/2005 | 43 | AFFIDAVIT of Mark F. Cassis re 40 Response in Opposition to Motion, by Kentucky Speedway, LLC. (JMM) (Entered: 09/30/2005) |
| 09/30/2005 | 44 | DECLARATION of Timothy Lee Bray re 40 Response in Opposition to Motion by Kentucky Speedway, LLC. (JMM) (Entered: 09/30/2005) |
| 09/30/2005 | 45 | Declaration of Justin A. Nelson re 40 Response in Opposition to Motion, by Kentucky Speedway, LLC. (Attachments: # (1) Declaration of Justin A. Nelson Pgs 17-40)(JMM) Additional attachment(s) added on 10/3/2005 (Maxie, Joyce). Modified on 10/3/2005 (To rotate pages in Main Document)(Maxie, Joyce). Additional attachment(s) added on 10/4/2005 (Maxie, Joyce). Modified on 10/4/2005 (to rotate pages in Attachment 1)(Maxie, Joyce). (Entered: 09/30/2005) |
| 09/30/2005 | | NOTICE OF DOCKET MODIFICATION TO Stanley Chesley re 40 Response in Opposition to Motion; Error: attachments were insufficiently described as "Exhibit 1", "Exhibit 2".; Error made by Attorney; Correction: The Clerk has renamed the attachments. It is necessary that all attachments are adequately described. ex: Exhibit 1 (incorrect); Exhibit 1 (Case Law - Detherage Enterprises Inc. v. Sandlick Coal Company); Exhibit 2 (incorrect); Exhibits 2 (Affidavit of Mark F. Cassis) (correct) No further action required by attorney cc: |

-14-

*App. 14*

| | | |
|---|---|---|
| | | COR (JMM) (Entered: 09/30/2005) |
| 10/03/2005 | | NOTICE OF DOCKET MODIFICATION TO Stanley Chesley re 42 Response in Opposition to Motion; Error: attachments were insufficiently described as Exhibit 1 and Exhibit 2; Error made by Attorney; Correction: The Clerk has renamed the attachments. It is necessary that all attachments are adequately described. ex; Exhibit 1 (incorrect); Exhibits 1 - Declaration of Timothy Lee Bray (correct); No further action required by attorney cc: COR (JMM) (Entered: 10/03/2005) |
| 10/04/2005 | 46 | NOTICE OF CLERICAL ERROR Re: PDF DOCUMENT: Error: INCOMPLETE document attached to docket entry by docket clerk; Page 5 of the Main doucment and Pages 1 and 2 of the attachment were upside down; re 45 Affidavit; Correct document attached to this entry. cc: COR (Attachments: # 1 Affidavit of Nelson)(JMM) (Entered: 10/05/2005) |
| 10/12/2005 | 47 | NOTICE by Kentucky Speedway, LLC re 41 Response to Motion,, 42 Response in Opposition to Motion, *OF SUPPLEMENTAL AUTHORITY* (Attachments: # 1 Exhibit Twombly v. Bell Atlantic Corp., et.al. No. 03-9213, 2005 WL 2420523, --F3rd.-- (2d Cir. Oct. 3, 2005))(Chesley, Stanley) (Entered: 10/12/2005) |
| 10/14/2005 | 48 | REPLY to Response to Motion re 33 MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc. filed by National Association of Stock Car Auto Racing, Inc.. (Attachments: # 1 Exhibit 1 - Areeda and Hovenkamp, Antitrust Law, Section 337d# 2 Exhibit 2 - Areeda and Hovenkamp, Antitrust Law, Section 335# 3 Exhibit 3 - Areeda, "Essential Facilities: An Epithet in Need of Limiting Principles," 58 Antitrust L.J. 841 (1989)# 4 Exhibit 4 - Areeda and Hovenkamp, Antitrust Law, Section 1613b# 5 Exhibit 5 - Areeda and Hovenkamp, Antitrust Law, Section 348e)(Snyder, Sheryl) (Entered: 10/14/2005) |
| 10/14/2005 | 49 | REPLY to Response to Motion re 30 MOTION to Change Venue by National Association of Stock Car Auto Racing, Inc. filed by National Association of Stock Car Auto Racing, Inc.. (Snyder, Sheryl) (Entered: 10/14/2005) |
| 10/14/2005 | 50 | REPLY to Response to Motion re 37 MOTION to Dismiss by International Speedway Corporation filed by International Speedway Corporation. (Attachments: # 1 Exhibit 1 - Declaration of Bryan R. Sperber# 2 Exhibit 2 - Declaration of C. David Hyatt# 3 Exhibit 3-1 Daniel v. American Board of Emergency Medicine (Part 1, Pages 1-25)# 4 Exhibit 3-2 Daniel v. American Board of Emergency Medicine (Part 2, Pages 26-40))(Wade, Guy) (Entered: 10/14/2005) |

App. 15

| 10/17/2005 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 33 MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc., 35 MOTION for Hearing by National Association of Stock Car Auto Racing, Inc., 30 MOTION to Change Venue by National Association of Stock Car Auto Racing, Inc., 37 MOTION to Dismiss by International Speedway Corporation (JMM) (Entered: 10/17/2005) |
|---|---|---|
| 11/08/2005 | 51 | ORDER: Granting 35 MOTION for Hearing by National Association of Stock Car Auto Racing, Inc.; Oral Argument Hearing is set for 11/30/2005 01:30 PM in Covington before Judge William O. Bertelsman on Motion for Change of Venue. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 11/08/2005) |
| 11/09/2005 | 52 | NOTICE by National Association of Stock Car Auto Racing, Inc., International Speedway Corporation *of Supplemental Authority* (Attachments: # 1 Exhibit A - Care Heating & Cooling, Inc. v. American Standard, Inc.)(Snyder, Sheryl) (Entered: 11/09/2005) |
| 11/14/2005 | 53 | NOTICE by Kentucky Speedway, LLC *OF SUPPLEMENTAL AUTHORITY ON DEFENDANTS' MOTION TO DISMISS* (Attachments: # 1 Exhibit "A-1"# 2 Exhibit "A-2"# 3 Exhibit "B")(Chesley, Stanley) Modified on 11/15/2005 (to describe attachments)(Maxie, Joyce). (Entered: 11/14/2005) |
| 11/15/2005 | | NOTICE OF DOCKET MODIFICATION TO Stanley Chesley re 53 Notice; Error: attachments were insufficiently described as "Exhibit A-1, etc.; the main document was scanned instead of converted into PDF format directly from the native word application; Error made by attorney; Correction: the Clerk has renamed the attachments. It is necessary that all attachments are adequately described. ex: Exhibit A-1 (incorrect); Exhibits A-1 - Sixth Circuit Opinion (correct); All pleadings created wtih a word application shall be converted to PDF format using PDF conversion software rather than being scanned; No further action required by counsel cc: COR (JMM) (Entered: 11/15/2005) |
| 11/29/2005 | 54 | MOTION for Arthur R. Miller to Appear Pro Hac Vice by Kentucky Speedway, LLC (Attachments: # 1 Affidavit of Professor Arthur R. Miller # 2 Proposed Order)(JMM) (Entered: 11/29/2005) |
| 11/29/2005 | 55 | PRO HAC VICE Filing fee received - Arthur R. Miller - $ 65.00, receipt number 120660 (JMM) (Entered: 11/29/2005) |
| 11/29/2005 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 54 MOTION for Arthur R. Miller to Appear Pro Hac Vice by Kentucky Speedway, LLC (JMM) (Entered: 11/29/2005) |

App. 16

| 11/30/2005 | 56 | ORDER granting 54 Motion to Appear Pro Hac Vice for Professor Arthur R. Miller. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 11/30/2005) |
|---|---|---|
| 11/30/2005 | | PROPOSED First Amended Complaint and Jury Demand. (JMM) (Entered: 11/30/2005) |
| 12/01/2005 | 57 | MOTION for Paul M. DeMarco to Appear Pro Hac Vice by Kentucky Speedway, LLC (Attachments: # 1 Affidavit of Paul M. DeMarco (2) Proposed Order)(JMM) (Entered: 12/01/2005) |
| 12/01/2005 | 58 | PRO HAC VICE Filing fee received - Paul M. De Marco - $ 65.00, receipt number 120667 (JMM) (Entered: 12/01/2005) |
| 12/01/2005 | | ***FILE SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 57 MOTION for Paul M. DeMarco to Appear Pro Hac Vice by Kentucky Speedway, LLC (JMM) (Entered: 12/01/2005) |
| 12/01/2005 | 59 | RESPONSE in Opposition re 30 MOTION to Change Venue by National Association of Stock Car Auto Racing, Inc.*Supplemental Memorandum* filed by Kentucky Speedway, LLC. (Attachments: # 1 Exhibit #1, First Amended Complaint# 2 Exhibit #2, Imation Corp. v. Quantum Corp.# 3 Exhibit #3, General Environmental Science Corp v. Horsfall# (4) Exhibit #4,(FILED UNDER SEAL) Busch Sanction Agreement)(Chesley, Stanley) Modified on 12/7/2005 (to file under seal Exhibit 4 pursuant to the Court's Agreed Order of 12/7/05)(Maxie, Joyce). (Entered: 12/01/2005) |
| 12/02/2005 | 60 | ORDER granting 57 Motion to Appear Pro Hac Vice as to Paul M. De Marco. Signed by Judge William O. Bertelsman. (LSG)cc: COR (Entered: 12/02/2005) |
| 12/02/2005 | 61 | Proposed Agreed Order/Stipulation *WITHDRAWING EXHIBIT 4 AND FILING EXHIBIT 4 UNDER SEAL* by Kentucky Speedway, LLC. (Chesley, Stanley) (Entered: 12/02/2005) |
| 12/02/2005 | 62 | RESPONSE to 59 *Plaintiff's Supplemental Memorandum* filed by National Association of Stock Car Auto Racing, Inc.. (Snyder, Sheryl) (Entered: 12/02/2005) |
| 12/05/2005 | | ***FILE SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 61 Proposed Agreed Order/Stipulation (JMM) (Entered: 12/05/2005) |
| 12/07/2005 | 63 | AGREED ORDER re 59 Response in Opposition to Motion, filed by Kentucky Speedway, LLC; By agreement of the parties and the Court, Exhibit 4 to Plaintiff's Supplemental Memorandum in Opposition to NASCAR's Motion to Transfer Venue is hereby withdrawn, and also |

App. 17

| | | |
|---|---|---|
| | | withdrawn from PACER, and filed UNDER SEAL with the Clerk of Court. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 12/07/2005) |
| 12/07/2005 | | Clerk's Note: Exhibit 4 to Plaintiff's Response to Opposition (Doc. #59) is FILED UNDER SEAL pursuant to Court Order of 12/7/05 and PLACED ON SHELF IN CLERK'S OFFICE IN SEALED ENVELOPE. (JMM) (Entered: 12/07/2005) |
| 12/14/2005 | 64 | ORDER DENYING 30 MOTION to Change Venue by National Association of Stock Car Auto Racing, Inc. filed by National Association of Stock Car Auto Racing, Inc., Oral Argument Hearing on pending motions set for 1/12/2006 01:30 PM in Covington before William O. Bertelsman.. Signed by Judge William O. Bertelsman. (TED)cc: COR Modified place of hearing on 12/14/2005 (Dallas, Tammy). (Entered: 12/14/2005) |
| 12/14/2005 | | NOTICE OF DOCKET MODIFICATION TO all counsel of record re 64 Order; Error: Clerk indicated incorrect place of hearing in docket text; Entry made by Docket Clerk; Correction: Clerk has modified the docket text to indicate the correct location of hearing on pending motions will be at "Covington" on 1/12/06 at 1:30 p.m. cc: COR (TED) (Entered: 12/14/2005) |
| 12/19/2005 | 65 | MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc. *Plaintiff's Amended Complaint* (Snyder, Sheryl) (Entered: 12/19/2005) |
| 12/19/2005 | 66 | MOTION to Dismiss by International Speedway Corporation (Wade, Guy) (Entered: 12/19/2005) |
| 12/19/2005 | 67 | MOTION to Dismiss by International Speedway Corporation (Attachments: # 1 Memorandum in Support # 2 Exhibit 1 - Declaration of John R. Saunders in Support of ISC's Motion of Dismiss# 3 Proposed Order No. 1 - Rule 12(b)# 4 Proposed Order No. 2 - Rule 12(b)(3)# 5 Proposed Order No. 3 - Rule 12(b)(6))(Wade, Guy) (Entered: 12/19/2005) |
| 12/20/2005 | | Clerk's Note: Counsel has been contacted by the Clerk re: the filing of Doc. #66 and the Refiling of Doc. #67 and advised not to re-file a docket until the Court has directed them to do so. (JMM) (Entered: 12/20/2005) |
| 12/20/2005 | 68 | RESPONSE to Motion re 65 MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc., 67 MOTION to Dismiss by International Speedway Corporation filed by Kentucky Speedway, LLC. (Chesley, Stanley) (Entered: 12/20/2005) |
| 12/21/2005 | 69 | OPINION & ORDER: 1) The motion to transfer venue (Doc. #30) is |

App. 18

| | | hereby denied; 2) ORDER Setting Hearing on Motion <u>37</u> MOTION to Dismiss by International Speedway Corporation, <u>65</u> MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc., <u>67</u> MOTION to Dismiss by International Speedway Corporation, <u>33</u> MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc.: Motion Hearing is set for 1/12/2006 01:30 PM in Covington before William O. Bertelsman. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 12/21/2005) |
|---|---|---|
| 01/03/2006 | <u>70</u> | REPLY to Response to Motion re <u>66</u> MOTION to Dismiss by International Speedway Corporation filed by International Speedway Corporation. (Wade, Guy) (Entered: 01/03/2006) |
| 01/09/2006 | <u>71</u> | TRANSCRIPT of Official Proceedings: Oral Argument held on November 30, 2005 before Judge William O. Bertelsman. Court Reporter: Joan Averdick. (JMM) (Entered: 01/10/2006) |
| 01/10/2006 | <u>72</u> | NOTICE by Kentucky Speedway, LLC *OF SUPPLEMENTAL MATERIAL* (Attachments: # <u>1</u> Exhibit #1, Care Heating v. American Standard Complaint)(Chesley, Stanley) (Entered: 01/10/2006) |
| 01/17/2006 | <u>73</u> | REPLY to Response to Motion re <u>67</u> MOTION to Dismiss by International Speedway Corporation*Supplemental* filed by International Speedway Corporation. (Wade, Guy) (Entered: 01/17/2006) |
| 01/19/2006 | <u>74</u> | RESPONSE to <u>73</u> *ISC'S SUPPLEMENTAL MEMORANDUM* filed by Kentucky Speedway, LLC. (Attachments: # <u>1</u> Exhibit 1, Southeastern Constr v. Tanknology# <u>2</u> Exhibit 2, Hamilton Cty Emergency v Orbacom Comm)(Chesley, Stanley) (Entered: 01/19/2006) |
| 01/27/2006 | <u>75</u> | MEMORANDUM OPINION & ORDER, 1) <u>65</u> MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc. filed by National Association of Stock Car Auto Racing, Inc., <u>33</u> MOTION to Dismiss by National Association of Stock Car Auto Racing, Inc. filed by National Association of Stock Car Auto Racing, Inc., <u>37</u> MOTION to Dismiss by International Speedway Corporation filed by International Speedway Corporation, and <u>67</u> MOTION to Dismiss by International Speedway Corporation filed by International Speedway Corporation ARE DENIED. 2) Discovery due by 2/1/07. 3) After close of discovery plaintiffs shall file a further amended complaint alleging with particularity the antitrust theories it believes can be pursued in good faith in light of the facts disclosed on discovery no later than 3/2/2007. 4) No later than 30 days after the filing of such further amended complaint, defendants shall file such dispositive motions as they deem appropriate no later than 4/2/2007. 5) Plaintiff shall have 30 days thereafter to respond to such motions and defendants shall have 15 days to reply thereto. 6) Discovery disputes are referred to Honorable J. Gregory Wehrman pursuant to the court's standard order entered |

App. 19

| | | concurrently herewith. Signed by Judge William O. Bertelsman. (TED)cc: COR (Entered: 01/27/2006) |
|---|---|---|
| 01/27/2006 | 76 | ORDER OF REFERENCE: Case referred to Magistrate Judge to supervise discovery and pretrial proceedings, up to and including setting final pretrial conference and trial dates. . Signed by Judge William O. Bertelsman. (TED)cc: COR (Entered: 01/27/2006) |
| 02/01/2006 | 77 | MOTION for David Filkin to Appear Pro Hac Vice by Kentucky Speedway, LLC (Attachments: # 1 Affidavit of David Filkin # 2 Proposed Order)(JMM) (Entered: 02/01/2006) |
| 02/01/2006 | 78 | PRO HAC VICE Filing fee received - David Filkin - $ 65.00, receipt number 122602 (JMM) (Entered: 02/01/2006) |
| 02/01/2006 | 79 | MOTION for Larry T. Thrailkill to Appear Pro Hac Vice by Kentucky Speedway, LLC (Attachments: # 1 Affidavit of Larry T. Thrailkill # 2 Proposed Order)(JMM) (Entered: 02/01/2006) |
| 02/01/2006 | 80 | PRO HAC VICE Filing fee received - Larry T. Thrailkill - $ 65.00, receipt number 122601 (JMM) (Entered: 02/01/2006) |
| 02/01/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 79 MOTION for Larry T. Thrailkill to Appear Pro Hac Vice by Kentucky Speedway, LLC, 77 MOTION for David Filkin to Appear Pro Hac Vice by Kentucky Speedway, LLC (JMM) (Entered: 02/01/2006) |
| 02/02/2006 | 81 | ORDER granting 79 Motion to Appear Pro Hac Vice for Larry T. Thrailkill. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 02/02/2006) |
| 02/02/2006 | 82 | ORDER granting 77 Motion to Appear Pro Hac Vice for David Filkin. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 02/02/2006) |
| 02/03/2006 | 83 | MOTION to Amend/Correct 75 Memorandum Opinion & Order, Terminate Motions, Set Deadlines/Hearings,,,,,,,,,,,,,,,, by International Speedway Corporation (Attachments: # 1 Memorandum in Support # 2 Proposed Order)(Wade, Guy) (Entered: 02/03/2006) |
| 02/08/2006 | 84 | RESPONSE to Motion re 83 MOTION to Amend/Correct 75 Memorandum Opinion & Order, Terminate Motions, Set Deadlines/Hearings,,,,,,,,,,,,,, by International Speedway Corporation filed by Kentucky Speedway, LLC. (Attachments: # 1 Exhibit 145 Fed Appx 109# 2 Exhibit Great Western Sports, Inc.# 3 Exhibit U.S. Court of Appeals Judicial Caseload Profile)(Chesley, Stanley) (Entered: 02/08/2006) |
| 02/08/2006 | 85 | AMENDED DOCUMENT by Kentucky Speedway, LLC. Amendment |

App. 20

| | | |
|---|---|---|
| | | to 84 Response to Motion, *Certificate of Service*. (Chesley, Stanley) (Entered: 02/08/2006) |
| 02/10/2006 | 86 | ANSWER to Complaint *FIRST AMENDED COMPLAINT TENDERED TO JUDGE AND CLERK ON 11-30-05* by International Speedway Corporation.(Wade, Guy) (Entered: 02/10/2006) |
| 02/10/2006 | 87 | ANSWER to Complaint *Tendered First Amended Complaint* by National Association of Stock Car Auto Racing, Inc..(Snyder, Sheryl) (Entered: 02/10/2006) |
| 02/13/2006 | 88 | REPLY to Response to Motion re 83 MOTION to Amend/Correct 75 Memorandum Opinion & Order, Terminate Motions, Set Deadlines/Hearings,,,,,,,,,,,,,,,, by International Speedway Corporation filed by International Speedway Corporation. (Attachments: # 1 Exhibit 1 - Senate Report No. 85-2434, Aug. 18, 1958)(Wade, Guy) (Entered: 02/13/2006) |
| 02/14/2006 | 89 | JOINT REPORT of Rule 26(f) Planning Meeting. (Chesley, Stanley) (Entered: 02/14/2006) |
| 02/21/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 83 MOTION to Amend/Correct 75 Memorandum Opinion & Order, Terminate Motions, Set Deadlines/Hearings, by International Speedway Corporation (JMM) (Entered: 02/21/2006) |
| 02/21/2006 | 90 | MEMORANDUM IN SUPPORT of *PROPOSED PROTECTIVE ORDER* filed by Kentucky Speedway, LLC. (Attachments: # 1 Exhibit #1, Confidentiality Stip and Order# 2 Exhibit #2, Greene, Tweed v. Dupont Dow Elastomers# 3 Exhibit #3, The Sedona Guidelines)(Chesley, Stanley) (Entered: 02/21/2006) |
| 02/21/2006 | 91 | ORDER: 1) The parties shall exchange Rule 26(a) disclosures on or before 3/1/06; 2) All Fact Discovery shall be completed by 11/17/2006 with joint or separate status reports due the same date; 3) Reports from retained experts shall be served... 1i) by plaintiff on or before 12/15/06; and 1ii) by defendants on or before 1/12/07; 4) All expert discovery shall be commended to be completed on or before 2/1/07; 5) Motion to Join Additional Parties and/or amend their pleadings are due by 8/4/2006. 6) Plaintiff shall file an amended complaint on or before 3/1/07; 7) The parties shall file any Daubert motions on or before 3/8/07, with responses to be filed on or before 3/22/07, and any replies to be filed on or before 3/30/07; 8) Any Dispositive Motions are due by 4/2/2007. Responses are due by 5/1/2007 and any Replies are due by 5/15/2007. 9) All other deadlines reflected in the parties' Rule 26 report, filed on 2/14/06 are hereby adopted by this court. Final pretrial and trial dates will be scheduled by the presiding district judge by |

App. 21

| | | |
|---|---|---|
| | | separate order to be filed at an appropriate future date; 10) If a party wishes additional time to complete any of the actions directed above, a motion requesting an extension must be filed with the Court before any such deadline expires. Signed by Judge J. Gregory Wehrman. (JMM)cc: COR (Entered: 02/21/2006) |
| 02/21/2006 | 92 | MOTION for Timothy Fitzgerald to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. (Filing fee $65.) (Attachments: # 1 Affidavit of Timothy Fitzgerald# 2 Proposed Order)(Snyder, Sheryl) (Entered: 02/21/2006) |
| 02/21/2006 | 93 | MOTION for Protective Order by National Association of Stock Car Auto Racing, Inc., International Speedway Corporation (Attachments: # 1 Memorandum in Support # 2 Exhibit A ? Confidentiality Stipulation and Order# 3 Exhibit B - Blanchard & Co. v. Barrick Gold Corp# 4 Exhibit C - Medtronic Ave, Inc. v. Advanced Cardiovascular Sys.# 5 Exhibit D - Heublein v. E & J Gallo Winery# 6 Exhibit E - Duchossois Indus. Schedule 13D Statement# 7 Exhibit F ? Churchill Downs Inc. 10-K statement of 2004# 8 Proposed Order)(Maher, Helen) (Entered: 02/21/2006) |
| 02/24/2006 | 94 | PRO HAC VICE Filing fee received - Timothy Fitzgerald - $ 65.00, receipt number 122665 (LSG) (Entered: 02/24/2006) |
| 02/24/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 92 MOTION for Timothy Fitzgerald to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. (Filing fee $65.) (LSG) (Entered: 02/24/2006) |
| 02/24/2006 | 95 | RESPONSE in Opposition re 93 MOTION for Protective Order by National Association of Stock Car Auto Racing, Inc., International Speedway Corporation filed by Kentucky Speedway, LLC. (Attachments: # 1 Exhibit Lewis v. St. Luke)(Chesley, Stanley) (Entered: 02/24/2006) |
| 02/24/2006 | 96 | RESPONSE to 90 *Plaintiff's Memorandum in Support of Its Proposed Protective Order* filed by National Association of Stock Car Auto Racing, Inc., International Speedway Corporation. (Maher, Helen) (Entered: 02/24/2006) |
| 02/27/2006 | 97 | ORDER granting 92 Motion to Appear Pro Hac Vice for Attorney Timothy B. Fitzgerald. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 02/27/2006) |
| 03/06/2006 | 98 | INCORRECT TRANSCRIPT of Official Proceedings: Oral Argument held on 11/30/05 before Judge William O. Bertelsman. Court Reporter: Joan Averdick. (Attachments: # 1 Transcript Pages 52-77) (JMM) Modified text on 10/5/2006, Date on cover page incorrect, s/b Oral |

App. 22

| | | |
|---|---|---|
| | | Argument held on 1/12/2006, see Docket entry # 99 Amended Transcript(Battaglia, Lynn). (Entered: 03/06/2006) |
| 03/06/2006 | 99 | AMENDED TRANSCRIPT of Official Proceedings: Oral Argument held on 1/12/2006 before Judge William O. Bertelsman. Court Reporter: Joan Averdick. (Attachments: # 1 Transcript Pages 1-51# 2 Transcript Pages 52-77) (JMM) (Entered: 03/06/2006) |
| 03/13/2006 | 100 | ORDER: Denying 83 Motion to Amend Interlocutory Order to Include Statement; That the deadlines set by the court remain in effect; That discovery include matters pertaining to the applicability of the Kentucky long arm statute, KRS 454.210 . Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 03/13/2006) |
| 03/14/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 93 MOTION for Protective Order by National Association of Stock Car Auto Racing, Inc., International Speedway Corporation (JMM) (Entered: 03/14/2006) |
| 03/28/2006 | 101 | ORDER: The corporation plaintiff and the defendant, International Speedway Corporation shall file their disclosure statements by 4/7/2006, failing which their pleadings shall be subject to being stricken without further notice. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 03/28/2006) |
| 03/29/2006 | 102 | INITIAL FRCP 7.1 DISCLOSURE STATEMENT by Kentucky Speedway, LLC. (Chesley, Stanley) (Entered: 03/29/2006) |
| 03/30/2006 | 103 | ORDER denying as moot 93 Motion for Protective Order; Pla's proposed Confidentiality Stipulation and Order, filed as Exhibit 1 to 90 is ADOPTED with the amendments set forth in this order. Signed by Judge J. Gregory Wehrman. (LSG)cc: COR (Entered: 03/30/2006) |
| 04/18/2006 | 104 | NOTICE OF FILING by Kentucky Speedway, LLC (Attachments: # 1 Proposed Order Confidentiality Stipulation and Order)(Markovits, W.) (Entered: 04/18/2006) |
| 04/19/2006 | | ***FILE SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 104 Notice of Filing (JMM) (Entered: 04/19/2006) |
| 05/02/2006 | 105 | MOTION for Leave by Kentucky Speedway, LLC *To Make Nationwide Service of Third-Party Document Subpoenas* (Attachments: # 1 Exhibit A - Subpoena - Speedway Motorsports# 2 Exhibit B - Dover Subpoena# 3 Exhibit C - IMS Subpoena# 4 Exhibit D - New Hampshire Subpoena# 5 Exhibit E - Milwaukee Subpoena# 6 Exhibit F - Pocono Subpoena# 7 Proposed Order Order)(Guilfoyle, Mark) (Entered: 05/02/2006) |

App. 23

| 05/04/2006 | 106 | STIPULATION *to Preclude Larry Thrailkill from Reviewing Highly Confidential Documents* by National Association of Stock Car Auto Racing, Inc., International Speedway Corporation. (Maher, Helen) (Entered: 05/04/2006) |
| --- | --- | --- |
| 05/05/2006 | | ***FILE SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 106 Stipulation (JMM) (Entered: 05/05/2006) |
| 05/09/2006 | 107 | STIPULATION AND AGREED by and between the parties that Larry Thrailkill is prohibited from reviewing and/or accessing any materials designated by National Association for Stock Car Auto Racing, Inc. and/or International Speedway Corp. as "Highly Confidential" pursuant to Paragraphs 3(b)and 10 of the Confidentiality Stipulation and Order entered by this Court on March 30, 2006. Signed by Judge William O. Bertelsman. (JMM)cc: COR (Entered: 05/09/2006) |
| 05/09/2006 | 108 | NOTICE OF FILING by National Association of Stock Car Auto Racing, Inc. re 106 Stipulation *to Preclude Larry Thrailkill from Reviewing Highly Confidential Documents* (Attachments: # 1 Exhibit A - Plaintiff Signatory Page)(Maher, Helen) (Entered: 05/09/2006) |
| 05/15/2006 | 109 | NOTICE OF FILING by National Association of Stock Car Auto Racing, Inc., International Speedway Corporation and Kentucky Speedway, LLC (Attachments: # 1 Confidentiality Stipulation and Order)(JMM) (Entered: 05/15/2006) |
| 05/16/2006 | 110 | RESPONSE in Opposition re 105 MOTION for Leave by Kentucky Speedway, LLC*Opp by Motorsports to Nationwide Svr of 3rd Party Doc Subpoenas* filed by Speedway Motorsports, Inc.. (Attachments: # 1 Proposed Order Order)(Boydston, Richard) (Entered: 05/16/2006) |
| 05/18/2006 | 111 | ORDER attaching correspondence dated 5/16/06 to this order construing it as a Response to Plaintiff's Motion. Signed by Judge J. Gregory Wehrman. (Attachments: # 1 Letter construed as Response to Motion # 2 Exhibit A - Subpoena # 3 Exhibit B - Letter dated 5/8/06)(JMM)cc: COR (Entered: 05/18/2006) |
| 05/18/2006 | 112 | CONSTRUED RESPONSE to Motion re 105 MOTION for Leave by Kentucky Speedway, LLC filed by Dover Motorsports, Inc. (Attachments: # 1 Exhibit A - Subpoena # 2 Exhibit B - Letter dated 5/8/06)(JMM) (Entered: 05/18/2006) |
| 06/01/2006 | 113 | ENDORSED MOTION to Withdraw by Kentucky Speedway, LLC *Plaintiff's Withdrawal of Motion for Leave* (Guilfoyle, Mark) (Entered: 06/01/2006) |
| 06/01/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge J. Gregory Wehrman for review: 113 ENDORSED MOTION to Withdraw by Kentucky Speedway, LLC (JMM) (Entered: 06/01/2006) |

App. 24

| 06/05/2006 | 114 | ORDER: 1) Denying as withdrawn 105 Motion for Leave to make nationwide service of third-party document supoenas and 2) Granting 113 Motion to Withdraw its original motion for nationwide service . Signed by Judge J. Gregory Wehrman. (JMM)cc: COR (Entered: 06/05/2006) |
| --- | --- | --- |
| 08/18/2006 | 115 | MOTION to Compel by Kentucky Speedway, LLC *Discovery* (Markovits, W.) Additional attachment(s) added on 8/21/2006 (Maxie, Joyce). Modified on 8/21/2006 (to attach Proposed Order)(Maxie, Joyce). (Entered: 08/18/2006) |
| 08/18/2006 | 116 | "INCORRECTLY FILED AS MOTION to Compel by Kentucky Speedway, LLC *Memorandum in Support* (Markovits, W.) "Please see docket entry 118 for the CORRECT ENTRY for this pleading". (Entered: 08/18/2006) |
| 08/18/2006 | 117 | AFFIDAVIT re 115 MOTION to Compel by Kentucky Speedway, LLC *of W.B. Markovits* by Kentucky Speedway, LLC. (Markovits, W.) (Entered: 08/18/2006) |
| 08/18/2006 | 118 | MEMORANDUM in Support of Motion re 115 MOTION to Compel by Kentucky Speedway, LLC filed by Kentucky Speedway, LLC. (JMM) (Entered: 08/21/2006) |
| 08/21/2006 | | NOTICE OF DOCKET MODIFICATION TO W. Markovits re 115 MOTION to Compel by Kentucky Speedway, LLC, 116 MOTION to Compel by Kentucky Speedway, LLC ; Error: Proposed Order was filed together with the motion instead of as separate attachment; attorney incorrectly filed the Memorandum in Support to 115 using the event "motion." attorney failed to create a link to the event to which the Memorandum relates; Signature on document and filer do not match; the main document was scanned instead of converted into PDF format directly from the native word application.; Entry made by attorney; Correction: Clerk has added the Proposed Order as separate attachment. Clerk has modified the docket text of 116 to state this was incorrectly filed; clerk has filed the Memorandum as 118 and created the link to the Main Document; In future e-filings, the attorney shall file each attachment separately from the main document; the name of the Filing User under whose login and password the document is submitted msut be typed in the space where the signature would otherwise appear; the attorney is advised to contact the ECF help desk if assistance is needed in choosing the correct event for filing and all pleadings created with a word application shall be converted to PDF format using PDF conversion software rather than being scanned. No further action required by counsel. cc: COR (JMM) (Entered: 08/21/2006) |
| 09/05/2006 | 119 | RESPONSE in Opposition re 115 MOTION to Compel by Kentucky Speedway, LLC, 116 MOTION to Compel by Kentucky Speedway, |

App. 25

| | | |
|---|---|---|
| | | LLC filed by National Association of Stock Car Auto Racing, Inc.. (Attachments: # 1 Proposed Order)(Maher, Helen) (Entered: 09/05/2006) |
| 09/05/2006 | 120 | AFFIDAVIT re 119 Response in Opposition to Motion *to Compel Discovery* by National Association of Stock Car Auto Racing, Inc.. (Attachments: # 1 Exhibit A - First Request for Production of Documents Propounded by Plaintiff to NASCAR# 2 Exhibit B - Defendant NASCAR's Responses and Objections to Plaintiff's First Set of Document Requests# 3 Exhibit C - Plaintiff's Second Set of Requests for Production of Documents Propounded to the Defendant, NASCAR# 4 Exhibit D - E-mail correspondence dated 4/26/2006# 5 Exhibit E - E-mail correspondence dated 4/27/2006# 6 Exhibit F - Letter dated 8/2/2006# 7 Exhibit G - Letter dated 8/14/2006# 8 Exhibit H - McLain v. City of Millington# 9 Exhibit I - MJS Janatorial v. Kimco Corp.# 10 Exhibit J - Medtronic Sofamor Danek, Inc. v. Michelson# 11 Exhibit K - SEC Form 10-K)(Maher, Helen) (Entered: 09/05/2006) |
| 09/05/2006 | 121 | MOTION for Hearing by National Association of Stock Car Auto Racing, Inc. *on Its Memorandum in Opposition to Plaintiff's Motion to Compel Discovery* (Attachments: # 1 Proposed Order)(Maher, Helen) (Entered: 09/05/2006) |
| 09/12/2006 | 122 | "INCORRECTLY FILED as MEMORANDUM in Support of Motion" re 115 MOTION to Compel by Kentucky Speedway, LLC *of Kentucky Speedway, LLC to Compel Discovery* filed by Kentucky Speedway, LLC. (Markovits, W.) Modified on 9/14/2006 ("SEE DOCKET ENTRY 125 FOR THE CORRECT ENTRY")(Maxie, Joyce). (Entered: 09/12/2006) |
| 09/12/2006 | 123 | MOTION to Seal Document by Kentucky Speedway, LLC *Aff of WB Markovits in Conj w/the Reply Memo in Sup of Motion* (Attachments: # 1 Proposed Order)(Markovits, W.) (Entered: 09/12/2006) |
| 09/12/2006 | 124 | PROPOSED SEALED AFFIDAVIT of W.B. Markovits in conjunction with the reply memorandum in support re 115 MOTION to Compel by Kentucky Speedway, LLC - (JMM). (Entered: 09/12/2006) |
| 09/12/2006 | 125 | REPLY MEMORANDUM to 115 Motion to Compel filed by Kentucky Speedway, LLC. (JMM) (Entered: 09/14/2006) |
| 09/14/2006 | | NOTICE OF DOCKET MODIFICATION TO W. Markovits re 122 Memorandum in Support of Motion; Error: Attorney incorrectly filed the Reply to 115 using the event "Memorandum in Support"; Entry made by attorney; Correction: Clerk has modified the docket text of 115 to state this was incorrectly filed; clerk has filed the Reply as 125; In the future, the attorney is advised to contact the ECF help desk if assistance is needed in choosing the correct event for filing; No further |

App. 26

| | | |
|---|---|---|
| | | action required by counsel. cc: COR (JMM) (Entered: 09/14/2006) |
| 09/14/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge J. Gregory Wehrman for review: 115 MOTION to Compel by Kentucky Speedway, LLC (JMM) (Entered: 09/14/2006) |
| 09/22/2006 | 126 | AFFIDAVIT in Support re 115 MOTION to Compel by Kentucky Speedway, LLC *Redacted Version of Markovits Affidavit* filed by Kentucky Speedway, LLC. (Attachments: # 1 Exhibit "A" Part 1 of 2# 2 Exhibit "A" Part 2 of 2# 3 Exhibit "B"# 4 Exhibit "C")(Markovits, W.) (Entered: 09/22/2006) |
| 09/25/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge J. Gregory Wehrman for review: 121 MOTION for Hearing by National Association of Stock Car Auto Racing, Inc. (JMM) (Entered: 09/25/2006) |
| 10/03/2006 | 127 | MOTION for Discovery by Kentucky Speedway, LLC, National Association of Stock Car Auto Racing Inc. and International Speedway Corporation, *JOINT MOTION TO REVISE SCHEDULING ORDER* (Chesley, Stanley) Modified on 10/4/2006 (to add additional filers)(Maxie, Joyce). Additional attachment(s) added on 10/5/2006 (Maxie, Joyce). Modified on 10/5/2006 (to attach Proposed Order)(Maxie, Joyce). (Entered: 10/03/2006) |
| 10/03/2006 | 128 | MEMORANDUM in Support of Motion re 127 MOTION for Discovery by Kentucky Speedway, LLC filed by Kentucky Speedway, LLC. (Chesley, Stanley) (Entered: 10/03/2006) |
| 10/04/2006 | | NOTICE OF DOCKET MODIFICATION TO Stanley Chesley re 127 MOTION for Discovery by Kentucky Speedway, LLC; Error: All filers were not selected to a joint pleading; attorney has failed to submit a proposed order as an electronic attachment to the motion; Entry made by attorney; Correction: Clerk has added National Association of Stock Car Auto Racing Inc. and International Speedway Corporation as additional filers. In the future, attorney advised to select all filers to a joint pleading. Attorney shall file the proposed order as an attachment to a Notice of Filing within 3 business days. cc: COR (JMM) (Entered: 10/04/2006) |
| 10/05/2006 | 129 | Proposed Agreed Order/Stipulation *Re Joint Motion to Revise Scheduling Order & Approve Stip Re Discovery* by National Association of Stock Car Auto Racing, Inc., International Speedway Corporation, Kentucky Speedway, LLC. (Chesley, Stanley) (Entered: 10/05/2006) |
| 10/10/2006 | 130 | MOTION to Seal by Kentucky Speedway, LLC (Attachments: # 1)(Nelson, Justin) Modified on 10/10/2006 (to describe |

*App. 27*

| | | attachment)(Maxie, Joyce). Additional attachment(s) added on 10/12/2006 (Maxie, Joyce). Modified on 10/12/2006 (to add Amended Certificate of Service from DE 131 to main document)(Maxie, Joyce). (Entered: 10/10/2006) |
|---|---|---|
| 10/10/2006 | | Clerk's Note: re 130 MOTION to Seal by Kentucky Speedway, LLC.; Received PROPOSED Motion to Compel. (Sent to Magistrate Wehrman's Chambers) (LSG) (Entered: 10/10/2006) |
| 10/10/2006 | | NOTICE OF DOCKET MODIFICATION TO Justin Nelson re 130 MOTION to Seal by Kentucky Speedway, LLC; Error: attachment was sufficiently described; Entry made by attorney; Correction: The Clerk has renamed to attachment. It is necessary that all attachments are adequately described. ex: No description (incorrect); Proposed Order (correct); No further action required by attorney. cc: COR (JMM) (Entered: 10/10/2006) |
| 10/11/2006 | 131 | "AMENDED CERTIFICATE of SERVICE" by Kentucky Speedway, LLC. *Re Cert. of Service of KS's Motion to Compel Re Certain Categories of Docs* 130. (Nelson, Justin) Modified on 10/12/2006 (to create link to Motion to Seal and rename document)(Maxie, Joyce). (Entered: 10/11/2006) |
| 10/12/2006 | | NOTICE OF DOCKET MODIFICATION TO Justin Nelson re 131 Amended Document; Error: attorney failed to create a link to the event to which the Amended Certificate relates; the main document was scanned instead of converted into PDF format directly from the native word application; Entry made by attorney; Correction: Clerk has modified text to create the link, edited the text and attached the Amended Certificate to the Motion to Seal 130; In the future, attorney is advised to create a link with the existing event to which the pleading relates. All pleadings created with a word application shall be converted to PDF format using PDF conversion software rather than being scanned; No further action required by counsel. cc: COR (JMM) (Entered: 10/12/2006) |
| 10/12/2006 | 132 | ORDER GRANTING KENTUCKY SPEEDWAY, ISC AND NASCAR'S JOINT MOTION TO REVISE THE COURT'S CASE SCHEDULING ORDER AND APPROVING AGREED STIPULATION REGARDING DISCOVERY: Signed by Judge J. Gregory Wehrman 1) All fact Discovery is due by 1/12/07. 2) Reports from retained expert from Plf. is due by 2/23/07 and from Def. is due by 3/30/07; 3) All expert discovery shall be completed by 4/24/07; 4) Plf. shall file an Amended Complaint by 3/1/07. 5) The parties shall file any Daubert Motions by 5/11/07 with responses to be filed by 5/31/07, and replies to be filed by 6/11/07; 6) Dispositive Motions are due by 6/12/07 with Responses due by 7/10/07, and Replies due by 7/24/07; 7) |

-28-

*App. 28*

| | | |
|---|---|---|
| | | Final pretrial and trial dates will be determined and scheduled by the presiding district judge by separate order to be filed at a future date; If a party wishes additional time, a motion for an extension must be filed with the Court before any deadline expires. The Agreed Stipulation regarding discovery is approved - 1) parties shall be limited to 10 depositions per side; 2) parties shall be limited to 15 in-person depositions of third-party witnesses; 3) parties shall be limited to 10.5 hours for the depositions of each testifying expert; 4) parties shall be limited to 7 hours per deposition which shall begin no later than 9:30 a.m. and last until approximately 6:00 p.m. 5) There is no limit on the number of depositions on written questions of third-parties; 6) Once each party has designated its trial witnesses, each side may depose an additional three people on the other parties' witness lists who have not been previously deposed; 7) All parties reserve the right to either agree to more oral depositions or to ask the Court for more depositions, should the limits set forth become insufficient.(JMM)cc: COR (Entered: 10/13/2006) |
| 10/12/2006 | 133 | MEMORANDUM ORDER: 1) Denying without prejudice to renew 115 Plaintiff's motion to compel; 2) Defendant shall complete production of responsive financial documents by 10/27/06; 3) Plaintiff's counsel shall review all financial documents produced by defendant by 11/12/06 to better determine whether additional financial information is needed; 4) Denying 121 MOTION for Hearing; 5) Granting 123 130 MOTION to Seal, the previously filed affidavit of W. B. Markovits and its attachments, submitted in conjunction with the reply memorandum in support of plf's motion to compel discovery [124] shall be placed under seal, as shall the plaintiff's 10/10/06 motion to compel regarding certain categories of documents, its exhibits and attachments; 6) Granting 127 JOINT MOTION to extend Discovery and pretrial deadlines and the proposed order has been entered herewith; 7) Defendants shall file any written response to the 10/10/06 motion compel by 10/27/06, with any reply to be filed by 11/9/06; 8) Before bringing any future discovery dispute before this court, the parties should first fully comply with LR 37.1 by employing their best efforts to resolve their dispute extrajudicially. If unable resolve the dispute without court intervention, counsel should telephonically contact the chambers for the undersigned magistrate judge to seek a telephonic conference prior to filing any discovery-related motion. Only if specifically directed to do so should counsel file a written motion and memorandum. Signed by Judge J. Gregory Wehrman. (JMM)cc: COR (Entered: 10/13/2006) |
| 10/13/2006 | 134 | (SEALED) MOTION to Compel Regarding Certain Categories of Documents and Exhibits under seal because references and attached documents are designated as "highly confidential" under the parties' |

-29-

App. 29

| | | |
|---|---|---|
| | | protective order, filed by Kentucky Speedway, LLC (Envelope placed on shelf in clerk's office)re: 132 order. (LMB) (Entered: 10/13/2006) |
| 10/24/2006 | 135 | RESPONSE to Motion re [134] MOTION to Compel by Kentucky Speedway, LLC filed by National Association of Stock Car Auto Racing, Inc.. (Attachments: # 1 Proposed Order)(Fitzgerald, Timothy) (Entered: 10/24/2006) |
| 10/27/2006 | 136 | MEMORANDUM in RESPONSE to Motion re [134] MOTION to Compel by Kentucky Speedway, LLC filed by International Speedway Corporation. (RESPONSE IS FILED UNDER SEAL AND PLACED ON SHELF IN CLERK's OFFICE IN THREE (3) SEPARATE SEALED ENVELOPES). (JMM) (Entered: 10/30/2006) |
| 10/30/2006 | 137 | MINUTE ENTRY FOR TELEPHONE CONFERENCE held on 10/30/2006 before Judge J. Gregory Wehrman : Conference held regarding speaking objections made by plaintiff's counsel during discovery depos; upon review of Mark Simendinger depositions excerpts, Court concludes that plaintiff's objections violate Rule 30(d)(1) and admonished all counsel regarding future depositions. (COURT REPORTER: NONE) (JMM)cc: COR (Entered: 10/30/2006) |
| 11/09/2006 | 138 | MOTION to Seal by Kentucky Speedway, LLC (Attachments: # 1 Proposed Order Granting Unopposed Motion to Seal)(Nelson, Justin) (Entered: 11/09/2006) |
| 11/09/2006 | | (SEALED)PROPOSED Reply on Motion to Compel by Kentucky Speedway 138 - (Placed on Shelf in Clerk's Office. (JMM) (Entered: 11/09/2006) |
| 11/09/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge J. Gregory Wehrman for review: 138 MOTION to Seal by Kentucky Speedway, LLC (JMM) (Entered: 11/09/2006) |
| 11/13/2006 | 139 | ORDER: 1) A Telephone Conference is set for 11/21/2006 10:30 AM in Covington before Judge J. Gregory Wehrman. 2) Plf's counsel, attorney Markovits shall initiate the conference call and make arrangements to include all necessary parties as well as this court. By 11/20/06, plaintiff shall email to the court a list of all counsel expected to participate in the conference call. Signed by Judge J. Gregory Wehrman. (JMM)cc: COR (Entered: 11/13/2006) |
| 11/13/2006 | 140 | MOTION for Leave by International Speedway Corporation (Attachments: # 1 Proposed Order ISC's Motion for Leave to File Surreply)(Wade, Guy) (Entered: 11/13/2006) |
| 11/16/2006 | 141 | MINUTE ENTRY FOR TELEPHONE CONFERENCE held on 11/16/2006 before Judge J. Gregory Wehrman : During plaintiff's discovery deposition of Mike Helton, NASCAR President, witness |

App. 30

| | | directed by defense counsel not to answer questions regarding witness's total pay package in 2000 and 2005. Plalntiff's motion that witness be directed to answer is taken under submission pending a telephone conference on 11/21/06. Conference call continuing discovery deposition of Mike Helton - defendants object to plaintiff's use of document subject to a protective order during discovery deposition, argument presented, defendants' objection sustained. (COURT REPORTER: NONE) (JMM)cc: COR (Entered: 11/16/2006) |
|---|---|---|
| 11/16/2006 | | ORAL MOTION by plaintiff that witness be directed to answer questions. (JMM) (Entered: 11/20/2006) |
| 11/17/2006 | 142 | MEMORANDUM IN SURREPLY to [134] Plaintiff's Motion to Compel filed by International Speedway Corporation. (FILED UNDER SEAL CONTAINS HIGHLY CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER dated 4/18/06) (JMM) (Entered: 11/17/2006) |
| 11/20/2006 | | Motions Taken Under Advisement: ORAL MOTION (JMM) (Entered: 11/20/2006) |
| 12/05/2006 | 143 | MOTION for Timothy A. Karpoff to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. ( Filing fee $65; receipt number 863280) (Attachments: # 1 Affidavit Affidavit of Timothy A. Karpoff# 2 Proposed Order)(Maher, Helen) (Entered: 12/05/2006) |
| 12/06/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 143 MOTION for Timothy A. Karpoff to Appear Pro Hac Vice by National Association of Stock Car Auto Racing, Inc. ( Filing fee $65; receipt number 863280) (JMM) (Entered: 12/06/2006) |
| 12/07/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge J. Gregory Wehrman for review: 140 MOTION for Leave by International Speedway Corporation (JMM) (Entered: 12/07/2006) |
| 12/07/2006 | 144 | MOTION for R. Heath Cheek to Appear Pro Hac Vice by International Speedway Corporation ( Filing fee $65; receipt number 865093) (Attachments: # 1 Affidavit of R. Heath Cheek# 2 Proposed Order)(Craig, Robert) (Entered: 12/07/2006) |
| 12/08/2006 | | ***MOTION SUBMITTED TO CHAMBERS of Judge William O. Bertelsman for review: 144 MOTION for R. Heath Cheek to Appear Pro Hac Vice by International Speedway Corporation ( Filing fee $65; receipt number 865093) (JMM) (Entered: 12/08/2006) |
| 12/08/2006 | 145 | ORDER granting 143 Motion to Appear Pro Hac Vice for attorney Timothy A. Karpoff. Signed by Judge William O. Bertelsman. (JMM)cc: COR/Copy of Registration Form (Entered: 12/08/2006) |

App. 31

| 12/08/2006 | 146 | ORDER granting 144 Motion to Appear Pro Hac Vice for Attorney R. Heath Cheek. Signed by Judge William O. Bertelsman. (JMM)cc: COR/Copy of Registration Form (Entered: 12/08/2006) |
|---|---|---|

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| | | | |
| | | | |
| 12/12/2006 09:52:02 | | | |
| **PACER Login:** | mm0026 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:05-cv-00138-WOB |
| **Billable Pages:** | 17 | **Cost:** | 1.36 |

App. 32

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | OHIO |
|---|---|---|

Kentucky Speedway, LLC
V.

**SUBPOENA IN A CIVIL CASE**

National Association for Stock Car

Auto Racing, Inc., *et al.*

Case Number:[1]  2-05-CV-138
(currently pending in Eastern
District of Kentucky)

TO:  Dover Motorsports, Inc.
1131 North DuPont Highway
Dover, Delaware 19901

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 4th & Vine Tower, 1 West 4th Street, Cincinnati, OH 45202 | May 1, 2006 (or at place and time otherwise agreed by counsel) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Kentucky Speedway, LLC | April 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bill Markovits, Waite, Schneider, Bayless & Chesley Co., L.P.A., 1513 4th & Vine Tower, 1 West 4th Street, Cincinnati, OH 45202   (513) 621 0267

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

676444v1/008870

App. 33

[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                         SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

*App.* 34

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person in whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

676444v1/008870

App. 35

# EXHIBIT A

## DEFINITIONS

1.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3.     "Person" means any natural person or any business, legal or governmental entity or association.

4.     The term "RELATED TO" or "RELATED THERETO" or "RELATING TO" or "RELATING THERETO" or "REFLECTING" when used with respect to a given subject matter or the content of DOCUMENTS means any DOCUMENT or thing that sets forth, describes, reflects, constitutes, concerns, contains, embodies, identifies, states, refers to, or is in any other way relevant to a given subject or transaction.

5.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside if its scope.

6.     The term "NASCAR" shall mean the National Association for Stock Car Auto Racing, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

676551v1/008870                     1

App. 36

7.    The term "ISC" or "INTERNATIONAL SPEEDWAY" shall mean International Speedway Corp. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on its behalf.

8.    The terms "YOU" and "YOUR" shall mean Dover Motorsports, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

9.    The term "NEXTEL CUP" shall mean the NASCAR Nextel Cup Series and the NASCAR Winston Cup Series.

10.    The term "KENTUCKY SPEEDWAY" means Kentucky Speedway, LLC and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on their behalf.

11.    The term "person" means natural persons, corporations, firms, partnerships, unincorporated associations, trusts or other legal, business or governmental entities.

12.    "Relating to"; "respecting"; "in respect of"; "relative to"; "relate to"; "related to"; "regarding"; "reflecting"; "evidencing"; "concerning"; "discussing"; "recording"; "analyzing"; "describing"; "summarizing"; "referring to"; or "commenting on the subject matter referred to in each request" have as broad a scope as the discovery permitted under the mutual agreement of the parties or under Federal Rule of Civil Procedure 26(b), whichever is broader.

13.    "Racetrack" means any venue that has hosted or seeks to host any NASCAR-sanctioned event, including Nextel Cup, Busch, and Craftsman Truck Series races, and includes any officer,

*App. 37*

director, official, employee, agent, attorney, expert, trustee, consultant or representative of the racetrack, and any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on the racetrack's behalf. The term includes those venues that have not yet been built so long as the venue would seek to host a NASCAR-sanctioned event if constructed.

14.     "Owned by" means those racetracks where you hold a controlling ownership interest.

15.     "Ownership interest" means owning all or part of a corporation, joint venture, partnership, or other business, person, or entity, either directly or indirectly.

### INSTRUCTIONS

1.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each party shall produce the requested documents as they are kept in the usual course of business. Documents should be marked to indicate the identity of the individual party producing such documents.

2.     If any document responsive to any of these requests is withheld by asserting any privilege or immunity from production, submit a schedule at the time of production setting forth for each document withheld, the following information:

         a.     The type of document (e.g., letter, memorandum, etc.);

         b.     The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

         c.     The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

         d.     If the documents reflect or refer to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; the subject matter of the information contained in the document;

App. 38

     e.     The nature of the privilege or immunity asserted; and

     f.     A brief explanation of why the document is believed to be privileged or immune from production.

3.     Produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

4.     All documents should be produced in their entirety, including all attachments and enclosures, along with their original folders, binders, or other covers or containers.

5.     If, for any reason, any of the documents or tangible things to be produced by any plaintiff pursuant to this request have been destroyed, lost or otherwise disposed of, state for each category the following information:

     a.     The date the document or tangible thing was lost, destroyed or disposed of;

     b.     All witnesses who have knowledge of the loss, destruction or disposal of the object or tangible thing; and

     c.     The details concerning the loss of such documents, including the reason for the destruction or disposal and the person authorizing it.

## TIME PERIOD

Unless otherwise stated in a Request, produce all responsive documents created on or after January 1, 1992.

## DOCUMENTS TO BE PRODUCED

1.     The following documents from *Francis Ferko v. National Association for Stock Car Racing, Inc. et al.*, Case No. 4:02CV50 (Eastern District of Texas):

     a.     All documents produced by you or to you in accordance with discovery conducted

676551v1/008870         4

App. 39

b.   All depositions of you or any of your officers, directors, or employees.

2.   All documents showing any ownership interest, whether direct or indirect, held by any officer, director, or employee of ISC or NASCAR, in you.

3.   All documents showing any ownership interest, whether direct or indirect, held by any officer, director, or employee of ISC or NASCAR, in any corporation, joint venture, partnership, or other business in which you, your officers, directors, or employees have an ownership interest, excluding any corporation that is publicly traded on the New York Stock Exchange, NASDAQ, or the American Stock Exchange.

4.   All documents showing any ownership interest of you, your officers, directors, or employees in ISC or NASCAR.

5.   All documents related to the market share or market position of NASCAR.

6.   All documents related to the market share of market position of ISC.

7.   All documents related to the number of tracks owned by ISC.

8.   All documents related to any anticompetitive behavior or activity by ISC or NASCAR.

9.   All documents related to the economic impact of a racetrack in a particular geographic area.

10.   Documents sufficient to show the amount of revenue your racetrack(s) have received or could receive from hosting a Nextel Cup race.

676551v1/008870                          5

App. 40

11.     All documents reflecting any business relationship or financial arrangement between you and any racetrack not owned by you.

12.     All documents relating to communications between you and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative of any racetrack not owned by you.

13.     All documents relating to any change in NASCAR's realignment policy or procedures, whether formal or informal, including but not limited to realigning Nextel Cup races from one venue to another provided both racetracks are owned or affiliated with the same entity and not realigning any Nextel Cup race from an existing racetrack to another owner.

14.     All documents relating to NASCAR's decision to limit the number of allowable race teams operated by a single owner, or race entries owned by a single owner.

15.     All documents relating to the number of Nextel Cup races that NASCAR sanctions in a season, how NASCAR allocates Nextel Cup races among racetracks, or when in the season a particular racetrack will host a Nextel Cup event.

16.     All documents relating to consideration of Kentucky Speedway for a Nextel Cup race.

17.     All documents relating to Kentucky Speedway.

18.     Documents sufficient to show your document retention or destruction policy.

19.     All documents relating to your view, assessments, and opinions about the qualities, characteristics, advantages, and disadvantages of each or any racetrack that currently hosts, has hosted, seeks to host, or is capable of hosting a Nextel Cup Race.

676551v1/008870                              6

App. 41

20.     All documents relating to any attempt of any racetrack owner(s), including you, to acquire or purchase in whole or in part, or merge with, another racetrack or its owner(s), whether successful or unsuccessful.

21.     All documents relating to any racetrack's, or its owner's, reaction to NASCAR's decision to negotiate a television broadcast agreement on behalf of all racetracks.

22.     All documents relating to any changes to the terms of any NASCAR sanctioning agreement.

23.     All documents related to the amount or percentage of revenue allocated to racetracks, drivers, and NASCAR by the Nextel Cup sanction agreements, including but not limited to any potential changes to the amount or percentage.

24.     All documents relating to NASCAR's and/or ISC's decision to award or not award a Nextel Cup race to any racetrack owned by you that has hosted or sought to host a Nextel Cup race.

25.     All documents relating to NASCAR's and/or ISC's decision to award or not award a Nextel Cup race to any racetrack not owned by you that has hosted or sought to host a Nextel Cup race.

26.     Documents sufficient to show the following for each racetrack owned by you, or in which you have an equity interest or affiliation, awarded a Nextel Cup race since 1990:

        a.      The sanctioning of each Nextel Cup race, including but not limited to all Nextel Cup sanctioning agreements;

*App. 42*

b.      The seating capacity for the racetrack, broken down by general

admission/grandstand, luxury suites, club seats;

c.      Parking capacity, and recreational vehicles and trailer spaces for the racetrack;

d.      The geographic location, age, construction and renovation history;

e.      Configuration and track length of the racetrack;

f.      The ticket sales for the Nextel Cup event;

g.      The advertising revenue for the Nextel Cup event;

h.      The facility amenities for the Nextel Cup event, including but not limited to

concession sales, program and merchandise sales, fees for hospitality tents, and fees for souvenir

trailers;

i.      The racetrack safety records;

j.      Complaints or suggestions about the racetrack by drivers, owners, crew, and

spectators;

k.      Comments about the track by NASCAR;

l.      Comments about the track by any other racetrack;

m.      The television ratings for the Nextel Cup event;

n.      The broadcast fees for the Nextel Cup event;

o.      The race sponsorship for the Nextel Cup event;

App. 43

p.      Consumer preference for the Nextel Cup event;

q.      The purse and prize money for the Nextel Cup event;

r.      The portion of total revenue for the Nextel Cup event distributed to the racetrack;

s.      The operating expenses for the event, including but not limited to fixed and variable costs, expenses related to the organization and operation of NASCAR, driver/team compensation, and racetrack compensation and administrative expenses;

t.      The contract terms, conditions, and provisions for participation;

u.      The ticket pricing for the Nextel Cup event;

v.      Track ownership, including purchase and sale information.

w.      Any reason why the racetrack has hosted a Nextel Cup race; and

x.      The decision whether to allow the racetrack to host one or more Nextel Cup races.

27.     All documents relating to the decision of when and how you or any of your racetracks received the right to host a Nextel Cup event.

28.     All documents relating to communications between you and NASCAR regarding racetracks in which you do not, or did not at the time of the communication, own an equity interest.

29.     All documents relating to communications between you and ISC.

App. 44

30.     All documents relating to a consideration or decision by NASCAR to award, sanction,

add, withdraw, schedule, transfer, or deny one or more Nextel Cup races to any racetrack or

racetrack owner(s), including you.

App. 45

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

KENTUCKY SPEEDWAY, LLC       :      CASE NO:

      Plaintiff,       :

      v.       :      2-05-CV-138 (Currently pending in Eastern District of Kentucky)

NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC., ET AL.,       :

      Defendants.       :

## OBJECTIONS OF DOVER MOTORSPORTS, INC. TO PLAINTIFF'S SUBPOENA

Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, Dover Motorsports, Inc. ("Dover"), non-party in this action, hereby objects to the Southern District of Ohio subpoena (the "Subpoena"), a copy of which is attached, which Plaintiff's attempted to serve on Dover Motorsports, Inc. in Delaware in connection with the action captioned Kentucky Speedway, LLC v. National Association for Stock Car Auto Racing, Inc. et al. in the Eastern District of Kentucky.

1.      Such Subpoena is void and invalid for failure to comply with F.R.Civ.P. 45; among other failures to comply, such Subpoena violates the provisions of Rule 45(b) including those regarding where subpoenas may be served (an Ohio subpoena may not be served in Delaware) and the provisions of Rule 45(a), including those regarding the Court(s) from which a subpoena may be issued, and as a result imposes undue burdens and expense on a non-party, also in violation of Rule 45.

App. 46

2.  To the extent that the Subpoena, although on its face an Ohio subpoena, is somehow deemed to be a Delaware subpoena served in Delaware, Dover further objects as follows:

(a)  The Subpoena violates Rule 45(c), Protection of Persons Subject to Subpoena, in that among other things reasonable steps were not taken to avoid imposing an undue burden and expense, and in fact the Subpoena does seek to impose undue burden(s) and expense(s) on non-party Dover given that, among other things, (i) it seeks production of thirty broad categories of documents, (ii) it seeks production from a non-party of documents more properly obtained from one or more of the parties, (iii) it seeks documents containing proprietary and/or confidential information; (iv) it is vague, ambiguous and rendered overbroad by use of, or reference to, terms such as "all documents related to" and categories such as "economic impact" and "comments by . . . spectators," (v) it is so broad in scope as to seek the production of documents that are not relevant to the claims and defenses of any party to this action and are not reasonably calculated to lead to the discovery of admissible evidence; and (vi) it is so broad in scope as to call for the production of documents that may be subject to the attorney-client privilege and/or the work product doctrine.

(b)  For the reasons set forth above, the Subpoena also violates Rule 26(g).

(c)  The Subpoena not only seeks to require a non-party to incur substantial expense, but fails to include an appropriate tender sufficient to offset the expenses of complying with the unduly burdensome Subpoena.

*App. 47*

(d)     Dover incorporates by reference the objections made to the same or similar subpoena(s) by the parties or other non-parties.

Dated: May 8, 2006

Richard G. Placey, Esquire (DE I.D. No. 4206)
Richard M. Donaldson, Esquire (DE I.D. No. 4367)
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
Tel: (302) 504-7880
Fax: (302) 504-7820

Attorneys for Non-Party
Dover Motorsports, Inc.

Of Counsel:

Klaus M. Belohoubek, Esquire
Senior Vice President - General Counsel
Dover Downs Gaming & Entertainment, Inc.
Dover Motorsports, Inc.
Concord Plaza
3505 Silverside Road
Plaza Centre Bldg., Suite 203
Wilmington, DE 19810

-3-

App. 48

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

KENTUCKY SPEEDWAY, LLC       :      CASE NO:

                Plaintiff,        :

                v.           :      2-05-CV-138 (Currently pending
                                        :      in Eastern District of Kentucky)

NATIONAL ASSOCIATION      :
FOR STOCK CAR AUTO
RACING, INC., ET AL.,        :

             Defendants.      :

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2006, I caused a true and correct copy of the foregoing to be served via United States First Class Mail, postage prepaid, upon the following interested parties at the addresses listed below:

> William  Markovits
> Waite, Schneider, Bayless & Chesley Co., LPA
> One W. Fourth Street
> 1513 Fourth & Vine Tower
> Cincinnati, OH 45202
> Attorneys for Plaintiff
>
> Kimberly S. Amrine
> Frost Brown Todd LLC - Cincinnati
> 201 E. Fifth Street
> 2200 PNC Center
> Cincinnati, OH 45202
> Attorneys for Defendant National Association
> of Stock Car Auto Racing, Inc.
>
> Robert B. Craig
> Taft, Stettinius & Hollister, LLP - Covington
> 1717 Dixie Highway, Suite 340
> Covington, KY 41011-4704
> Attorneys for Defendant International Speedway Corporation

_____

Richard G. Placey

-4-

App. 49

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CASE NO. 2:05-CV-138 WOB

FILED ELECTRONICALLY

KENTUCKY SPEEDWAY, LLC                                    PLAINTIFF

v.

NATIONAL ASSOCIATION OF STOCK CAR
AUTO RACING, INC., et al.                                 DEFENDANTS

## PLAINTIFF'S MOTION FOR LEAVE TO MAKE NATIONWIDE SERVICE OF THIRD-PARTY DOCUMENT SUBPOENAS

Comes now the Plaintiff, Kentucky Speedway, LLC, by and through counsel, and hereby moves the Court for leave to make nationwide service of document subpoenas on third parties in this action. As the Court is aware, this is an antitrust case and federal antitrust law provides for nationwide service of process. Section 12 of the Clayton Act, 15 U.S.C. § 22, states as follows: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; *and all process in such cases may be served in the district in which it is an inhabitant, or wherever it may be found.*" (emphasis added) So long as a company is doing business in the United States, it may be served in the United States in an antitrust case such as this case. See, *e.g.*, *In Re: Electric & Musical Industries, Ltd., Middlesex, England*, 155 F. Supp. 892 (D.C.N.Y. 1957) (service of subpoena on British corporation doing business in the United States). Similarly, 15 U.S.C. § 23 states as follows:

> In any suit, action, or proceeding brought by or on behalf of the United States, subpoenas for witnesses who are required

*App. 50*

to attend a court in the United States in any judicial district in any case, civil or criminal, arising under the antitrust laws may run into any other district: *Provided,* That in civil cases no writ of subpoena shall issue for witnesses living out of the district in which the court is held at a greater distance than 100 miles from the place of holding the same without the permission of the trial court being first had upon proper application and cause shown.

In this regard, FRCP 45(b)(2) makes clear that "a subpoena may be served at any place within the district of the court in which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection . . . ." The Rule adds, however, that "[w]hen a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place."

Based on these authorities, Plaintiff hereby requests authorization from the Court to serve the document subpoenas attached hereto as Attachments A-F upon non-parties doing business beyond 100 miles of the designated place of production (*i.e.,* Crestview Hills, Kentucky). Judicial economy, efficiency and consistency will best be served by having this Court (which is now or will be knowledgeable about the particular issues surrounding this case and, in particular, the proper scope of discovery) determine the appropriate scope of the subject document subpoenas. Accordingly, Plaintiff requests authorization to serve the attached six (6) document subpoenas on a nationwide basis. A proposed Order is tendered herewith.

Respectfully submitted,

s/Mark D. Guilfoyle
Mark D. Guilfoyle                    (27625)
DETERS, BENZINGER & LAVELLE, P.S.C.
207 Thomas More Parkway
Crestview Hills, Kentucky 41017-2596
Telephone: (859) 341-1881
Facsimile: (859) 341-4879

App. 51

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct of the foregoing was delivered via U.S. Mail or ECF Notice on May 2, 2006, to all counsel of record.

s/Mark D. Guilfoyle _____

93273.1

App. 52

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CASE NO. 2:05-CV-138 WOB

FILED ELECTRONICALLY

KENTUCKY SPEEDWAY, LLC                                    PLAINTIFF

v.

NATIONAL ASSOCIATION OF STOCK CAR
AUTO RACING, INC., et al.                               DEFENDANTS

## ORDER

Upon Plaintiff's Motion for Leave to Make Nationwide Service of Third-Party Document Subpoenas, the Court having heard arguments of counsel and being in all respects sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff is granted leave to make nationwide service of the tendered document subpoenas on the following:

1. Speedway Motorsports, Inc.;

2. Dover Motorsports, Inc.;

3. Indianapolis Motor Speedway;

4. New Hampshire International Speedway;

5. Milwaukee Mile Holdings, LLC; and

6. Pocono Raceway.

DATED THIS _____ DAY OF _____, 2006.


_____
Judge, U.S. District Court

93331.1

*App. 53*

## MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
### ATTORNEYS AT LAW

123 SOUTH BROAD STREET
AVENUE OF THE ARTS
PHILADELPHIA, PA 19109
215-772-1500
Fax 215-772-7620

**RICHARD G. PLACEY**
ADMITTED IN DELAWARE, ILLINOIS,
NEW JERSEY & PENNSYLVANIA

**RICHARD M. DONALDSON**
ADMITTED IN DELAWARE,
NEW JERSEY & PENNSYLVANIA

300 DELAWARE AVENUE
SUITE 750
WILMINGTON, DE 19801
302-504-7800
Fax 302-504-7820

LIBERTYVIEW
457 HADDONFIELD ROAD, SUITE 600
CHERRY HILL, NJ 08002
856-488-7700
Fax 856-488-7720

May 16, 2006

VIA FEDERAL EXPRESS

Hon. J. Gregory Wehrman
United States Magistrate Judge
United States District Court
    for the Eastern District of Kentucky
United States Courthouse
35 West 5th Street, Suite 375
Covington, KY 41012

Re:     Kentucky Speedway, LLC v. National Association of Stock Car
        Auto Racing, Inc. et al; Civil Action No. 2:05-cv-00138-WOB (E.D.Ky.)

Subj:   Opposition by Dover Motorsports, Inc., to
        Motion for Leave by Kentucky Speedway, LLC To Make Nationwide
        Service of Third-Party Document Subpoenas; Item No 105 on the docket

Dear Judge Wehrman:

    We are counsel for Dover Motorsports, Inc. ("Dover"), located in Dover Delaware.
Plaintiff has filed the above Motion asking the Court to allow it to serve subpoenas from this
Court on various third parties around the country. Dover is one of the parties identified in the
Motion as a party that Plaintiff wishes to subpoena. In fact, Plaintiff has already tried to subject
Dover to a Subpoena in this case issued from the Southern District of Ohio, even though
Delaware is far more than 100 miles from any part of Ohio and nothing is pending in that
district.

    Dover is geographically far from this venue, and as a third party has limited interest in
the matter and limited resources to devote to it. Accordingly, we ask Your Honor's indulgence

App. 54

Hon. J. Gregory Wehrman
May 16, 2006
Page 2

in allowing us to submit this letter from out of state counsel in opposition to the motion in lieu of a more formal and expensive filing opposing the motion.

## FACTUAL BACKGROUND

On or about April 14, 2006, Plaintiffs attempted to issue a subpoena in this action from the Southern District of Ohio to Dover at its place of business in Dover, Delaware. A copy of this Ohio subpoena is attached as Exhibit A. It is undisputed that Dover is far more than 100 miles from any part of the Southern District of Ohio.

Upon receipt of the subpoena, counsel for Dover contacted Plaintiff's counsel and requested that the Ohio subpoena be withdrawn and that a valid Delaware subpoena be issued in its place. Counsel for Dover even offered to accept service of such a (proper) subpoena in order to expedite the process. Plaintiff's counsel refused and refused to withdraw the Ohio subpoena.

Accordingly, on May 8, 2006, Dover was forced to serve protective Rule 45 objections to the subpoena putting on record its objections to that subpoena. A copy of those objections – made necessary because Plaintiff forced Dover to waste time and resources on a plainly invalid subpoena – are attached as Exhibit B (attachment to objections omitted).

Plaintiff has now filed the instant motion, seeking leave to serve third party witnesses anywhere in the country with subpoenas issued from this Court. That would require Dover (and other third party witnesses) to respond to subpoenas and litigate any disputes or issues that arise from those subpoenas in a jurisdiction far from home, with all of the additional expense and costs necessitated by having to do so.

Plaintiff's issuance of a subpoena from Ohio, its refusal to withdraw that subpoena even though it was plainly improper, and now Plaintiff's Motion to require third parties to respond to Kentucky subpoenas, all have the effect of making it as difficult and expensive as possible for non-parties to deal with Plaintiff's subpoenas. The instant Motion would have the additional effect of making it inexpensive for plaintiff to issue and demand compliance with burdensome subpoenas – indeed, it transfers much of the burden and expense of dealing with subpoenas in distant forums from Plaintiff to the non-parties. This is not permitted by the explicit language of Rule 45, nor by the law applicable to the issuance of subpoenas to non-parties in private antitrust cases. Moreover, it is plain that this approach would stand Rule 45's direction that non-parties not be subjected to undue burden and expense on its head.

Hon. J. Gregory Wehrman
May 16, 2006
Page 3

## ARGUMENT

### A. Contrary to Plaintiff's Claim, There is No Authority That Permits the Service of Subpoenas upon Non-Parties in this Case Beyond the Limits Set by Rule 45(b).

Plaintiff's Motion relies upon 15 U.S.C. §§22 and 23 to support the claim that Plaintiff may obtain an Order from this Court permitting the nationwide service of subpoenas upon non-parties in this case. Motion, 1-2. However, even the most cursory examination of these authorities reveals that Plaintiff is flat wrong.

15 U.S.C. §22 <u>does not apply to subpoenas at all</u>. That section is essentially a venue provision governing where a defendant may be sued. The phrase describing where process may be served is on its face directed to where process may be served on the defendant.[1]

Even more obviously inapplicable is 15 U.S.C. §23, which does address subpoenas, but is expressly limited to actions brought by or on behalf of the United States:

> In any suit, action or proceeding <u>brought by or on behalf of the United States</u>, subpoenas for witnesses. . .

<u>Id.</u> (emphasis added). No claim is made in this case, nor could it be, that this is an action brought by or on behalf of the United States. Thus, it is beyond dispute that 15 U.S.C. §23 simply does not apply here and plainly does not allow Plaintiff to seek, or this Court to grant, nationwide service of subpoenas upon non-parties in this action.

In fact, by implication 15 U.S.C. §23 indicates that non-party subpoenas in private civil cases such as this one may <u>not</u> be issued except as provided in Rule 45(b). 15 U.S.C. §23 makes a limited exception for subpoenas in cases <u>brought by the United States</u>. The exception is fairly permissive for criminal antitrust cases brought by the United States, but in civil antitrust cases brought by the United States the Court's permission for nationwide service of subpoenas must be obtained. The statute makes no other exception, and it applies only to cases brought by or on behalf of the United States. Thus, in reality, 15 U.S.C. §23 indicates that there simply is no authority which would allow the Court to grant the relief that Plaintiff seeks in a private antitrust case.

---

[1] The case which Plaintiff cites, <u>Electric and Musical Industries, Ltd., Middlesex, England</u> 155 F. Supp. 892 (S.D.N.Y. 1957), is equally irrelevant. That case merely holds that a foreign corporation doing business in the United States can be subpoenaed where it is doing business. This holding is neither surprising nor limited to antitrust cases.

App. 56

Hon. J. Gregory Wehrman
May 16, 2006
Page 4

**B.**     **Plaintiff's Efforts, Highlighted by but not Limited to the Instant Motion, to Drag Non-Parties into Inconvenient, Expensive and Distant Forums Are Barred by and Fly in the Face of Federal Rule of Civil Procedure 45.**

As noted above, the instant Motion is part of a series of actions by Plaintiff that would drag non-parties into inconvenient, expensive and distant fora in connection with subpoenas that Plaintiff wishes to issue. Such actions not only are unauthorized by the two statutes that Plaintiff cites, 15 U.S.C. §§22 and 23, but they are expressly barred by Fed.R.Civ. P. 45 -- particularly in light of the 1991 revision.

As noted in the Advisory Committee Notes, one of the purposes of the 1991 revision was to "enlarge the protections afforded persons who are required to assist the Court by giving information or evidence." Advisory Committee Notes to F.R.Civ. P. 45; 1991 Amendment.

In this vein, among the protections maintained or expanded in Rule 45, as amended, are the following:

- A subpoena may only be served within the district where issued or, if outside the district, within one hundred miles of the place of deposition, hearing or other proceeding. F.R. Civ. P. 45(b)(2).

- The attorney issuing the subpoena "shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to that subpoena." F.R.Civ.P. 45(c)(1).

- The Court "shall enforce this duty [to take reasonable steps to avoid undue burden or expense] and impose upon the party or attorney in breach of this duty appropriate sanctions which may include, but is not limited to, lost earnings and a reasonable attorney's fee." F.R.Civ.P. 45(c)(1).

- The Court shall quash or modify a subpoena if it requires travel of more than one hundred miles or subjects a person to an undue burden. F.R.Civ.P. 45(c)(3)(A) (ii) and (iv).

- A subpoena may be quashed or modified if it requires the non-party to incur substantial travel expenses. F.R.Civ.P. 45(c)(3)(B)(iii).

App. 57

Hon. J. Gregory Wehrman
May 16, 2006
Page 5

Here, it cannot escape notice that Plaintiff has already attempted to serve an Ohio subpoena upon a non-party located in Delaware, has refused to withdraw that subpoena, and has then also chosen to proceed with this Motion in yet another distant forum. Without speculating as to Plaintiff's motives, it is apparent that the effect of these actions taken by Plaintiff is to greatly and unnecessarily increase non-parties' costs of responding to a subpoena. Of course, the extraordinarily broad (and we think highly objectionable) scope of the subpoena is yet another aggravating factor, as it ensures that Dover will need to expend resources disputing the scope of the subpoena even before responding to it. Dover should not be required to litigate over what it believes to be a manifestly unreasonable third party subpoena in a distant court.

Since Plaintiff already has counsel here and is otherwise poised to litigate in this distant forum, what Plaintiff essentially seeks to do is to completely reverse the protections provided by Rule 45: minimize Plaintiff's burden and expense in serving and potentially litigating these non-party subpoenas, while greatly increasing and indeed maximizing the burden and expenses upon non-parties. Plaintiff's motion, contrary to Rule 45, would in fact transfer the burden and expense of proceeding in a distant forum from Plaintiff to the non-parties, who would now be required to bear the expense of proceeding in a forum that is most convenient and inexpensive only for Plaintiff. The effect would be unfairly to force non-parties to choose between incurring the undue and unfair burden and expense of litigating these subpoenas in a distant forum, or simply swallowing the undue burden and expense imposed by Plaintiff's subpoenas. This is neither authorized by the statutes Plaintiff cites nor permitted by Rule 45.

**CONCLUSION**

For all the above reasons, Plaintiff's Motion should be denied.

Respectfully yours,

Richard G. Placey (DE I.D. No. 4206)
Richard M. Donaldson (DE I.D. No. 4367)

RGP:pal
Attachments

cc:  William Markovits, Esquire (w/attachments, via mail)
     Kimberly S. Amrine, Esquire (w/attachments, via mail)
     Robert B. Craig, Esquire (w/attachments, via mail)
     All counsel listed on attached e-mail listing (w/attachments, via e-mail)

App. 58

Hon. J. Gregory Wehrman
May 16, 2006
Page 6

Kentucky Speedway, LLC v. National Association of Stock Car
Auto Racing, Inc. et al; Civil Action No. 2:05-cv-00138-WOB (E.D.Ky.)

List of Counsel's email addresses:

billmarkovits@wsbclaw.com;
dfilkin@duch.com;
faystilz@wsbclaw.com;
jcummins@wsbclaw.com;
jnelson@susmangodfrey.com;
lthrailkill@thwb-law.com;
ssusman@susmangodfrey.com;
vbhatia@susmangodfrey.com;
bmarkovits@mgattorneys.com;
mguilfoyle@dbllaw.com;
hmaher@bsfllp.com;
kamrine@fbtlaw.com;
mblickensderfer@fbtlaw.com;
ssnyder@fbtlaw.com;
cbrophy@jenkens.com;
donson@taftlaw.com;
gwade@jenkens.com;
mswindle@jenkens.com;
craigr@taftlaw.com;
racker@jenkens.com

App. 59

## Placey, Richard

| | |
|---|---|
| **From:** | Justin A. Nelson [jnelson@SusmanGodfrey.com] |
| **Sent:** | Friday, July 07, 2006 7:25 PM |
| **To:** | Placey, Richard |
| **Subject:** | Revised Subpoena |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |



33012.pdf (548 KB)

        Richard --

Please find attached a revised subpoena for your client.  We withdraw our previous
subpoena to you issued from the District of Delaware.  You have informed me that you are
authorized to accept service on behalf of your client.

Best Regards,

Justin A. Nelson
Susman Godfrey
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206-516-3867

This message is intended only for the people to whom it is addressed and is intended to be
a confidential attorney-client communication.  If this message is not addressed to you,
please delete it and notify me. .

1

App. 60

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ DELAWARE

Kentucky Speedway, LLC
V.
National Association for Stock Car

Auto Racing, Inc., *et al.*

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   2-05-CV-138
(currently pending in Eastern
District of Kentucky)

TO:   Dover Motorsports, Inc.
1131 North DuPont Highway
Dover, Delaware 19901

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

X YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
| --- | --- |
| Brandywine Process, 2500 Delaware Ave., Wilmington, DE 19806 (800) 899-2577 | July 24, 2006 (or at place and time otherwise agreed by counsel) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff Kentucky Speedway, LLC | DATE<br>July 7, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Justin A. Nelson, Susman Godfrey L.L.P., 1201 Third Avenue, Suite 3800, Seattle, WA 98101-3000  (206) 516-3880

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

676444v1/008870

*App. 61*

[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

App. 62

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

App. 63

**EXHIBIT A**

**DEFINITIONS**

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3.    "Person" means any natural person or any business, legal or governmental entity or association.

4.    The term "RELATED TO" or "RELATED THERETO" or "RELATING TO" or "RELATING THERETO" or "REFLECTING" when used with respect to a given subject matter or the content of DOCUMENTS means any DOCUMENT or thing that sets forth, describes, reflects, constitutes, concerns, contains, embodies, identifies, states, refers to, or is in any other way relevant to a given subject or transaction.

5.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside if its scope.

6.    The term "NASCAR" shall mean the National Association for Stock Car Auto Racing, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

App. 64

7.     The term "ISC" or "INTERNATIONAL SPEEDWAY" shall mean International Speedway Corp. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on its behalf.

8.     The terms "YOU" and "YOUR" shall mean Dover Motorsports, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

9.     The term "NEXTEL CUP" shall mean the NASCAR Nextel Cup Series and the NASCAR Winston Cup Series.

10.    The term "KENTUCKY SPEEDWAY" means Kentucky Speedway, LLC and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on their behalf.

11.    The term "person" means natural persons, corporations, firms, partnerships, unincorporated associations, trusts or other legal, business or governmental entities.

12.    "Relating to"; "respecting"; "in respect of"; "relative to"; "relate to"; "related to"; "regarding"; "reflecting"; "evidencing"; "concerning"; "discussing"; "recording"; "analyzing"; "describing"; "summarizing"; "referring to"; or "commenting on the subject matter referred to in each request" have as broad a scope as the discovery permitted under the mutual agreement of the parties or under Federal Rule of Civil Procedure 26(b), whichever is broader.

13.    "Racetrack" means any venue that has hosted or seeks to host any NASCAR-sanctioned event, including Nextel Cup, Busch, and Craftsman Truck Series races, and includes any officer,

App. 65

director, official, employee, agent, attorney, expert, trustee, consultant or representative of the racetrack, and any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on the racetrack's behalf. The term includes those venues that have not yet been built so long as the venue would seek to host a NASCAR-sanctioned event if constructed.

14.     "Owned by" means those racetracks where you hold a controlling ownership interest.

15.     "Ownership interest" means owning all or part of a corporation, joint venture, partnership, or other business, person, or entity, either directly or indirectly.

## INSTRUCTIONS

1.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each party shall produce the requested documents as they are kept in the usual course of business. Documents should be marked to indicate the identity of the individual party producing such documents.

2.     If any document responsive to any of these requests is withheld by asserting any privilege or immunity from production, submit a schedule at the time of production setting forth for each document withheld, the following information:

   a.     The type of document (e.g., letter, memorandum, etc.);

   b.     The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

   c.     The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

   d.     If the documents reflect or refer to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; the subject matter of the information contained in the document;

App. 66

e.     The nature of the privilege or immunity asserted; and

f.     A brief explanation of why the document is believed to be privileged or immune from production.

3.     Produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

4.     All documents should be produced in their entirety, including all attachments and enclosures, along with their original folders, binders, or other covers or containers.

5.     If, for any reason, any of the documents or tangible things to be produced by any plaintiff pursuant to this request have been destroyed, lost or otherwise disposed of, state for each category the following information:

a.     The date the document or tangible thing was lost, destroyed or disposed of;

b.     All witnesses who have knowledge of the loss, destruction or disposal of the object or tangible thing; and

c.     The details concerning the loss of such documents, including the reason for the destruction or disposal and the person authorizing it.

## TIME PERIOD

Unless otherwise stated in a Request, produce all responsive documents created on or after January 1, 1997.

## DOCUMENTS TO BE PRODUCED

1.     Any document, including any external or internal emails, regarding the terms of a NASCAR cup sanctioning agreement.

2.     Any internal document regarding the Nascar sanctioning agreements.

App. 67

3.    Any document reflecting any discussion or communication regarding the changes to the sanctioning agreement.

4.    Any document reflecting negotiations as to any NASCAR Nextel Cup race.

5.    Any document reflecting the market power or anticompetitive behavior of NASCAR and/or ISC.

6.    Any demographic study showing the type or geographic location of fans that attend a Nascar-sanctioned race at your racetrack

7.    Any demographic study showing the type or geographic location of fans that attend an IRL, CART, or Formula 1 race at your racetrack.

8.    Any documents showing any communications between you and Nascar and/or ISC regarding Nascar Nextel Cup races regarding adding a race to the schedule, transferring a race to another racetrack, withdrawing a race, the location of the race, the fan base of the race, denying a race, or other geographic locations where a Nextel Cup race might occur.

9.    Any documents regarding Kentucky Speedway, specifically excluding communications between you and Kentucky Speedway as well as publicly-available documents such as race schedules.

App. 68

## Placey, Richard

| | |
|---|---|
| **From:** | Placey, Richard |
| **Sent:** | Tuesday, October 24, 2006 4:14 PM |
| **To:** | 'Justin A. Nelson' |
| **Cc:** | 'Tammie J. DeNio'; hmaher@bsfllp.com; gwade@jenkens.com; fredlowrance@parkerpoe.com |
| **Subject:** | Kentucky Speedway v. NASCAR, et al. |

I have seen the motion related to SMI.  Is my understanding from our call that Plaintiff proposes to file a similar motion seeking relief against Dover, but will not be serving the complete motion upon Dover's counsel because it claims that some or all of the sections are confidential.   While I will not review everything we discussed in our call, I did want to confirm in writing my position that it would be a violation of multiple rules for Plaintiff to fail to serve Dover with a full and complete copy of any motion that it files seeking relief against Dover.

If Plaintiff is making a substantive argument, Dover must be served with the entire argument and everything that Plaintiff submits to the Court in support of that argument.  If Plaintiff believes that the argument is confidential, it is up to Plaintiff at Plaintiff's expense to either (1) delete the argument or (2) arrange for modification of whatever restrictions that Plaintiff believes that it is under that restrict its ability to serve Dover with a true and correct copy of any motion that it submits to the Court.

From where I sit it is apparent Plaintiff does not want to bear the costs of litigating its case as Plaintiff, including the costs of dealing with the confidentiality restrictions that Plaintiff is under and the costs that it seeks to impose by its subpoenas to Dover.  However, Plaintiff may not continue to try to shift those costs onto non-parties.  For that reason among others, Plaintiff may not violate the service rules by failing to serve a full copy of its motion upon Dover, simply because it is more convenient and less costly for Plaintiff to do so than to comply with <u>both</u> the service rules and the confidentiality restrictions in place in the main litigation.  Please consider this an amendment to the previously served Rule 11 motion.

Richard G. Placey
(admitted in DE, PA, NJ and IL)
Montgomery, McCracken, Walker & Rhoads LLP
300 Delaware Avenue, Suite 750
Wilmington DE 19801
Telephone: (302) 504-7880
Fax. (302) 504 7820
Philadelphia (PA) Telephone (215) 772-7424
Cherry Hill (NJ) Telephone (856) 488-7700

1

App. 69

## Placey, Richard

| | |
|---|---|
| **From:** | Placey, Richard |
| **Sent:** | Thursday, October 26, 2006 12:48 PM |
| **To:** | 'Justin A. Nelson' |
| **Cc:** | jseaman@bmf-law.com; hmaher@BSFLLP.com; gwade@jenkens.com |
| **Subject:** | RE: Kentucky: Teleconference with Judge Jordan |

You have an obligation to serve it, and if you need to get agreement or an order then you need to do that.  Right now Kentucky is in violation, and in fact has presented a motion without serving the party against whom it seeks relief, with a full copy of that motion.
-----Original Message-----
From: Justin A. Nelson [mailto:jnelson@SusmanGodfrey.com]
Sent: Thursday, October 26, 2006 12:45 PM
To: Placey, Richard
Cc: jseaman@bmf-law.com; hmaher@BSFLLP.com; gwade@jenkens.com
Subject: Re: Kentucky: Teleconference with Judge Jordan


Richard, as I have told you, I am happy to do so assuming the defendants agree.




-----Original Message-----
From: Placey, Richard <RPlacey@mmwr.com>
To: Justin A. Nelson
CC: jseaman@bmf-law.com <jseaman@bmf-law.com>; Helen Maher <hmaher@BSFLLP.com>;
gwade@jenkens.com <gwade@jenkens.com>
Sent: Thu Oct 26 11:42:56 2006
Subject: RE: Kentucky: Teleconference with Judge Jordan

Just to reiterate, having presented it to the Court, Kentucky has an obligation under the rules to serve me with an unredacted version of the motion as well.

-----Original Message-----
From: Helen Maher [mailto:hmaher@BSFLLP.com]
Sent: Thursday, October 26, 2006 12:20 PM
To: Justin A. Nelson; gwade@jenkens.com; Placey, Richard
Cc: jseaman@bmf-law.com
Subject: RE: Kentucky: Teleconference with Judge Jordan


Justin-
You say "re-sent"---please let us know when you initially sent it to us.
Thanks-
Helen

_____

From: Justin A. Nelson [mailto:jnelson@SusmanGodfrey.com]
Sent: Thu 10/26/2006 12:20 PM
To: Helen Maher; gwade@jenkens.com; rplacey@mmwr.com
Cc: jseaman@bmf-law.com
Subject: Re: Kentucky: Teleconference with Judge Jordan



Just re-sent the unredacted motion.



-----Original Message-----
From: Helen Maher <hmaher@BSFLLP.com>

1                                        App. 70

To: Justin A. Nelson; gwade@jenkens.com <gwade@jenkens.com>; rplacey@mmwr.com <rplacey@mmwr.com>
CC: jseaman@bmf-law.com <jseaman@bmf-law.com>
Sent: Thu Oct 26 11:12:08 2006
Subject: RE: Kentucky: Teleconference with Judge Jordan

Ok, just make sure you indicate when you sent it.

---

From: Justin A. Nelson [mailto:jnelson@SusmanGodfrey.com]
Sent: Thu 10/26/2006 12:13 PM
To: Helen Maher; gwade@jenkens.com; rplacey@mmwr.com
Cc: jseaman@bmf-law.com
Subject: Re: Kentucky: Teleconference with Judge Jordan

Helen - I thought we had, but will have it re-sent.

-----Original Message-----
From: Helen Maher <hmaher@BSFLLP.com>
To: Justin A. Nelson; gwade@jenkens.com <gwade@jenkens.com>; rplacey@mmwr.com <rplacey@mmwr.com>
CC: jseaman@bmf-law.com <jseaman@bmf-law.com>
Sent: Thu Oct 26 11:06:20 2006
Subject: RE: Kentucky: Teleconference with Judge Jordan

Justin-
Did you send an unredacted copy of the motion against Dover to anyone, including NASCAR and ISC? Please forward the email containing the unredacted version to at least Guy and me.
Thanks-
Helen

---

From: Justin A. Nelson [mailto:jnelson@SusmanGodfrey.com]
Sent: Thu 10/26/2006 10:31 AM
To: gwade@jenkens.com; Helen Maher; rplacey@mmwr.com
Cc: jseaman@bmf-law.com
Subject: Fw: Kentucky: Teleconference with Judge Jordan

See below from my Delaware local counsel.  Please let me and John know ASAP.

-----Original Message-----
From: John Seaman <jseaman@bmf-law.com>
To: Justin A. Nelson
CC: Tammie J. DeNio; Julie Zebley <JZebley@bmf-law.com>
Sent: Thu Oct 26 08:55:07 2006
Subject: Kentucky: Teleconference with Judge Jordan

Justin,

Judge Jordan's assistant called and wants to schedule a teleconference with all parties today at 2:00 p.m.  Can you do it? Can you contact NASCAR, Dover and ISC's counsel?  I'll set up the call.

John M. Seaman

App. 71

Bouchard Margules & Friedlander, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Phone: (302) 573-3508

Fax: (302) 573-3501

Mobile: (302) 650-7479

jseaman@bmf-law.com

_____

The information contained in this transmission may contain privileged and confidential
information. It is intended only for the use of the
person(s) named above. If you are not the intended recipient, you are hereby notified that
any review, dissemination, distribution or duplication of this communication is strictly
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.

_____

*********************************************************************
*****
********
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state
otherwise, we inform you that any U.S. federal tax advice contained in this communication
(including any attachments) is not intended or written to be used, and cannot be used, for
the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any transaction or matter addressed herein.
*********************************************************************
*****
********
The information contained in this electronic message is confidential information intended
only for the use of the named recipient(s) and may contain information that, among other
protections, is the subject of attorney-client privilege, attorney work product or exempt
from disclosure under applicable law. If the reader of this electronic message is not the
named recipient, or the employee or agent responsible to deliver it to the named
recipient, you are hereby notified that any dissemination, distribution, copying or other
use of this communication is strictly prohibited and no privilege is waived. If you have
received this communication in error, please immediately notify the sender by replying to
this electronic message and then deleting this electronic message from your computer.
[v.1]

App. 72