IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KENTUCKY SPEEDWAY, LLC** | : | CASE NO. |
| | : | |
| Plaintiff, | : | 1:06-MC-00203 *** |
| | : | |
| vs. | : | |
| | : | |
| **NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, INC.**, *et al.* | : | |
| | : | |
| | : | |
| Defendants. | : | |

**KENTUCKY SPEEDWAY'S RESPONSE TO MOTION TO STRIKE AND
<u>REPLY TO MOTION TO COMPEL</u>**

Dover's Motion to Strike and Opposition to the Motion to Compel is wrong on the facts and the law. Kentucky Speedway's Motion to Compel comports with due process and service, and Kentucky Speedway seeks highly relevant documents from Dover with requests that are neither unduly burdensome nor vague. In its original motion, Kentucky Speedway informed the Court that the discovery cutoff in the underlying litigation was January 12, 2007. Kentucky Speedway now informs the Court that both Kentucky Speedway and the defendants in the underlying suit have jointly submitted a proposed order agreeing to a three-week extension of fact discovery until January 31, 2007.

**I.     This Court Should Not Grant Dover's Motion to Strike Because the Motion to Compel Does Not Violate Due Process or Service**

Besides citing to general nostrums about due process and service, Dover does not point to a single case where a court has held that service of a motion containing partly redacted information violates either the service requirements of the Federal Rules or the

constitutional requirements of due process. Instead, it asks this Court to make new law and hold that redacting a portion of a motion containing highly confidential material subject to protection by a Federal Court (1) violates due process rights despite the common practice of submitting protected information for *in camera* review and (2) violates the Federal Rules' service requirements despite the fact that Dover was served with the Motion. Both arguments are mistaken.

Dover argues, contrary to established law, that it would violate due process for the Court to review the highly confidential material *in camera* before ruling on the Motion to Compel. In fact, *in camera* review of documents is a procedure commonly used for balancing the due process rights of one party against a claim of confidentiality or privilege asserted by another party. *See*, *e.g.*, *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) (proposing that *in camera* review of documents would best balance the State's interest in confidentiality of documents with the defendant's due process interest in information that could change the outcome of his trial); *U.S. v. Cuthbertson*, 630 F.2d 139, 148 (3d Cir. 1980) (*in camera* review was appropriate way to balance privilege holder's rights against defendant's due process rights).

Kentucky Speedway redacted its Motion to Compel because it was *required to do so* under the Protective Order entered by the United States District Court for the Eastern District of Kentucky. The highly confidential material is from the defendants in the underlying suit, not from Kentucky Speedway. Indeed, Kentucky Speedway has made clear on numerous occasions that it has no quarrel with Dover about sharing these documents with counsel for Dover. But it is not Kentucky Speedway's right. It is the right of the defendants. Kentucky Speedway has asked the defendants at least twice to

allow counsel for Dover access to the material, and they have refused. Kentucky Speedway asked when the motion was originally filed and once again after it received Dover's response. Both times, the defendants in the underlying case stated that because the Protective Order does not cover Dover, counsel for Dover cannot see it. *See* email exchange between Justin Nelson, counsel for Kentucky Speedway, and Guy Wade, counsel for ISC (attached as exhibit 1); email exchange between Justin Nelson, counsel for Kentucky Speedway, and Helen Maher, counsel for NASCAR (attached as exhibit 2).

Dover's due process argument appears to be premised in large part on the fact that Kentucky Speedway has not moved in the Kentucky Court to allow Dover access to the information. But Dover has the ability to move for access in the Kentucky Court and has not done so. Instead, Dover wants Kentucky Speedway to litigate Dover's ability to access highly confidential information and have this Court hold that Kentucky Speedway's refusal to litigate on behalf of a third party violates due process. As a non-party recipient of a subpoena, Dover has the right to appear before the Court in the Eastern District of Kentucky and either move to quash the subpoena or request that the protected documents be unsealed. That Dover has not availed itself of these options does not render Kentucky Speedway's motion an unconstitutional *ex parte* communication. Nor should Dover's failure to take these steps require Kentucky Speedway to defend, in this Court, defendants' refusal to allow disclosure of the protected documents.

Indeed, Dover's argument that its due process rights were violated presumably would remain the same even if Kentucky Speedway litigated the issue on behalf of Dover and lost. The sole reason why Dover does not have access to the highly confidential part of the motion is because that part contains a brief description of highly confidential

3

material that is protected from public view by a court order. Under any sort of balancing test, Kentucky Speedway's service of a redacted Motion to Compel in order to comply with a Protective Order from a sister federal court and the explicit wishes of the defendants does not violate due process.

To satisfy due process requirements, notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In the case of motions, Rule 7(b)(1) requires that "[a]n application to the court for an order . . . shall be made in writing [and] shall state with particularity the grounds therefore." FED. R. CIV. P. 7(b)(1). While Rule 7 is grounded in the notice requirement, *see Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1227 (10th Cir. 2006) (citation omitted), the Rule is meant "to give simple and elastic procedure without too much emphasis on form." *Raughley v. Pennsylvania R. Co.*, 230 F.2d 387, 391 (3d Cir. 1956). Thus, a motion will be sufficient if it provides a party a meaningful opportunity to respond. *See Andreas v. Volkswagen of America, Inc.*, 336 F.3d 789, 793 (8th Cir. 2003) (quotations omitted).

Dover claims that it cannot reasonably respond to the redacted Motion to Compel because it does not know whether the documents requested are "really relevant based on the 'highly confidential' documents, whether Kentucky can get the documents another way, or whether Kentucky has a substantial need for the documents." Dover Br. 11. Dover's concerns are misplaced.

*First*, as noted by Dover, Kentucky Speedway has already considerably narrowed the document requests. The remaining requests are not overbroad, especially not to the extent that their breadth would constitute a violation of due process. However, if, after *in*

4

*camera* consideration of the protected material, the Court finds that any of the requests are too broad, the Court may narrow or strike the request as it deems appropriate. On these facts, that is all the protection necessary to satisfy due process requirements.

*Second*, the subpoena's requests are relevant to Kentucky Speedway's allegations of conspiracy, and as discussed below, Dover's objection to the relevance of the requests is misguided. As a general rule, "[w]here allegations of conspiracy to restrain trade and intent to monopolize are at issue . . . a broad scope for discovery is appropriate because the conspiracy may involve actors outside of the plaintiff's geographic market." *Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 219 (D. Del. 1985). Kentucky Speedway's requests are facially within the scope of its allegations, and thus, Dover has no legitimate objection based on relevance.

*Third*, Kentucky Speedway subpoenaed these documents precisely because it did not have them and because it cannot get the information directly from defendants or from public sources. The claim that Kentucky Speedway seeks to make Dover its "unpaid research assistant," Dover Br. 13, is inappropriate and unfounded. Kentucky Speedway merely seeks the documents that it needs to conduct further discovery and to prove its case.

*Fourth*, Dover has not been prejudiced in objecting to the motion. The only material that was redacted from the Motion to Compel is a description of the documents that defendants have marked "highly confidential." Dover's ability to raise a legitimate objection to the requests – either on the basis of privilege, confidentiality, overbreadth, or lack of particularity – has not been compromised by the redaction. Indeed, pages 13 through 17 of Dover's Opposition Brief argue, in detail, as to why certain of the requests

5

are inappropriate. Indeed, to the extent it is warranted, this Court need not rely on the redacted portion of the motion, as that part simply gives context to the arguments and reasons why Kentucky Speedway needs access to Dover's documents.

Finally, Dover makes the novel argument that the Motion to Compel should be stricken because the redaction constitutes a failure of service under Rule 5 of the Federal Rules of Civil Procedure. In support of this point, Dover cites one case, a 1943 case from the District of Nebraska -- *Petersen v. Chicago, Great W. Ry. Co.*, 3 F.R.D. 346, 346-47 (D. Neb. 1943). Even that case, however, does not support Dover's motion because there, the court found that a motion for new trial should be stricken for lack of service where the party filed it with the court *but failed to serve it on the opposing party*. Here, Dover was served. The only claimed deficiency is that there were a couple pages marked as "redacted" in the version it received. Dover's suggestion that redaction of the motion constitutes a complete failure of service is inconsistent with the long tradition in the federal courts of redacting pleadings and motions when the law so requires.[1]

## II.     This Court Should Grant Kentucky Speedway's Motion to Compel

On the merits, this Court should enforce the subpoena as narrowed by the 22 categories of documents.[2] These requests are not vague and are highly relevant to the underlying action. As a preliminary matter, as Dover admits, "the party resisting

---

[1] Under the stipulated briefing schedule, Kentucky Speedway and Dover have agreed that Dover shall be entitled to a Reply on its Motion to Strike. Dover's Motion to Strike addresses only the due process and service points, and Dover's Reply on the Motion to Strike should be so limited as well.

[2] Dover states in its motion that Kentucky Speedway seeks documents from 1992 to the present. As Dover, should be aware, however, Kentucky Speedway now seeks documents only from 1997 to the present, and has told Dover of this. Planning for Kentucky Speedway began in 1997 and the relevant events and activities in the underlying suit regarding market, market definition, and conspiracy stretch back at least that far. For the record, Kentucky Speedway stipulates that it is seeking documents only from 1997 to the present.

6

discovery typically comes forward with a showing on the burden." Response at 12. Here, Dover is the party resisting discovery and regardless of who has the burden, Kentucky Speedway seeks documents relevant and necessary to proving its antitrust case. Dover has not given this Court any valid reason for refusing to enforce this subpoena as modified by the 22 categories of documents attached as Exhibit 3 to the original Motion to Compel.

*The Requests Are Specific*: Dover argues that requests 3, 4, 7, 8, 9, 11, 13, 14, 17, 18, 19, 20, 21, and 22 should be stricken because they are overbroad. But the terms of these requests themselves belie Dover's arguments. Categories 7, 8, 9, 11, 18, 19, 20, 21, and 22 are incredibly specific and target either a particular type of communication or communication with particular individuals. Indeed, for these categories, it is hard to be more specific. Likewise, categories 3 and 17 relate to a particular type of communication between Dover and the defendants and are specific as possible.

Dover singles out categories 4, 13, and 14 in particular as being overbroad and vague. But these categories seek discrete pieces of information related to fundamental activity that is at issue in the underlying suit. Request 13, for example, seeks evidence of anticompetitive behavior by the defendants. While the request is not geared toward a specific incident, it is directed at a specific type of activity. Likewise, request 4 seeks evidence of the defendants' market power and market share. It should be evident on the face of these documents whether they respond to the specific request. And request 14 seeks evidence of business relationships with other tracks in order to determine whether Dover and ISC have a motivation to conspire together.

7

Finally, as Dover is aware, Kentucky Speedway has stipulated that all the requests are only at the officer and director level. In other words, Dover will not have to search all of its employees but rather a narrow subset of people likely to have information of high relevance to Kentucky Speedway's case.

*The Requests are Relevant*: Dover also argues that some of the requests are irrelevant. But all of these requests go directly to communications about market power; (3, 7, 16, 17); specific types of anticompetitive behavior (7, 8,) evidence of a conspiracy or coordination between Dover and the defendants (11, 14, 17, 18); damages (10); communications to and from a narrow subset of individuals at the defendants most likely to have relevant knowledge (11); and even communications about the plaintiff itself (9, 19). Dover singles out two requests as being irrelevant – requests 10 and 22.

Request 10 is directed to damages, and Dover points to a statement by counsel for Kentucky Speedway at the hearing on the Motion to Dismiss. Dover maintains that because Kentucky Speedway stated that it will not "measure our damages by profits being made by tracks currently hosting NEXTEL Cup races," Kentucky Speedway does not need damage information. Dover, however, is misinterpreting this sentence and the context of this sentence. Kentucky Speedway reiterates that the measure of its damages are not the profits that NEXTEL Cup tracks *currently* makes. Instead, the measure of damages is what Kentucky Speedway *would make* in an open market. That was the context of the statement – that Kentucky Speedway does not wish to join a cartel. But in measuring what Kentucky Speedway would make in an open market, the amount of profit made by tracks currently is relevant as a baseline for establishing the amount of profit in an open market. Even though the final damages number will not be the amount of profit

8

a track now makes, Kentucky Speedway nevertheless needs that information to be able to calculate the amount of profit a track would make in an open market.

*A Protective Order Exists Here*:  Dover maintains that it should not have to give *counsel* for Kentucky Speedway access to documents because *before the litigation began*, Dover maintains that the client violated an agreement not to talk about negotiations between the parties.  But even if true, this alleged "breach" occurred in the context of business negotiations between the parties before litigation was filed and certainly before a protective order was entered.  Moreover, and more fundamentally, *the client will not see the documents* if Dover marks the documents "highly confidential."  As evidenced by Dover's arguments on due process, the Protective Order is highly restrictive and specifically contemplates that the parties themselves – including Kentucky Speedway, NASCAR, and ISC – will not see the documents.

*Kentucky Speedway Has Attempted to Obtain Documents from the Defendants*: Dover argues that Kentucky Speedway should not even be allowed to see certain documents in Dover's possession because presumably the defendants already gave these documents to Kentucky Speedway.  But this argument is wrong on two fundamental grounds.  *First*, Kentucky Speedway has the right to see whether other communications exist between Dover and the defendants besides those that have been produced in this case.  Indeed, the defendants themselves have produced very few documents showing communications between them and Dover.  One of the primary reasons why Kentucky Speedway seeks documents from Dover is because Kentucky Speedway has not obtained a substantial amount of production from the defendants.  Kentucky Speedway can subpoena a third party for the precise reason of obtaining relevant documents that no

9

longer are in the possession of the defendants for whatever reason. *Second*, Kentucky Speedway will stipulate that it does not need documents identical to those produced by the defendants. But Dover must conduct a search to determine whether there are other documents that exist and in order to compare Dover's production with the defendants'.

For all these reasons, this Court should enforce the subpoena as narrowed by the 22 categories of documents. Kentucky Speedway has tried in good faith to obtain documents from Dover since May, and at each point, Dover has objected. The documents Kentucky Speedway now seeks are highly relevant and pertinent to the case.

### III.   Conclusion

This Court should grant Kentucky Speedway's Motion to Compel and Deny Dover's Motion to Strike.

Respectfully Submitted,

Of counsel:

BOUCHARD MARGULES & FRIEDLANDER, P.A.

Stephen D. Susman  
Vineet Bhatia  
Susman Godfrey, L.L.P.  
1000 Louisiana St., #5100  
Houston, TX 77002  
(713) 651-9366  
(713) 654-6666 (facsimile)  
ssusman@susmangodfrey.com  
vbhatia@susmangodfrey.com  

Justin A. Nelson  
Susman Godfrey, L.L.P.  
1201 Third Avenue, #3800  
Seattle, WA 98101  
(206) 516-3880  
(206) 516-3883 (facsimile)  
jnelson@susmangodfrey.com  

By /s/ John M. Seaman  
Joel Friedlander (I.D. No. 3163)  
John M. Seaman (I.D. No. 3863)  
222 Delaware Avenue, Suite 1400  
Wilmington, DE 19801  
Telephone: 302.573.3500  
jfriedlander@bmf-law.com  
jseaman@bmf-law.com  

Dated: December 26, 2006

# EXHIBIT 1

```
From: Wade, Guy I. [mailto:GWade@jenkens.com]
Sent: Fri 12/15/2006 7:40 PM
To: Justin A. Nelson; Helen M. Maher; Matthew C. Blickensderfer; Swindle, Melissa; Robert
B. Craig; Stuart H. Singer
Cc: Bill Markovits; David Filkin; Fay Stilz; James R. Cummins; Jeff McLaren; Jerry
Carroll; Larry Thrailkill; Mark D. Guilfoyle; Mark Simendinger; Paul DeMarco; Richard G.
Meyer; Stan Chesley; Steve Susman; Tammie J. DeNio; Vineet Bhatia
Subject: RE: Third Party Access To Protective Order
```

Justin,

The only thing you ever asked me is if ISC would consent to you disclosing ISC's highly confidential documents, which you attached to various discovery motions filed against third parties, to Fred Lowrance and Dick Placey. Because Fred and Dick represent direct competitors of ISC and they are in no way parties to this case, I told you back in October that ISC would not consent to such a disclosure by you. That remains ISC's position today. Let me know if you have any questions.

Guy

```
    -----Original Message-----
    From: Justin A. Nelson [mailto:jnelson@SusmanGodfrey.com]
    Sent: Thursday, December 14, 2006 3:46 PM
    To: Guy I. Wade, III; Helen M. Maher; Matthew C. Blickensderfer; Melissa Swindle;
Robert B. Craig; Stuart H. Singer
    Cc: Bill Markovits; David Filkin; Fay Stilz; James R. Cummins; Jeff McLaren; Jerry
Carroll; Justin A. Nelson; Larry Thrailkill; Mark D. Guilfoyle; Mark Simendinger; Paul
DeMarco; Richard G. Meyer; Stan Chesley; Steve Susman; Tammie DeNio; Vineet Bhatia
    Subject: Third Party Access To Protective Order
```

    Guy and Helen -

    Is it still your position that (1) outside counsel for third parties subject to a subpoena (namely SMI and Dover) are not covered by the Court's protective order and therefore cannot access confidential and highly confidential information; and (2) you will not agree to amend the protective order to explicitly cover outside counsel? Please let me know.

    Best,

    Justin A. Nelson

    Susman Godfrey

1

1201 Third Avenue

Suite 3800

Seattle, WA 98101

206-516-3867


This message is intended only for the people to whom it is addressed and is intended to be a confidential attorney-client communication. If this message is not addressed to you, please delete it and notify me.


- JENKENS & GILCHRIST E-MAIL NOTICE - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.

This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

# EXHIBIT 2

```
From: Helen Maher [mailto:hmaher@BSFLLP.com]
Sent: Sat 12/16/2006 8:49 AM
To: Justin A. Nelson; Guy I. Wade, III; Matthew C. Blickensderfer; Melissa Swindle; Robert
B. Craig; Stuart Singer
Cc: Bill Markovits; David Filkin; Fay Stilz; James R. Cummins; Jeff McLaren; Jerry
Carroll; Larry Thrailkill; Mark D. Guilfoyle; Mark Simendinger; Paul DeMarco; Richard G.
Meyer; Stan Chesley; Steve Susman; Tammie J. DeNio; Vineet Bhatia
Subject: RE: Third Party Access To Protective Order
```

Justin-

As we indicated to you on October 25, NASCAR does not consent to disclosure of NASCAR's highly confidential material to counsel for Dover and/or SMI.

Regards-

Helen

```
From: Justin A. Nelson [mailto:jnelson@SusmanGodfrey.com]
Sent: Thursday, December 14, 2006 4:46 PM
To: Guy I. Wade, III; Helen Maher; Matthew C. Blickensderfer; Melissa Swindle; Robert B.
Craig; Stuart Singer
Cc: Bill Markovits; David Filkin; Fay Stilz; James R. Cummins; Jeff McLaren; Jerry
Carroll; Justin A. Nelson; Larry Thrailkill; Mark D. Guilfoyle; Mark Simendinger; Paul
DeMarco; Richard G. Meyer; Stan Chesley; Steve Susman; Tammie DeNio; Vineet Bhatia
Subject: Third Party Access To Protective Order
```

Guy and Helen -

Is it still your position that (1) outside counsel for third parties subject to a subpoena (namely SMI and Dover) are not covered by the Court's protective order and therefore cannot access confidential and highly confidential information; and (2) you will not agree to amend the protective order to explicitly cover outside counsel? Please let me know.

Best,

Justin A. Nelson

1

Susman Godfrey

1201 Third Avenue

Suite 3800

Seattle, WA 98101

206-516-3867

This message is intended only for the people to whom it is addressed and is intended to be a confidential attorney-client communication.  If this message is not addressed to you, please delete it and notify me.

***********************************************************************
IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, unless we expressly state otherwise, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
***********************************************************************
The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer.
[v.1]

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2006, I filed the foregoing **Kentucky Speedway's Response to Motion to Strike and Reply to Motion to Compel** with the Clerk of Court. I also caused a copy of the same to be served upon the following recipients by hand:

Richard G. Placey
Richard M. Donaldson
Montgomery, McCracken, Walker &
Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
Email: rplacey@mmwr.com
Email: rdonaldson@mmwr.com

In addition, I caused the foregoing document to be served on the following recipients by email and U.S. Mail:

Helen M. Maher
Boies, Schiller & Flexner LLP - New York
333 Main Street
Armonk, NY 10504
Email: hmaher@bsfllp.com

Robert B. Craig
Taft, Stettinius & Hollister, LLP - Covington
1717 Dixie Highway
Suite 340
Covington, KY 41011-4704
Email: craigr@taftlaw.com

Guy I. Wade, III
Melissa J. Swindle
Rodney Acker
Jenkens & Gilchrist, P.C. - Dallas
1445 Ross Avenue
Suite 3700
Dallas, TX 75202-2799
Email: cbrophy@jenkens.com
Email: gwade@jenkens.com
Email: mswindle@jenkens.com
Email: racker@jenkens.com

2

By  /s/ John M. Seaman
John M. Seaman (I.D. No. 3863)
BOUCHARD MARGULES & FRIEDLANDER, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE 19801
Telephone: 302.573.3500
jseaman@bmf-law.com