IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203*** |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

**REPLY BRIEF IN SUPPORT OF CROSS-MOTION TO STRIKE
ALL REDACTED PORTIONS OF PLAINTIFF'S MOTION TO
<u>COMPEL AGAINST NON-PARTY DOVER MOTORSPORTS, INC.</u>**

Dated: January 8, 2007

Richard G. Placey (DE I.D. No. 4206)
Richard M. Donaldson (DE I.D. No. 4367)
MONTGOMERY, McCRACKEN,
  WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
Tel:  (302) 504-7880
Fax:  (302) 504-7820

Attorneys for Non-Party
Dover Motorsports, Inc.

Of Counsel:

Klaus M. Belohoubek, Esquire
Senior Vice President and General Counsel
Dover Motorsports, Inc.
Concord Plaza
3505 Silverside Road
Plaza Centre Bldg., Suite 203
Wilmington, DE  19810

2144561v1

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. THE MOTION TO STRIKE SHOULD BE GRANTED AND ALL REDACTED PORTIONS OF THE MOTION TO COMPEL SHOULD BE STRICKEN ...................... 3

    A. The Redacted Portions of the Motion to Compel Should be Stricken Because Failure to Serve Dover with the Redacted Portions Violates Dover's Rights to Due Process ........................................................................ 3

    B. The Redacted Portions of the Motion to Compel Should be Stricken Because Plaintiff has Failed to Properly Serve that Motion Under Federal Rule of Civil Procedure 5 ........................................................................................ 7

III. CONCLUSION……………………………...…………………………………………8

# TABLE OF AUTHORITIES

Page

**CASES**

*Abourezk v. Reagan*, 785 F.2d 1043 (D.C. Cir. 1986) *aff'd by an equally divided Court*, 484 U.S. 1 (1987) ............................................................................................................... 4

*Doe v. Gonzales*, 386 F. Supp. 2d 66 (D. Conn. 2005) .................................................................. 4

*Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) ............................................................................... 4

*Peterson v. Chicago Great W. Ry. Co.*, 3 F.R.D. 346 (D. Neb. 1943) .......................................... 7

*U.S. v. Cuthbertson*, 630 F.2d 139 (3d Cir. 1980) ....................................................................... 4

*Vining v. Runyon*, 99 F.3d 1056 (11th Cir. 1996) ................................................................... 4, 5

**RULES**

Federal Rule of Civil Procedure 7 ................................................................................................. 7

Federal Rule of Civil Procedure 5 ............................................................................................. 3, 7

## I. **INTRODUCTION**

Non-party Dover Motorsports, Inc. ("Dover") hereby submits this reply brief in support of its Cross-motion to Strike All Redacted Portions of Plaintiff's Motion to Compel Against Dover Motorsports, Inc. (D.I. 12) (the "Motion to Strike").[1] By this brief, Dover submits that the Motion to Strike should be granted and that all redacted portions of plaintiff's Motion to Compel Against Non-Party Dover Motorsports, Inc. (D.I. 1) ("Motion to Compel") should be stricken and should not be considered by the Court.

The undue burdens that plaintiff Kentucky Speedway, Inc. ("Plaintiff" or "Kentucky") has repeatedly put upon non-party Dover are underscored by Plaintiff's response to the Motion to Strike. Plaintiff failed to serve the redacted portions of the Motion to Compel, claiming that a Confidentiality Stipulation and Order that Plaintiff agreed to in the Kentucky Action limits its ability to do so, yet Plaintiff failed even to seek a modification of that stipulation. Indeed, although it is the litigant and it filed the redacted Motion to Compel, Plaintiff now claims that it is <u>non-party</u> Dover that should undertake the burden and expense of appearing in the underlying action, hiring counsel in Kentucky, subjecting itself to the jurisdiction of that Court, and seeking affirmative relief in the Kentucky Court so that Dover can respond to Plaintiff's motion here:

> … Dover has the ability to move for access in the Kentucky Court and has not done so…. As a non-party Dover has the right to appear [in Kentucky] and either move to quash or request that the protected documents be unsealed …

Kentucky Speedway's Response to Motion to Strike and Reply to Motion to Compel ("Plaintiff's Response" or "Plff.'s Resp.") at 3. However, Rule 45(c) requires Plaintiff to "take reasonable steps to avoid imposing undue burden and expense" on a non-party.

---

[1] For convenience and easy reference, the definitions and manner for citation of the Appendix used in the Brief of Non-Party Dover Motorsports, Inc. (1) in Support of Dover's Motion to Strike and (2) In Opposition to Plaintiff's Motion to Compel Against Dover Motorsports, Inc. (D.I. 13) ("Dover Br.") are adopted in this reply brief as well.

2144561v1

The subject argument exemplifies Plaintiff's ongoing contempt for and flagrant violations of Rule 45(c) ("Protection of Persons Subject to a Subpoena"), and highlights its repeated disregard for its obligations under Rule 45(c) to avoid imposing such undue burdens on Dover. Indeed, Plaintiff treats non-party Dover as just another party to the litigation, rather than following Rule 45's requirement that Plaintiff affirmatively act to avoid imposing undue burdens on a non-party. This is evident again here: seeking to make a non-party in Delaware bear the costs and burdens of going to Kentucky just to get access to a motion filed in Delaware seeking relief against that non-party is outrageous on its face. Moreover, the burdens go beyond just the costs. Kentucky's argument that Dover should appear in the Kentucky Court is a transparent attempt to mousetrap Dover into litigating these matters in the Kentucky Court (by affirmatively seeking relief there), even after Plaintiff was forced to withdraw its ill-considered motion to transfer this matter to Kentucky (see D.I. 1, 9 and 11)[2]. Thus, this argument is not just a violation of Rule 45, it is also transparent, and bad-faith, trickery.

With regard to the burdens that Plaintiff seeks to impose by requiring Dover to litigate in Kentucky just to get access to the full Motion to Compel, it cannot be forgotten that Plaintiff has repeatedly and in violation of Rule 45 sought to impose such undue burdens on Dover throughout the subpoena process. Plaintiff imposed such undue burdens by the abandoned Ohio subpoena, by the withdrawn motion for "nationwide service of subpoenas" in Kentucky, by the withdrawn and then reinstated First Delaware Subpoena and by the withdrawn transfer motion. *See* the discussion at Dover Br. 2-6; and App. 46-49, 54-59, and 60-68 respectively. In its

---

[2] As reflected in Dover's brief (D.I. 9) in opposition to the motion to transfer, and the cases cited therein, the Motion to Compel cannot be transferred or remitted to the Kentucky Court over Dover's objection. However, as also reflected in those cases, if Dover files a motion in the Kentucky Court and seeks relief there, it can then be required to litigate the Motion to Compel in Kentucky. A fuller discussion of this issue appears in that brief but, for purposes of this discussion, it is enough to note that Plaintiff's efforts to require Dover to go to and appear in the Kentucky Court just to get access to the full Motion to Compel is a trap as well as an undue burden.

response, Plaintiff does not dispute that it imposed all of these burdens, makes no effort to square them with its obligations under Rule 45(c), and makes no argument whatsoever in opposition to Dover's request for sanctions (made at pp 18-21 of the Dover Br.). In so doing, Plaintiff seems to recognize that its actions – individually, not to mention when taken as a whole – were unjustifiable impositions of undue burdens on Dover; accordingly, there is no argument in opposition to the imposition of Rule 45(c) sanctions. In light of this, and as will be set forth below, Plaintiff's failure to serve the unredacted motion cannot be excused, the Motion to Strike should be granted and sanctions should be imposed.

## II. THE MOTION TO STRIKE SHOULD BE GRANTED AND ALL REDACTED PORTIONS OF THE MOTION TO COMPEL SHOULD BE STRICKEN

### A. The Redacted Portions of the Motion to Compel Should be Stricken Because Failure to Serve Dover with the Redacted Portions Violates Dover's Rights to Due Process

Dover's Motion to Strike showed that Plaintiff's failure to serve the redacted portions of the Motion to Compel violated Dover's rights to due process because Dover does not have a meaningful opportunity to respond to the motion. Dover Br. at 9-11. In addition to the argument that Dover should go to Kentucky to get access to the Motion to Compel, Plaintiff offers several *ad hoc* arguments in opposition to the Motion to Strike, including the argument that Dover's due process rights can be protected by *in camera* review of the redacted portions. Plaintiff's Response at 1-3. Furthermore, Plaintiff argues that Dover's rights to due process are not violated because production of Dover's documents is appropriate. *Id.* at 4-5. As will be detailed below, Plaintiff's arguments are flawed, and due process accordingly requires that the redacted portions of the Motion to Compel be stricken with prejudice.

Plaintiff first responds that redacting the motion is equivalent to submitting documents *in camera* and that Dover challenges this "common practice." Plff.'s Resp. at 1-3. The authorities

-3-

2144561v1

cited by Plaintiff on this point are not on point and do not support Plaintiff's argument. Those cases[3] only involved *in camera* review of documents to determine whether they were privileged or discoverable – they did not involve *in camera* arguments. While limited *in camera* review of certain documents may be appropriate for the purpose of deciding whether to disclose those very documents, it is a "firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte*, *in camera* submissions." *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986), *aff'd by an equally divided Court*, 484 U.S. 1 (1987) (citing *In re Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981)). *See also Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996). "It is 'only in the most extraordinary circumstances [that] precedent countenances court reliance upon *ex parte* evidence to decide the merits of a dispute.'" *Doe v. Gonzales*, 386 F. Supp. 2d 66, 71 (D. Conn. 2005) (quoting *Jifry v. FAA*, 370 F.3d 1174, 1182 (D.C. Cir. 2004)) (emphasis added).[4]

With regard to this argument, Plaintiff would have the Court believe and hold that considering such arguments and exhibits/evidence *in camera* is the "common practice" and is established law which Dover seeks to reverse. Plff.'s Resp. at 2. In fact it is Plaintiff that is ignoring the established law. That law was summarized by the Court of Appeals for the Eleventh Circuit in reversing a District Court's grant of a motion – based on personnel files that were submitted *in camera* and which the opposing party was not permitted to see – in *Vining*. In that case, the Eleventh Circuit reversed based upon the use of the very process that Plaintiff urges the Court to use here. The District Court, in considering a motion for summary judgment,

---

[3] *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) and *U.S. v. Cuthbertson*, 630 F.2d 139 (3d Cir. 1980) cited at p. 2 of Plff.'s Resp.

[4] Note that this is exactly what the redacted exhibits to the Motion to Compel (Ex. 8 to 15) are: *ex parte* evidence.

reviewed, used and relied upon certain personnel files that were submitted in camera. *Id.* at 1057. Thus, like Dover here, the party opposing the motion could not see, comment upon or submit arguments based upon those submissions. On appeal, the Court of Appeals noted that, "due process 'encompasses the right to be aware of and refute the evidence' " on the merits, and that *in camera* review of files "for purposes of assisting factual determination … violates due process." *Id.* The Court therefore reversed, and held that while a court may use *in camera, ex parte* consideration of evidence to decide whether to permit the disclosure of or discovery of that evidence,

> … consideration of *in camera* submissions to determine the merits of litigation is allowable only when the submissions involve **compelling national security concerns** or the **statute granting the cause of action specifically provides for in camera resolution** of the dispute. [Citations omitted].

*Id.* at 1057 (emphasis added)[5]  Thus, determination of the merits of this motion on the basis of *in camera* submissions, which Plaintiff misleadingly tells the Court is a proper and "common practice," in fact is permitted only in instances of **compelling national security concerns** or **specific statutory authorization.** Plaintiff neither discloses the existence of this rule in its brief, nor argues that this case involves national security or statutory authorization as the rule requires. Plaintiff's failure to come to grips with the actual rule applicable to its *in camera* argument underscores that its argument is not simply meritless, it is vacuous.

Plaintiff also makes the disingenuous argument that it is required by the Confidentiality Stipulation and Order that it stipulated to in Kentucky (Motion to Compel Ex. 5) to redact the

---

[5] No one disputes that the Court could review the redacted material and exhibits *in camera* for the limited purpose of deciding whether that specific material and exhibits should be disclosed or discovered. However, that is not at issue and is not the point of Plaintiff's motion – Plaintiff wants the *in camera* material used to make a ruling against Dover on the merits of the motion. This is exactly what the *Vining* Court reversed as constitutionally impermissible.

Motion to Compel. Plff.'s Resp. at 2-3. This argument is laughable: nothing in the Confidentiality Stipulation and Order requires Plaintiff to include <u>any</u> reference to <u>any</u> confidential material in the Motion to Compel. Plaintiff has full control over the content of its motions, and chose to include the "confidential material." Once it chose to do so, Plaintiff was then required to serve the entire motion, without redactions, and if necessary seek appropriate modification of its Kentucky stipulation. Plaintiff's claim that the Kentucky Confidentiality Stipulation and Order authorizes *ex parte* filing of materials in this Court is as meritless as it is self-serving: Whatever the Kentucky Confidentiality Stipulation and Order may prohibit, it simply does not and cannot authorize Plaintiff to make *ex parte* filings in this Court.

Finally, Plaintiff argues that Dover's rights to due process in litigating the Motion to Compel are not implicated because the Motion to Compel is meritorious and should be granted. Plff.'s Resp. at 4-6. This argument completely misses the point. Although Dover believes that the substance of the Motion to Compel has no merit, the Motion to Strike is an objection to the unfairness of having to respond to arguments and evidence Dover has not seen – a classic due process violation. Therefore, for purposes of due process and the Motion to Strike, it is irrelevant that the subpoena requests are (or are not) overbroad, irrelevant, or seek documents available from the defendants. Instead, the relevant consideration is whether Dover has a fair and meaningful opportunity to respond to these substantive arguments and to make objections. Since Dover is unable to see the substance of Plaintiff's arguments and evidence (Ex. 8-15) for compelling production contained in the redacted portions, Dover does not have a fair and meaningful opportunity to respond to the motion.

Plaintiff ends this discussion by arguing out of both sides of its mouth: claiming that Dover "has not been prejudiced," while at the same time arguing to the Court that the redacted

portions "give context to the arguments and reasons why Kentucky Speedway needs access to Dover's documents." Plaintiff's Response at 5-6. Of course, both arguments cannot be correct: if the redacted exhibits and arguments do purport to provide such support for the Motion to Compel, then Dover has plainly been prejudiced because it cannot challenge them. This is precisely the purpose of Federal Rule of Civil Procedure 7's requirement that motions "state with particularity the grounds therefore." Fed. R. Civ. P. 7(b)(1). If Dover is unable to see the reasons why Plaintiff claims it needs access to Dover's documents, Dover cannot meaningfully respond to the Motion. As the *Abourezk* Court held, due process requires that

> … no party will be faced … with a decision against him based on evidence he was never permitted to see or rebut.

*Id.* at 785 F.2d 1061.

For each of those reasons, due process requires that the redacted portions of the Motion to Compel be stricken, so that a ruling will not be based on arguments and evidence that Dover was not permitted to see or rebut.

      **B.**    **The Redacted Portions of the Motion to Compel Should be Stricken Because Plaintiff has Failed to Properly Serve that Motion Under Federal Rule of Civil Procedure 5**

Dover's Motion to Strike also showed that Plaintiff failed to serve Dover with the redacted portions of the Motion to Compel in violation of Federal Rule of Civil Procedure 5. Dover Br. at 7-8. Plaintiff argues that Rule 5 is inapplicable here because there was not a complete failure to serve the motion as was the case in the *Peterson v. Chicago Great W. Ry. Co.*, 3 F.R.D. 346 (D. Neb. 1943) opinion cited in Dover's Brf. (p. 8). Plaintiff's Response at 6.

Here again, Plaintiff misses the mark. Dover never argued in its Motion to Strike that the entire Motion to Compel should be stricken. Instead, Dover argued that the redacted portions of the Motion to Compel should be stricken because it was those portions that Plaintiff refused to

serve. It is the unserved part of the Motion to Compel that Dover moves to strike, not the entire motion. Accordingly, just as the unserved motion was stricken in the *Peterson* case cited by Dover, so too here, the redacted portions of Plaintiff's Motion to Compel should be stricken.

The failure to serve these portions violates Rule 5. Accordingly, for this additional reason, the redacted portions of the motion should be stricken with prejudice and not be considered by the Court.

## III. CONCLUSION

For all the above reasons, and for the reasons previously set forth Dover's Br. (D.I. 13), the Motion to Strike should be granted, the redacted portions of the Motion to Compel should be stricken with prejudice and not considered by the Court, and sanctions should be imposed.

Respectfully submitted,

Dated: January 8, 2006

/s/ RGPlacey
Richard G. Placey (DE I.D. No. 4206)
Richard M. Donaldson (DE I.D. No. 4367)
MONTGOMERY, McCRACKEN,
 WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
Tel:  (302) 504-7880
Fax: (302) 504-7820

Attorneys for Non-Party
Dover Motorsports, Inc.

Of Counsel:

Klaus M. Belohoubek, Esquire
Senior Vice President and General Counsel
Dover Motorsports, Inc.
Concord Plaza
3505 Silverside Road
Plaza Centre Bldg., Suite 203
Wilmington, DE  19810

-8-

2144561v1

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-KAJ |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2007, I caused a true and correct copy of the Reply Brief In Support Of Cross-Motion To Strike All Redacted Portions Of Plaintiff's Motion To Compel Against Non-Party Dover Motorsports, Inc. to be served via electronic notice to the parties as provided by the electronic filing system and via United States First Class Mail, postage prepaid, upon the following at the addresses listed below:

John M. Seaman
Bouchard Margules & Freidlander PA
222 Delaware Avenue, Suite 1400
Wilmington DE 19801

 and

Justin A. Nelson
Susman Godfrey
1201 Third Avenue, Suite 3800
Seattle, WA 98101

*Attorneys for Plaintiff*

Kimberly S. Amrine
Frost Brown Todd LLC - Cincinnati
201 E. Fifth Street
2200 PNC Center
Cincinnati, OH 45202

*Attorneys for Defendant National*
*Association of Stock Car Auto Racing, Inc.*

Helen M. Maher
Boies, Schiller & Flexner LLP – New York
333 Main Street
Armonk, NY 10504

*Attorneys for Defendant National
Association of Stock Car Auto Racing, Inc.*

Robert B. Craig
Taft, Stettinius & Hollister, LLP - Covington
1717 Dixie Highway, Suite 340
Covington, KY 41011-4704

*Attorneys for Defendant
International Speedway Corporation*

Guy I. Wade, III
Jenkens & Gilchrist, P.C. – Dallas
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2799

*Attorneys for Defendant
International Speedway Corporation*

                                             /s/  RG Placey
                                        Richard G. Placey