## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-xxx |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

### ORDER

AND NOW, this ___21___ day of _February_ , 2007, upon consideration of

the Motion to Compel (D.I. 1) and the responses thereto (including Dover's objection to

the production of any confidential material) and the telephone conferences held on notice

to all parties on January 23, 24 and 30, 2007, with regard to the confidentiality issue the

Court orders that Dover's confidentiality objections shall be addressed by the following

and that the privilege log issue be addressed, in part, by the following:

1.      The Confidentiality Stipulation and Order entered in the United States

District Court for the Eastern District of Kentucky (case no. 2-05-CV-138) (Bertelsman,

J.), attached hereto as Exhibit A (the "Kentucky Protective Order") is hereby entered as

an order of this Court, enforceable herein and applicable to any and all documents and

other information (including deposition testimony) that may be produced by Dover

Motorsports, Inc. in this matter ("Dover Material").

2.    Dover Material may be disclosed only as provided in the attached Kentucky Protective Order and any person to whom such material is disclosed shall first be provided with a copy of this Order (including Exhibit A) by the person making such disclosure.

3.    Upon receipt of the Dover Material and this Order, any person to whom such material is disclosed shall be bound by this Order and answerable to this Court with regard to the handling and treatment of Dover Material.

4.    Nothing in this order shall preclude Kentucky Speedway from providing Dover Discovery Material to the parties in the Kentucky Action, provided that Kentucky Speedway does so in accordance with paragraph 2 above.

5.    To avoid, to the extent possible, the preparation of a privilege log by Dover, it is further ordered that any production by Dover of a document or documents (or unredacted portion thereof) that are or may be subject to the attorney-client privilege, the work product doctrine or any other applicable privilege or restriction on disclosure shall not constitute a waiver of any such privilege, doctrine or restriction on disclosure, and in particular shall not constitute a subject matter waiver.

UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

KENTUCKY SPEEDWAY, LLC          :
                                :
        Plaintiff,              :
                                :
    vs.                         :
                                :    Case No. 2-05-cv-138
NATIONAL ASSOCIATION OF         :    Honorable William O. Bertelsman
STOCK CAR RACING, INC.,         :    Magistrate Judge J. Gregory Wehrman
                                :
    and                         :
                                :
INTERNATIONAL SPEEDWAY          :
CORPORATION,                    :
                                :
        Defendants.             :

CONFIDENTIALITY STIPULATION AND ORDER

    IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-

captioned action (the "Action"), subject to the approval of the Court, as follows:

Scope of Order

    1.    This Confidentiality Stipulation and Order ("Stipulation and Order") applies to all

information including, without limitation, documents, writings, video or audio tapes, computer-

generated, or recorded information in any form, materials, initial and supplemental disclosures,

oral or written testimony, answers to interrogatories, responses to requests for admission,

deposition testimony, deposition transcripts and exhibits, and other responses to requests for

information (the "Discovery Materials") produced by any party or a third party ("Producing

Party").

# EXHIBIT A TO ORDER ENTERED
# IN CASE 1:06-mc-00203 (D. DEL)

**Use of Discovery Materials**

2.    Except as set forth in Paragraph 3 below, this Stipulation and Order has no effect upon, and its scope shall not extend to, any party's use of its own Discovery Materials that it produces.

**Designation of Confidential and Highly Confidential Information**

3.    Any Discovery Materials may be designated by the Producing Party as "Confidential" or "Highly Confidential" in accordance with the standards of paragraphs 3(a) and 3(b) below.  Only the producing party may designate a document as "Confidential or Highly Confidential, with the exception that Discovery Materials produced by another party or a third party may be designated by a non-producing party as "Confidential" or "Highly Confidential" in accordance with the standards of paragraphs 3(a) and 3(b) below, if the Discovery Materials contain documents or information previously provided by such party to the Producing Party with the understanding that such documents or information would be treated as confidential in the ordinary course of business.  In that case, the designating party shall be deemed a "Producing Party" for purposes of this Stipulation and Order.

a.  To designate Discovery Materials as "Confidential," the Producing Party must have a reasonable, good faith belief that the Discovery Materials fall within Federal Rule of Civil Procedure 26(c)(7).

b.  To designate Discovery Materials as "Highly Confidential," the Producing Party must have a reasonable, good faith belief that the Discovery Materials fall within Federal Rule of Civil Procedure 26(c)(7), and that disclosure of the Discovery Materials to any officer, director, or employee for any party in this Action, would create an undue risk of significant competitive injury to the Producing Party's business that would not exist in the absence of such disclosure.

2

c. Confidential Information and Highly Confidential information shall not include any document, thing or information that was, is, or becomes public knowledge in a manner other than by violation of this Stipulation and Order or by any other unlawful means.

d. A party shall designate as "Confidential" or "Highly Confidential" only those parts of the document that contain "Confidential" or "Highly Confidential" information, unless the entire document contains such information, in which case a party may designate the entire document as "Confidential" or "Highly Confidential."

4. The Producing Party shall designate written Discovery Materials as Confidential or Highly Confidential, respectively, by marking or stamping each page of such document (or the first page of a multi-page document provided the document is securely bound) "Confidential: Kentucky Speedway v. NASCAR" or "Highly Confidential: Kentucky Speedway v. NASCAR" prior to production. With respect to Discovery Materials in computerized or electronic format, the Producing Party shall designate the Discovery Materials as Confidential or Highly Confidential in a writing delivered along with the Discovery Materials when a copy of it is provided to another party. Recipients of Discovery Materials produced in computerized or electronic format shall also treat all print-outs of such material in accordance with the written designation and shall mark or stamp such print-outs with the above-described written designation. With respect to Discovery Materials that constitute objects or other things, the Producing Party shall designate the Discovery Materials as Confidential or Highly Confidential by marking or stamping the words "Confidential: Kentucky Speedway v. NASCAR" or "Highly Confidential: Kentucky Speedway v. NASCAR" in a conspicuous location on the thing or object.

3

5.    Failure of the designating party to mark a document or thing as Confidential or Highly Confidential in accordance with this Stipulation and Order shall not preclude either party from thereafter in good faith marking the document or thing so long as it does so promptly after learning of the initial failure and requests in writing that the document or information be treated as Confidential or Highly Confidential in accordance with this Stipulation and Order. Where a designating party belatedly designates documents or information as Confidential or Highly Confidential, counsel for the receiving party shall take such steps as reasonably necessary to mark and treat the document or thing in accordance with this Stipulation and Order. The document or thing shall thereafter be subject to this Stipulation and Order. Neither party shall incur liability for disclosures made in good faith prior to notice of confidentiality designations.

6.    Counsel for any party must state on the record at the deposition that the party wishes to designate all or part of the transcript as Confidential or Highly Confidential. If any counsel does so state, the party shall designate in writing to all parties within twenty-one (21) business days after the deposition transcript is received by such counsel, all or any portion or portions of such transcript, as Confidential or Highly Confidential Information provided the designated portion or portions meet the standards set forth in paragraph 3(a) or 3(b). In the event that the deponent submits changes to his/her transcript, counsel for any party may, in writing to all parties within twenty-one (21) business days after the revised transcript is received by such counsel, designate all or any revised portion or portions of such transcript as Confidential or Highly Confidential Information. All exhibits to any transcript shall retain their original designations.    All copies of deposition transcripts and/or exhibits designated as Confidential shall be prominently marked "**Confidential: Kentucky Speedway v. NASCAR.**"

4

All copies of deposition transcripts and/or exhibits designated as **Highly Confidential shall be prominently marked "Highly Confidential: Kentucky Speedway v. NASCAR."**

    7.    The parties disagree about whether court proceedings should be closed. Nevertheless, with respect to testimony elicited during hearings and other proceedings, whenever counsel for any party believes that any question is likely to result in the disclosure of Confidential or Highly Confidential Information or that any answer contains Confidential or Highly Confidential Information, such counsel may move the court to close the hearings to the public during the time that such Confidential or Highly Confidential Information is disclosed.

    8.    In the event that counsel for any party determines to file with the Court any pleadings, motions, briefs or other papers that contain Confidential or Highly Confidential Information, such papers or exhibits to papers filed with the Court, or portions thereof containing Confidential or Highly Confidential Information, shall be filed under seal or its equivalent accompanied by a statement on the face of the sealed envelope substantially in the form set forth below.

            **CONFIDENTIAL**

            **(or HIGHLY CONFIDENTIAL where applicable)**

            UNDER SEAL

The parties shall not include Confidential or Highly Confidential Information in the title of the documents filed with the Court so that, in all instances, the titles of the documents – and the Court's docket sheet reflecting those titles – may remain public. To help ensure appropriate public access to filed materials, the filing party shall within ten (10) days after filing confer with all other parties to ensure that a public version with appropriate redactions shall be made available. However, no public version may be filed or made available in the absence of the

agreement of all parties or court order. If the parties disagree about whether any information should remain under seal, the parties shall follow the procedure set forth in ¶12.

9.    Discovery Materials designated as "Confidential" ("Confidential Information"), including attorney work product, briefs and/or appendices containing the same, except with the prior consent of the Producing Party or upon prior Order of this Court, shall not be disclosed by anyone to any person or entity other than the following:

a.  The Court and Court personnel;

b.Outside    Counsel of record for the respective parties in this Action and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this Action, none of whom may be or have been an officer, director or employee of any party or the entities identified in Exhibit B, who served in that capacity after July 13, 2005, or a present officer, director or employee of any entity, or its subsidiaries or affiliated entities, that operates a motorsports facility which hosts professional stock car races;

c.  Inside counsel for each of the parties to this Action provided each attorney first executes a sworn statement in the form annexed hereto as Exhibit A;

d.Su    bject to paragraph 18 below, (i) outside testifying or consulting experts retained in good faith to assist Outside Counsel in the Action (who shall execute a sworn statement in the form annexed hereto as Exhibit A, a copy of which shall be retained by counsel retaining said expert) none of whom may be or have been an officer, director or employee of any party or the entities identified in Exhibit B, who served in that capacity after July 13, 2005; (ii) litigation support vendors who are expressly retained to assist counsel of record for the parties in this Action (who shall execute a sworn statement in the form annexed hereto as Exhibit A, a copy of which shall be retained by counsel retaining said vendor), none of whom may be or have

6

been an officer, director or employee of any party or the entities identified in Exhibit B, who

served in that capacity after July 13, 2005, or a present officer, director or employee of any

entity, or its subsidiaries or affiliated entities, that operates a motorsports facility which hosts

professional stock car races; and (iii) persons not covered by other sub-parts of this paragraph

who the receiving party reasonably believes have independent knowledge of the Confidential

Information. In the event a party chooses to rely on an officer, director or employee of an

opposing party, or an officer, director, or employee of any entity identified in Exhibit B, or an

entity or its subsidiaries or affiliated entities that operates a motorsports facility which hosts

professional stock car races, as a consulting or testifying expert, such party shall inform the

opposing parties of its intention to allow the expert to view confidential information, and the

parties shall confer promptly to determine whether the expert can view confidential information.

If the parties are unable to agree, any opposing party has ten (10) days to seek protection from

the Court or any objection to the expert is waived. No disclosure of Confidential Information

from an objecting party or third party shall be made to that expert until the matter is resolved by

the Court or upon agreement of the parties;

 e. Current officers, directors, and employees of each of the parties who are

reasonably necessary to assist counsel in the preparation and litigation of the Action, provided

each such person first executes a sworn statement in the form annexed hereto as Exhibit A;

 f. Current and former officers, directors and employees of the parties who were

employed and/or served as a director at the time when the Confidential Information was created

and whom the receiving party reasonably believes have independent knowledge of the

Confidential Information;

  g.Curr ent officers and directors of the producing party;

7

h.Any    person listed as the author, addressee or copied recipient of the Confidential Information or who lawfully received the Confidential Information in the ordinary course of business;

i.  With respect to persons not covered by subparts (a) through (h) of this paragraph, and only during the deposition of such person, any person who may appear, based on the Confidential Information itself or testimony in a deposition, to have independent knowledge of the contents of the Confidential Information or the specific events, transactions, discussions, or data reflected therein. Such person shall not be entitled to retain a copy of any Confidential Information produced during the deposition;

j.  Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed provided such persons are subject to confidentiality undertakings with their employers with respect to the information disclosed or who have read and executed a sworn statement in the form annexed hereto as Exhibit A;

k.W itnesses at in-court proceedings and anyone present for an in-court proceeding. This provision is subject to the results of a motion made pursuant to Paragraph 7; and

l.  Any other person designated by the Court in the Action, upon such terms as the Court may deem proper.

10.    "Highly Confidential Information":

Only those people falling within one of the categories of Paragraph 9 may view Discovery Materials designated as "Highly Confidential," except that no current officer, director, or employee of any party, including inside counsel for any party, who does not otherwise fall

8

within a category listed in Paragraph 9 may view Highly Confidential material. Trial counsel David Filkin, given his relationship to Duchossois Industries, shall be excluded from review of Highly Confidential materials.

11.    Any person who is not currently employed by a party and who is shown Confidential Information or Highly Confidential Information pursuant to Paragraphs 9 and 10 shall, prior to being given any Confidential Information or Highly Confidential Information, read this Stipulation and Order and agree to abide by its terms, and execute a sworn statement in the form annexed hereto as Exhibit A.

**Challenges to Designations**

12.    If any party objects to the designation of any Discovery Materials as "Confidential" or "Highly Confidential" or seeks to use such materials other than as permitted by this Stipulation and Order, the party shall provide written notice to counsel for the party making the designation. The parties shall promptly confer in a good faith effort to resolve the dispute. If the parties are unable to resolve the dispute after conferring, and upon not less than five (5) days notice, the objecting party shall attempt to resolve the disagreement by scheduling a telephone conference with the Magistrate Judge through oral motion, prior to filing any written motion for relief. Until the Court rules on the oral or written motion, the Discovery Materials shall be treated in a manner consistent with their designation as "Confidential" or "Highly Confidential." In the event that court intervention is required, the producing party shall have the burden of establishing in its response to the oral or written motion that the Discovery Materials remain entitled to the "Confidential" or "Highly Confidential" designation as defined in this Stipulation and Order, and that any confidential material outweighs the public's right of access.

**General Provisions**

13.     The parties, and all people or entities subject to this Protective Order, may not use Discovery Materials designated as Confidential or Highly Confidential pursuant to the terms of this Stipulation and Order for any purpose other than in connection with the above-captioned proceeding, or any appeals there from, unless specific written authorization is provided by the Producing Party.

14.     This Stipulation and Order or the existence of such shall not be offered or admitted into evidence at trial in the Action, or argued to any jury in the Action or otherwise disclosed to such jury, but the meaning of such designations, as defined in this Stipulation and Order, as Confidential and Highly Confidential Information may be explained to the jury by the Court. Similarly, the failure of a party to object to the designation of Discovery Materials as Confidential or Highly Confidential shall not be argued or accepted as an admission that such Discovery Materials are in fact entitled to treatment as Confidential Information or Highly Confidential Information.

15.     Upon receipt of written notice from the Producing Party of a claim that Discovery Materials subject to work product immunity or the attorney client privilege were inadvertently produced, setting forth sufficient information about the Discovery Materials and the circumstances of their inadvertent production to permit the privilege/immunity issue and the inadvertent production issue to be litigated, all copies of such inadvertently-produced Discovery Materials shall be returned to the Producing Party by the receiving party, and the receiving party shall not use or disclose the inadvertently-produced Discovery Materials for any purpose except as provided in this paragraph. A receiving party may contest the claim of privilege or immunity by filing a motion within thirty (30) business days of receiving notice of the inadvertent

10

disclosure. During the pendency of such motion the receiving party need not return all copies of the Discovery Materials to the Producing Party; however the receiving party may not use or disclose the Discovery Materials for any purpose other than the prosecution of the motion challenging the privilege or immunity claim.

16.    This Stipulation and Order shall have no effect on the admissibility or discoverability of any Confidential Information or Highly Confidential Information, nor does it create a presumption that Discovery Materials designated as "Confidential" or "Highly Confidential" actually constitute a trade secret, or proprietary or otherwise protectable confidential information.

17.    Any party served with a subpoena or other notice compelling the production of Confidential Information or Highly Confidential Information received in connection with this Action shall give prompt written notice to the Producing Party as far in advance of the requested production date as possible, but in no event less than five (5) business days prior to production. The fact that the subpoena or other notice compels the production of Confidential or Highly Confidential Information does not change any deadline or due date specified by the subpoena or other notice.

18.    Subject to the requirements and limitations of Paragraphs 9 and 10, Outside Counsel may disclose Confidential or Highly Confidential Information to a consulting or testifying expert who is actively assisting the preparation for and/or trial of this Action, if (1) such expert has been given a copy of this Stipulation and Order and (2) such expert has signed a Confidentiality Agreement in the form of attached Exhibit A.

19.    This Protective Order can be modified at any time by order of the Court. Nothing herein shall prevent any party from seeking by appropriate motion to the Court, or by

11

negotiation, further, greater or lesser protection with respect to the use or disclosure of any Confidential Information or Highly Confidential Information.

20.    The parties agree to seek approval of the Court with respect to this Stipulation and Order. Notwithstanding the pendency of approval by the Court, this Stipulation and Order shall become effective among such parties who have executed this agreement immediately upon its execution. If approval by the Court is ultimately denied, the parties shall negotiate in good faith to reach agreement upon revisions to this Stipulation and Order that are satisfactory to the parties and to the Court, but until such further agreement is reached, no party shall treat any Confidential Information or Highly Confidential Information produced prior to that time other than as provided for herein.

21.    Any non-party to the Action that is served with a Subpoena Duces Tecum in connection with the Action may produce documents pursuant to said Subpoena under the terms of this Stipulation and Order, provided that such non-party is furnished with a copy of this Stipulation and Order and agrees to be bound thereby with respect to the designation and treatment of Confidential Information and Highly Confidential Information.

22.    Within 30 days after the conclusion of the Action, including all appeals, any and all originals and copies of Discovery Materials maintaining a designation of Confidential or Highly Confidential Information shall, at the option of the Producing Party, be returned to the Producing Party or destroyed, except that outside counsel for each party in this Action may maintain in its files one copy of each of the following (except for exhibits attached to any of the following or portions of transcripts that were designated as Confidential or Highly Confidential Information): documents filed with the Court, written discovery requests and responses, deposition transcripts and attorney work product. Upon request from any party, a party shall

12

provide written certification that it has complied with this Paragraph. The parties shall retain each Exhibit A executed during the pendency of the Action and shall provide copies to each of the other parties at the conclusion of the Action and if a Producing Party has reasonable grounds to believe that Highly Confidential Information has been disclosed in violation of this Stipulation and Order or such Highly Confidential Information is being or was used by someone for purposes other than this Litigation, the other parties shall indicate at the conclusion of the Action which persons executing Exhibit A (if any) reviewed Highly Confidential Information. After the conclusion of the Action, the provisions of this Stipulation and Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Confidential or Highly Confidential Information pursuant to this Stipulation and Order, in order to enforce the provisions of this Stipulation and Order.

23.     This Stipulation and Order may be executed in counterparts.

This _____ day of _____, 2006.

So Stipulated:

Guy I. Wade, III
Jenkens & Gilchrist
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202

13

Robert B. Craig
Taft, Stettinius & Hollister, LLP
1717 Dixie Highway
Suite 340
Covington, Kentucky 41011-4704

*ATTORNEYS FOR DEFENDANT*
*INTERNATIONAL SPEEDWAY CORPORATION*


Stuart H. Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301


Matthew C. Blickensderfer
Frost Brown Todd LLC
201 E. Fifth Street
2200 PNC Center
Cincinnati, Ohio 45202

*ATTORNEYS FOR DEFENDANT*
*NATIONAL ASSOCIATION FOR*
*STOCK CAR AUTO RACING, INC.*


Stephen D. Susman
Susman Godfrey, LLP
1000 Louisiana Street
Suite 5100
Houston, Texas 77002-5096


Stanley M. Chesley
WAITE, SCHNEIDER,
BAYLESS & CHESLEY
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202

14

Robert B. Craig
Taft, Stettinius & Hollister, LLP
1717 Dixie Highway
Suite 340
Covington, Kentucky 41011-4704

*ATTORNEYS FOR DEFENDANT*
*INTERNATIONAL SPEEDWAY CORPORATION*

Stuart H. Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301


Matthew C. Blickensderfer
Frost Brown Todd LLC
201 E. Fifth Street
2200 PNC Center
Cincinnati, Ohio 45202

*ATTORNEYS FOR DEFENDANT*
*NATIONAL ASSOCIATION FOR*
*STOCK CAR AUTO RACING, INC.*


Stephen D. Susman
Susman Godfrey, LLP
1000 Louisiana Street
Suite 5100
Houston, Texas 77002-5096


Stanley M. Chesley
WAITE, SCHNEIDER,
BAYLESS & CHESLEY
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202

14

Robert B. Craig
Taft, Stettinius & Hollister, LLP
1717 Dixie Highway
Suite 340
Covington, Kentucky 41011-4704

*ATTORNEYS FOR DEFENDANT*
*INTERNATIONAL SPEEDWAY CORPORATION*

Stuart H. Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301

Matthew C. Blickensderfer
Frost Brown Todd LLC
201 E. Fifth Street
2200 PNC Center
Cincinnati, Ohio 45202

*ATTORNEYS FOR DEFENDANT*
*NATIONAL ASSOCIATION FOR*
*STOCK CAR AUTO RACING, INC.*

Stephen D. Susman
Susman Godfrey, LLP
1000 Louisiana Street
Suite 5100
Houston, Texas 77002-5096

Stanley M. Chesley
WAITE, SCHNEIDER,
BAYLESS & CHESLEY
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202

14

Robert B. Craig
Taft, Stettinius & Hollister, LLP
1717 Dixie Highway
Suite 340
Covington, Kentucky 41011-4704

*ATTORNEYS FOR DEFENDANT*
*INTERNATIONAL SPEEDWAY CORPORATION*

Stuart H. Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301

Matthew C. Blickensderfer
Frost Brown Todd LLC
201 E. Fifth Street
2200 PNC Center
Cincinnati, Ohio 45202

*ATTORNEYS FOR DEFENDANT*
*NATIONAL ASSOCIATION FOR*
*STOCK CAR AUTO RACING, INC.*

Stephen D. Susman
Susman Godfrey, LLP
1000 Louisiana Street
Suite 5100
Houston, Texas 77002-5096

Stanley M. Chesley
WAITE, SCHNEIDER,
BAYLESS & CHESLEY
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202

14

Robert B. Craig
Taft, Stettinius & Hollister, LLP
1717 Dixie Highway
Suite 340
Covington, Kentucky 41011-4704

*ATTORNEYS FOR DEFENDANT*
*INTERNATIONAL SPEEDWAY CORPORATION*

Stuart H. Singer
BOIES, SCHILLER & FLEXNER LLP
401 East Las Olas Blvd.
Suite 1200
Fort Lauderdale, Florida 33301

Matthew C. Blickensderfer
Frost Brown Todd LLC
201 E. Fifth Street
2200 PNC Center
Cincinnati, Ohio 45202

*ATTORNEYS FOR DEFENDANT*
*NATIONAL ASSOCIATION FOR*
*STOCK CAR AUTO RACING, INC.*

Stephen D. Susman
Susman Godfrey LLP
1000 Louisiana Street
Suite 5100
Houston, Texas 77002-5096

Stanley M. Chesley
WAITE, SCHNEIDER,
BAYLESS & CHESLEY
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202

14

Mark D. Guilfoyle
Deters, Benzinger & LaVelle, P.S.C.
207 Thomas More Parkway
Crestview Hills, Kentucky 41017-2596

*ATTORNEYS FOR PLAINTIFF*
*KENTUCKY SPEEDWAY, LLC*

So ordered,

_____

United States District Judge
William O. Bertelsman

DATE:_____

15

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## AT COVINGTON

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | Case No. 2-05-cv-138 |
| NATIONAL ASSOCIATION OF | : | Honorable William O. Bertelsman |
| STOCK CAR RACING, INC., | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL SPEEDWAY | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

### EXHIBIT A

### CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR
### RECEIVING CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

I, _____, state the following:

1.    I have read and understand the Stipulation and Order to which this Exhibit A is
annexed (and whose definitions are incorporated herein) and I attest to my understanding that
access to information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL"
may be provided to me and that such access shall be pursuant to the terms and conditions and
restrictions of the Stipulation and Order. I agree to be bound by the terms of the Stipulation and
Order both with respect to this Court's powers of supervision of the litigation of the Action, and,
contractually to any Producing Party, which I acknowledge to be an expressly intended
beneficiary of the undertakings I give in this Confidentiality Agreement and Undertaking. I

16

hereby submit to the jurisdiction of the United States District Court for the Eastern District of Kentucky for purposes of enforcement of the Stipulation and Order.

     2.     I shall not use or disclose any Confidential Information and/or Highly Confidential Information to others, except in accordance with the Stipulation and Order, and I shall not in any way make use of facts and other information obtained from reviewing such Confidential and/or Highly Confidential Information in connection with any activity other than this Litigation or any purpose other than participating in this Litigation. I understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Stipulation and Order, I shall be subject to sanctions by way of contempt of Court, such other or additional relief the Court may deem appropriate, and to separate legal and equitable recourse by the adversely affected Producing Party.

_____
Signature

_____
Printed Name

_____
Address

**SWORN TO** and subscribed before me
this _____ day of _____, 2005

_____
     Notary Public

## EXHIBIT B

### INTERNATIONAL SPEEDWAY CORPORATION'S
### SUBSIDIARIES AND/OR AFFILIATES

Americrown Service Corporation
ASC Holdings, Inc.
ASC Promotions, Inc.
Brecklin, Inc.
The California Speedway Corporation (d/b/a California Speedway)
Chicago Holdings, Inc.
Darlington Raceway of South Carolina, LLC
Daytona International Speedway, LLC
Event Equipment Leasing, Inc.
Event Support Corporation
Great Western Sports, Inc.
HBP, Inc.
Homestead-Miami Speedway, LLC
International Speedway, Inc.
ISC Properties, Inc.
ISC Publications, Inc.
ISC.COM, LLC
Kansas Speedway Development Corp.
Kansas Speedway Corporation
Leisure Entertainment of Florida, Inc.
Martinsville International, Inc. (d/b/a Martinsville Speedway)
Miami Speedway Corp.
Michigan International Speedway, Inc.
Motor Racing Network, Inc.
Motorsports Alliance, LLC
Motorsports Acceptance Corporation
Motorsports Authentics, LLC
Motorsports Authentics, Inc.
Motorsports International Corp.
New York International Speedway Corporation
North American Testing Company
Pennsylvania International Raceway, Inc.
Phoenix Speedway Corp.
Raceway Associates, LLC
Richmond International Raceway, Inc.
Rocky Mountain Speedway Corporation
SMISC, LLC
Southeastern Hay & Nursery, Inc.
Talladega Superspeedway, LLC
Watkins Glen International, Inc.
88 Corp.

18

380 Development, LLC

## NASCAR'S SUBSIDIARIES

Real Air Leasing LLC
Motorsports Safety Technology LLC