## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

KENTUCKY SPEEDWAY, LLC      :      CASE NO:

        :

        Plaintiff,      :      1:06-mc-00203-KAJ

        :

        v.      :

        :

NATIONAL ASSOCIATION      :

FOR STOCK CAR AUTO      :

RACING, INC., ET AL.,      :

        :

        Defendants.      :

## APPENDIX TO
## DOVER MOTORSPORTS, INC.'S
## LETTER BRIEF OF MARCH 6, 2007

| App. No. | Document |
|---|---|
| 1-5 | Declaration of Richard G. Placey Regarding Amounts of Attorneys Fees Incurred by Non Party Dover Motorsports, Inc. in Responding to Certain of Kentucky's Speedway's Subpoenas and Filings, filed January 30, 2007 (D.I. 29). |
| 6-18 | Subpoena issued by Plaintiff from the District of Delaware ("First Delaware Subpoena"), dated May 30, 2006 (also Exhibit 1 to Motion to Compel, D.I. 1). |
| 19-21 | 22 Item List, dated September 6, 2006 (also Exhibit 3 to Motion to Compel, D.I. 1). |
| 22-30 | Second Delaware Subpoena along with the July 7, 2006 E-mail withdrawing the First Delaware Subpoena (also part of Dover's previous appendix, D.I.16 and 17). |
| 31-33 | E-mail from Richard Placey to Plaintiff's counsel making offer of August 18, 2006 (also Exhibit 6 to Motion to Compel, D.I. 1). |
| 34-35 | October 11, 2006 Confidentiality Agreement and Undertaking for Receiving Confidential or Highly Confidential Information of Richard G. Placey in the Kentucky Action, Kentucky Speedway, LLC v. NASCAR, et al., Case No. 2-05-CV-138 (E.D. Ky.) |

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-*** |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

### DECLARATION OF RICHARD G. PLACEY  REGARDING AMOUNTS OF ATTORNEYS FEES INCURRED BY NON PARTY DOVER MOTORSPORTS, INC. IN RESPONDING TO CERTAIN OF KENTUCKY'S SPEEDWAY'S SUBPOENAS AND FILINGS

I, Richard G. Placey make the following declaration pursuant to 28 U.S.C. §1746:

1.    I am counsel of record for non-party Dover Motorsports, Inc. ("Dover") in the above action, and make this declaration regarding procedural matters with which I am familiar as counsel.  I have no direct knowledge of the underlying facts and circumstances which gave rise to the filing of Plaintiffs' Complaint or the issuance of the subpoenas that gave rise to this matter; accordingly, this declaration is limited to procedural matters with which I am familiar.

2.    Dover has sought an award of its historical fees that it incurred in responding to certain of Kentucky Speedway, Inc.'s subpoenas and filings; accordingly I make this declaration to set out for the Court the attorneys fees that Dover has incurred in responding to those items. The hours spent and rates set forth herein are based upon the time records and bills of my firm, which are accurate to the best of my knowledge, information and belief.

3.    Dover seeks an award pursuant to F.R.Civ.P. 45(c), F.R.Civ.P. 26(g) and F.R.Civ.P. 11 for the historical fees that it incurred in (a) responding to the subpoena purportedly

issued in Ohio when there is and was no case pending there, (b) opposing the "nationwide service of subpoenas motion" in Kentucky, (c) responding to the First Delaware subpoena prior to its withdrawal on July 7, 2006, (d) responding to the Second Delaware subpoena between its issuance on July 7, 2006 and when it was superceded (by the 22 Item list that is Exhibit 3 to the Motion to Compel), (e) briefing Kentucky's Motion to Transfer, and (f) filing and briefing the Motion to Strike.  I have calculated the fees associated with each of those items using my firm's records, and each is set forth separately below (the items set forth below do not include fees associated in responding to the list of 22 items [Exhibit 3 to the Motion to Compel] upon which Kentucky ultimately based its request for production and Motion to Compel).

4.    Ohio Subpoena – 5.0 hours of partner time at $325/hour was incurred in responding to this subpoena (including seeking its withdrawal through negotiations with Kentucky's counsel and ultimately serving objections), for a total cost of $1,625.

5.    Nationwide Service of Subpoenas Motion -- 12.6 hours of partner time at $325/hour was incurred in responding to this motion (including discussions with Plaintiff's counsel and ultimately sending to the Magistrate Judge in Kentucky the letter argument at p 54-59 of the Appendix), for a total cost of $4,095.

6.    First Delaware Subpoena (through July 7, 2006) – 16.2 hours of partner time at $325/hour was incurred in responding to this subpoena through its withdrawal on July 7, 2006 (including negotiations with Plaintiff's counsel and the service of objections and the Rule 11 warning motion attached as Exhibit 2 to the Motion to Compel) for a total cost of $5,265.

7.    Second Delaware Subpoena – 15.4 hours of partner time at $325/hour was incurred in responding to this subpoena (including negotiations with Plaintiff's counsel such as

App. 2

the offers documented in Exhibit 6 to the Motion to Compel and serving objections), for a total cost of $5,005.

        8.      <u>Briefing the Motion to Transfer</u> – 13.1 hours of partner time at $350/hour and 17.4 hours of associate time at $240/hour was incurred in researching/briefing the motion to transfer (the brief is at D.I. 9), for a total of $8,761.

        9.      <u>Motion to Strike</u> – 7.9 hours of partner time at $350/hour and 25.7 hours of associate time at $240/hour was incurred in researching and filing the Motion to Strike (D.I. 12) and the portion of the associated brief (D.I. 13)[1] addressing the motion to strike, for a total of $8,933.

        I verify under penalty of perjury that the foregoing is true and correct; I understand that this verification is made subject to the penalties of 28 U.S.C. §1746 relating to unsworn falsification to authorities.

Executed on:  January 30, 2007             <u>      s/RGPlacey                 </u>
                                           Richard G. Placey

---

[1] As noted, the hours and rates are based on billing records. In a few instances such records record attorney hours as a single entry for items that encompassed both matters which are the subject of the fee request and matters which are outside the scope of the request (examples of this would be briefing on the motion to strike which was part of a single brief addressing both the motion to strike and the substance of the motion to compel [D.I. 13], or a communication with Kentucky's counsel that encompassed items for which fees are not being sought as well as the matters for which fees were sought). In such instances, an estimate was made of the time in that entry that involves matters for which fees are at issue, and only that time is included herein.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENTUCKY SPEEDWAY, LLC | : | CASE NO: |
| | : | |
| Plaintiff, | : | 1:06-mc-00203-*** |
| | : | |
| v. | : | |
| | : | |
| NATIONAL ASSOCIATION | : | |
| FOR STOCK CAR AUTO | : | |
| RACING, INC., ET AL., | : | |
| | : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2007, I caused a true and correct copy of the foregoing to be served via electronic notice to the parties as provided by the electronic filing system and via United States First Class Mail, postage prepaid, upon the following at the addresses listed below:

John M. Seaman
Bouchard Margules & Freidlander PA
222 Delaware Avenue, Suite 1400
Wilmington DE 19801

 and

Justin A. Nelson
Susman Godfrey
1201 Third Avenue, Suite 3800
Seattle, WA 98101

*Attorneys for Plaintiff*

Kimberly S. Amrine
Frost Brown Todd LLC - Cincinnati
201 E. Fifth Street
2200 PNC Center
Cincinnati, OH 45202

*Attorneys for Defendant National
Association of Stock Car Auto Racing, Inc.*

App. 4

Helen M. Maher
Boies, Schiller & Flexner LLP – New York
333 Main Street
Armonk, NY 10504

*Attorneys for Defendant National*
*Association of Stock Car Auto Racing, Inc.*

Robert B. Craig
Taft, Stettinius & Hollister, LLP - Covington
1717 Dixie Highway, Suite 340
Covington, KY 41011-4704

*Attorneys for Defendant*
*International Speedway Corporation*

Guy I. Wade, III
Jenkens & Gilchrist, P.C. – Dallas
1445 Ross Avenue, Suite 3700
Dallas, TX 75202-2799

*Attorneys for Defendant*
*International Speedway Corporation*

_____/s/  RG Placey_____
Richard G. Placey

App. 5

AO88  (Rev. 1/94) Subpoena in a Civil Case.

*Kentucky Speedway*
*05/30/06*

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF        DELAWARE

Kentucky Speedway, LLC
V.
National Association for Stock Car
Auto Racing, Inc., *et al.*

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    2-05-CV-138
(currently pending in Eastern
District of Kentucky)

TO:    Dover Motorsports, Inc.
1131 North DuPont Highway
Dover, Delaware 19901

☐ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

**YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| Brandywine Process, 2500 Delaware Ave., Wilmington, DE 19806 (800) 899-2577 | June 15, 2006 (or at place and time otherwise agreed by counsel) |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  Attorney for Plaintiff Kentucky Speedway, LLC | May 30, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kevin A. Nelson, Susman Godfrey L.L.P., 1201 Third Avenue, Suite 3800, Seattle, WA 98101-3000  (206) 516-3880

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

676444v1/008870

App. 6

[1] If action is pending in district other than district ___ .uance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                   DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

App. 7

Rule 45, Federal Rules of Civil Procedure    Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

App. 8

## EXHIBIT A

## DEFINITIONS

1.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3.     "Person" means any natural person or any business, legal or governmental entity or association.

4.     The term "RELATED TO" or "RELATED THERETO" or "RELATING TO" or "RELATING THERETO" or "REFLECTING" when used with respect to a given subject matter or the content of DOCUMENTS means any DOCUMENT or thing that sets forth, describes, reflects, constitutes, concerns, contains, embodies, identifies, states, refers to, or is in any other way relevant to a given subject or transaction.

5.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside if its scope.

6.     The term "NASCAR" shall mean the National Association for Stock Car Auto Racing, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

App. 9

7.    The term "ISC" or "INTERNATIONAL SPEEDWAY" shall mean International Speedway Corp. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on its behalf.

8.    The terms "YOU" and "YOUR" shall mean Dover Motorsports, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

9.    The term "NEXTEL CUP" shall mean the NASCAR Nextel Cup Series and the NASCAR Winston Cup Series.

10.    The term "KENTUCKY SPEEDWAY" means Kentucky Speedway, LLC and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on their behalf.

11.    The term "person" means natural persons, corporations, firms, partnerships, unincorporated associations, trusts or other legal, business or governmental entities.

12.    "Relating to"; "respecting"; "in respect of"; "relative to"; "relate to"; "related to"; "regarding"; "reflecting"; "evidencing"; "concerning"; "discussing"; "recording"; "analyzing"; "describing"; "summarizing"; "referring to"; or "commenting on the subject matter referred to in each request" have as broad a scope as the discovery permitted under the mutual agreement of the parties or under Federal Rule of Civil Procedure 26(b), whichever is broader.

13.    "Racetrack" means any venue that has hosted or seeks to host any NASCAR-sanctioned event, including Nextel Cup, Busch, and Craftsman Truck Series races, and includes any officer,

App. 10

director, official, employee, agent, attorney, expert, trustee, consultant or representative of the racetrack, and any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on the racetrack's behalf. The term includes those venues that have not yet been built so long as the venue would seek to host a NASCAR-sanctioned event if constructed.

14.     "Owned by" means those racetracks where you hold a controlling ownership interest.

15.     "Ownership interest" means owning all or part of a corporation, joint venture, partnership, or other business, person, or entity, either directly or indirectly.

## INSTRUCTIONS

1.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each party shall produce the requested documents as they are kept in the usual course of business. Documents should be marked to indicate the identity of the individual party producing such documents.

2.     If any document responsive to any of these requests is withheld by asserting any privilege or immunity from production, submit a schedule at the time of production setting forth for each document withheld, the following information:

    a.     The type of document (e.g., letter, memorandum, etc.);

    b.     The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

    c.     The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

    d.     If the documents reflect or refer to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; the subject matter of the information contained in the document;

App. 11

e.     The nature of the privilege or immunity asserted; and

f.     A brief explanation of why the document is believed to be privileged or immune from production.

3.     Produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

4.     All documents should be produced in their entirety, including all attachments and enclosures, along with their original folders, binders, or other covers or containers.

5.     If, for any reason, any of the documents or tangible things to be produced by any plaintiff pursuant to this request have been destroyed, lost or otherwise disposed of, state for each category the following information:

a.     The date the document or tangible thing was lost, destroyed or disposed of;

b.     All witnesses who have knowledge of the loss, destruction or disposal of the object or tangible thing; and

c.     The details concerning the loss of such documents, including the reason for the destruction or disposal and the person authorizing it.

## TIME PERIOD

Unless otherwise stated in a Request, produce all responsive documents created on or after January 1, 1992.

## DOCUMENTS TO BE PRODUCED

1.     The following documents from *Francis Ferko v. National Association for Stock Car Racing, Inc. et al.*, Case No. 4:02CV50 (Eastern District of Texas):

a.     All documents produced by you or to you in accordance with discovery conducted

676551v1/008870                                         4

App. 12

     b.    All depositions of you or any of your officers, directors, or employees.

2.    All documents showing any ownership interest, whether direct or indirect, held by any officer, director, or employee of ISC or NASCAR, in you.

3.    All documents showing any ownership interest, whether direct or indirect, held by any officer, director, or employee of ISC or NASCAR, in any corporation, joint venture, partnership, or other business in which you, your officers, directors, or employees have an ownership interest, excluding any corporation that is publicly traded on the New York Stock Exchange, NASDAQ, or the American Stock Exchange.

4.    All documents showing any ownership interest of you, your officers, directors, or employees in ISC or NASCAR.

5.    All documents related to the market share or market position of NASCAR.

6.    All documents related to the market share of market position of ISC.

7.    All documents related to the number of tracks owned by ISC.

8.    All documents related to any anticompetitive behavior or activity by ISC or NASCAR.

9.    All documents related to the economic impact of a racetrack in a particular geographic area.

10.    Documents sufficient to show the amount of revenue your racetrack(s) have received or could receive from hosting a Nextel Cup race.

App. 13

11.    All documents reflecting any business relationship or financial arrangement between you and any racetrack not owned by you.

12.    All documents relating to communications between you and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative of any racetrack not owned by you.

13.    All documents relating to any change in NASCAR's realignment policy or procedures, whether formal or informal, including but not limited to realigning Nextel Cup races from one venue to another provided both racetracks are owned or affiliated with the same entity and not realigning any Nextel Cup race from an existing racetrack to another owner.

14.    All documents relating to NASCAR's decision to limit the number of allowable race teams operated by a single owner, or race entries owned by a single owner.

15.    All documents relating to the number of Nextel Cup races that NASCAR sanctions in a season, how NASCAR allocates Nextel Cup races among racetracks, or when in the season a particular racetrack will host a Nextel Cup event.

16.    All documents relating to consideration of Kentucky Speedway for a Nextel Cup race.

17.    All documents relating to Kentucky Speedway.

18.    Documents sufficient to show your document retention or destruction policy.

19.    All documents relating to your view, assessments, and opinions about the qualities, characteristics, advantages, and disadvantages of each or any racetrack that currently hosts, has hosted, seeks to host, or is capable of hosting a Nextel Cup Race.

App. 14

20.     All documents relating to any attempt of any racetrack owner(s), including you, to acquire or purchase in whole or in part, or merge with, another racetrack or its owner(s), whether successful or unsuccessful.

21.     All documents relating to any racetrack's, or its owner's, reaction to NASCAR's decision to negotiate a television broadcast agreement on behalf of all racetracks.

22.     All documents relating to any changes to the terms of any NASCAR sanctioning agreement.

23.     All documents related to the amount or percentage of revenue allocated to racetracks, drivers, and NASCAR by the Nextel Cup sanction agreements, including but not limited to any potential changes to the amount or percentage.

24.     All documents relating to NASCAR's and/or ISC's decision to award or not award a Nextel Cup race to any racetrack owned by you that has hosted or sought to host a Nextel Cup race.

25.     All documents relating to NASCAR's and/or ISC's decision to award or not award a Nextel Cup race to any racetrack not owned by you that has hosted or sought to host a Nextel Cup race.

26.     Documents sufficient to show the following for each racetrack owned by you, or in which you have an equity interest or affiliation, awarded a Nextel Cup race since 1990:

    a.     The sanctioning of each Nextel Cup race, including but not limited to all Nextel Cup sanctioning agreements;

676551v1/008870

7

App. 15

b.    The seating capacity for the racetrack, broken down by general admission/grandstand, luxury suites, club seats;

c.    Parking capacity, and recreational vehicles and trailer spaces for the racetrack;

d.    The geographic location, age, construction and renovation history;

e.    Configuration and track length of the racetrack;

f.    The ticket sales for the Nextel Cup event;

g.    The advertising revenue for the Nextel Cup event;

h.    The facility amenities for the Nextel Cup event, including but not limited to concession sales, program and merchandise sales, fees for hospitality tents, and fees for souvenir trailers;

i.    The racetrack safety records;

j.    Complaints or suggestions about the racetrack by drivers, owners, crew, and spectators;

k.    Comments about the track by NASCAR;

l.    Comments about the track by any other racetrack;

m.    The television ratings for the Nextel Cup event;

n.    The broadcast fees for the Nextel Cup event;

o.    The race sponsorship for the Nextel Cup event;

App. 16

p.    Consumer preference for the Nextel Cup event;

q.    The purse and prize money  for the Nextel Cup event;

r.    The portion of total revenue for the Nextel Cup event distributed to the racetrack;

s.    The operating expenses for the event, including but not limited to fixed and variable costs, expenses related to the organization and operation of NASCAR, driver/team compensation, and racetrack compensation and administrative expenses;

t.    The contract terms, conditions, and provisions for participation;

u.    The ticket pricing for the Nextel Cup event;

v.    Track ownership, including purchase and sale information.

w.    Any reason why the racetrack has hosted a Nextel Cup race; and

x.    The decision whether to allow the racetrack to host one or more Nextel Cup races.

27.    All documents relating to the decision of when and how you or any of your racetracks received the right to host a Nextel Cup event.

28.    All documents relating to communications between you and NASCAR regarding racetracks in which you do not, or did not at the time of the communication, own an equity interest.

29.    All documents relating to communications between you and ISC.

App. 17

30.    All documents relating to a consideration or decision by NASCAR to award, sanction, add, withdraw, schedule, transfer, or deny one or more Nextel Cup races to any racetrack or racetrack owner(s), including you.

31.    All documents related to Richard Farmer, Richard Duchossois, Jerry Carroll, Mark Simendinger, John Lindahl, Bruce Lunsford, or Chris Sullivan.

32.    All documents related to www.thetracksuit.info

33.    All documents related to *Kentucky Speedway v. National Association for Stock Car Racing, Inc.*, Case No. 2-05-CV-138 (currently pending in the Eastern District of Kentucky), excepting any communications that are subject to the attorney-client privilege.

34.    All documents related to, including all documents related to any communications by, with, or about, UNITE HERE or the International Brotherhood of Teamsters, from January 1, 2004.

App. 18

Google Desktop: Categories                                                                     Page 1 of 1

 **Google Desktop**

Web   Images   Video   News   Maps   Desktop   **more »**

placey and categories ............................   [ Search ]   **Desktop Preferences**
                                                                  **Advanced Search**

## Cached messages

**« Older** | Newer »   **View Entire Thread (2)**        Message **2** of **2** in conversation

Reply | Reply to all | Forward | View in Outlook

✉   **Categories**

From: Justin A. Nelson <jnelson@SusmanGodfrey.com>
To: Placey, Richard <RPlacey@mmwr.com>
Date: Sep 6 2006 - 10:02am

📎  708982_1.DOC - 43k - View in Outlook

Happy to discuss any of these with you.

Justin A. Nelson
Susman Godfrey
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206-516-3867

This message is intended only for the people to whom it is addressed and is
intended to be a confidential attorney-client communication.  If this message is not
addressed to you, please delete it and notify me.

**« Older** | Newer »   **View Entire Thread (2)**     Reply | Reply to all | Forward | View in Outlook

placey and categories .............................   [ Search ]

Google Desktop  Home - Browse Timeline - Index Status - Privacy - About - ©2006 Google

App. 19

1. Any document, including any external or internal emails, regarding the terms of a NASCAR Nextel Cup sanctioning agreement with you, including the terms of such agreements, but specifically excluding the sanctioning agreement itself;

2. Any document reflecting any discussion or communication regarding the changes to the sanctioning agreement.

3. Any document reflecting negotiations as to any NASCAR Nextel cup race.

4. Any document reflecting the market power, market share, or market position of NASCAR and/or ISC, including but not limited to the number of tracks owned by ISC.

5. Any demographic study showing the type or geographic location of fans that attend a Nascar-sanctioned race at your racetrack .

6. Any demographic study showing the type or geographic location of fans that attend an IRL, CART, or Formula 1 race at your racetrack.

7. Any documents showing any communications between you and Nascar and/or ISC regarding Nascar Nextel Cup races, including adding a race to the schedule, realignment, the type and number of races at your racetrack, transferring a race to another racetrack, withdrawing a race, the location of the race, the fan base of the race, denying a race, acquiring or merging with you, or other geographic locations where a Nextel Cup race might occur, but specifically excluding those documents that relate solely to the logistics of staging the race itself.

8. Any documents reflecting any attempts or inquiries by any other person or racetrack to buy, acquire, or merge with you, including any right of first refusal, first option to purchase, or other option to purchase the track.

9. Any documents regarding Kentucky Speedway, specifically excluding race schedules or other documents that simply reflect information already in the public domain.

10. Documents sufficient to show the total revenue, gross profit, and net profit for Nascar Nextel Cup races.

11. All documents reflecting any communications with Bill France Sr., Bill France Jr., Brian France, Lesa Kennedy France, Jim France, John Saunders, John Graham, Glenn Padgett, Gary Crotty, or Mike Helton.

708982v1/008870

App. 20

12. Documents sufficient to show whether you or any of your officers or directors hold any ownership interest, whether direct or indirect, in ISC or NASCAR.

13. All documents related to any anticompetitive behavior or activity by ISC or NASCAR.

14. All documents reflecting any business relationship or financial arrangement between you and any racetrack not owned by you.

15. All documents related to NASCAR's and/or ISC's decision to award or not award a Nextel Cup race to any racetrack owned by you that has hosted or sought to host a Nextel Cup race.

16. All documents related to the decision of when and how you or any of your racetracks received the right to host a Nextel Cup event.

17. All documents relating to communications between you and NASCAR and/or ISC regarding racetracks in which you do not, or did not at the time of the communication, own an equity interest.

18. All documents relating to a consideration or decision by NASCAR and/or ISC to award, sanction, add, withdraw, schedule, transfer, or deny one of more Nextel Cup races to any racetrack or racetrack owner(s), including you.

19. All documents related to Richard Farmer, Richard Duchossois, Jerry Carroll, Mark Simendinger, John Lindahl, Bruce Lunsford, or Chris Sullivan.

20. All documents related to www.thetracksuit.info.

21. All documents related to *Kentucky Speedway v. National Association for Stock Car Racing, Inc.*, Case No. 2-05-CV-138 (currently pending in the Eastern District of Kentucky), excepting any communications that are subject to the attorney-client privilege.

22. All documents related to, including all documents related to any communications by, with, or about, UNITE HERE or the International Brotherhood of Teamsters, from January 1, 2004.

App. 21

**Placey, Richard**

| | |
|---|---|
| **From:** | Justin A. Nelson [jnelson@SusmanGodfrey.com] |
| **Sent:** | Friday, July 07, 2006 7:25 PM |
| **To:** | Placey, Richard |
| **Subject:** | Revised Subpoena |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |



33012.pdf (548 KB)

Richard --

Please find attached a revised subpoena for your client.  We withdraw our previous subpoena to you issued from the District of Delaware.  You have informed me that you are authorized to accept service on behalf of your client.

Best Regards,

Justin A. Nelson
Susman Godfrey
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206-516-3867

This message is intended only for the people to whom it is addressed and is intended to be a confidential attorney-client communication.  If this message is not addressed to you, please delete it and notify me. .

App. 22

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF _____ DELAWARE

Kentucky Speedway, LLC

V.

National Association for Stock Car

Auto Racing, Inc., *et al.*

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2-05-CV-138
(currently pending in Eastern District of Kentucky)

TO:  Dover Motorsports, Inc.
1131 North DuPont Highway
Dover, Delaware 19901

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| Brandywine Process, 2500 Delaware Ave., Wilmington, DE 19806 (800) 899-2577 | July 24, 2006 (or at place and time otherwise agreed by counsel) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff Kentucky Speedway, LLC | DATE July 7, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Justin A. Nelson, Susman Godfrey L.L.P., 1201 Third Avenue, Suite 3800, Seattle, WA 98101-3000  (206) 516-3880

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

676444v1/008870

*App. 23*

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

App. 24

676444v1/008870

Rule 45, Federal Rules of Civil Procedure, I   C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

App. 25

## EXHIBIT A

## DEFINITIONS

1.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

3.    "Person" means any natural person or any business, legal or governmental entity or association.

4.    The term "RELATED TO" or "RELATED THERETO" or "RELATING TO" or "RELATING THERETO" or "REFLECTING" when used with respect to a given subject matter or the content of DOCUMENTS means any DOCUMENT or thing that sets forth, describes, reflects, constitutes, concerns, contains, embodies, identifies, states, refers to, or is in any other way relevant to a given subject or transaction.

5.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside if its scope.

6.    The term "NASCAR" shall mean the National Association for Stock Car Auto Racing, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

App. 26

1

7.    The term "ISC" or "INTERNATIONAL SPEEDWAY" shall mean International Speedway Corp. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on its behalf.

8.    The terms "YOU" and "YOUR" shall mean Dover Motorsports, Inc. and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, division, predecessor, successor, and any person acting or authorized to act on their behalf.

9.    The term "NEXTEL CUP" shall mean the NASCAR Nextel Cup Series and the NASCAR Winston Cup Series.

10.    The term "KENTUCKY SPEEDWAY" means Kentucky Speedway, LLC and any officer, director, official, employee, agent, attorney, expert, trustee, consultant or representative, any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on their behalf.

11.    The term "person" means natural persons, corporations, firms, partnerships, unincorporated associations, trusts or other legal, business or governmental entities.

12.    "Relating to"; "respecting"; "in respect of"; "relative to"; "relate to"; "related to"; "regarding"; "reflecting"; "evidencing"; "concerning"; "discussing"; "recording"; "analyzing"; "describing"; "summarizing"; "referring to"; or "commenting on the subject matter referred to in each request" have as broad a scope as the discovery permitted under the mutual agreement of the parties or under Federal Rule of Civil Procedure 26(b), whichever is broader.

13.    "Racetrack" means any venue that has hosted or seeks to host any NASCAR-sanctioned event, including Nextel Cup, Busch, and Craftsman Truck Series races, and includes any officer,

director, official, employee, agent, attorney, expert, trustee, consultant or representative of the racetrack, and any present or former subsidiary, parent, affiliate, division, predecessor, successor, and any person acting or authorized to act on the racetrack's behalf.  The term includes those venues that have not yet been built so long as the venue would seek to host a NASCAR-sanctioned event if constructed.

14.    "Owned by" means those racetracks where you hold a controlling ownership interest.

15.    "Ownership interest" means owning all or part of a corporation, joint venture, partnership, or other business, person, or entity, either directly or indirectly.

## INSTRUCTIONS

1.    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each party shall produce the requested documents as they are kept in the usual course of business.  Documents should be marked to indicate the identity of the individual party producing such documents.

2.    If any document responsive to any of these requests is withheld by asserting any privilege or immunity from production, submit a schedule at the time of production setting forth for each document withheld, the following information:

   a.    The type of document (e.g., letter, memorandum, etc.);

   b.    The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

   c.    The name of each author, co-author or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

   d.    If the documents reflect or refer to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; the subject matter of the information contained in the document;

e.     The nature of the privilege or immunity asserted; and

f.     A brief explanation of why the document is believed to be privileged or immune from production.

3.     Produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

4.     All documents should be produced in their entirety, including all attachments and enclosures, along with their original folders, binders, or other covers or containers.

5.     If, for any reason, any of the documents or tangible things to be produced by any plaintiff pursuant to this request have been destroyed, lost or otherwise disposed of, state for each category the following information:

a.     The date the document or tangible thing was lost, destroyed or disposed of;

b.     All witnesses who have knowledge of the loss, destruction or disposal of the object or tangible thing; and

c.     The details concerning the loss of such documents, including the reason for the destruction or disposal and the person authorizing it.

## TIME PERIOD

Unless otherwise stated in a Request, produce all responsive documents created on or after January 1, 1997.

## DOCUMENTS TO BE PRODUCED

1.     Any document, including any external or internal emails, regarding the terms of a NASCAR cup sanctioning agreement.

2.     Any internal document regarding the Nascar sanctioning agreements.

App. 29

3.    Any document reflecting any discussion or communication regarding the changes to the sanctioning agreement.

4.    Any document reflecting negotiations as to any NASCAR Nextel Cup race.

5.    Any document reflecting the market power or anticompetitive behavior of NASCAR and/or ISC.

6.    Any demographic study showing the type or geographic location of fans that attend a Nascar-sanctioned race at your racetrack

7.    Any demographic study showing the type or geographic location of fans that attend an IRL, CART, or Formula 1 race at your racetrack.

8.    Any documents showing any communications between you and Nascar and/or ISC regarding Nascar Nextel Cup races regarding adding a race to the schedule, transferring a race to another racetrack, withdrawing a race, the location of the race, the fan base of the race, denying a race, or other geographic locations where a Nextel Cup race might occur.

9.    Any documents regarding Kentucky Speedway, specifically excluding communications between you and Kentucky Speedway as well as publicly-available documents such as race schedules.

App. 30

Message                                                                    Page 1 of 3

# Justin A. Nelson

**From:** Placey, Richard [RPlacey@mmwr.com]
**Sent:** Friday, August 18, 2006 2:58 PM
**To:** Justin A. Nelson
**Cc:** Lorenz, Pat
**Subject:** RE: Kentucky Speedway v. NASCAR, et al.

Again just to avoid later misunderstandings about what is on the table, and without prejudice to anyone unless and until we reach agreement, Dover Motorsports' offer of today was to do the following now on the basis set forth below:

1.  To produce demographic studies for the last 3 years

2.  To produce internal communications between the current executive officers (listed on the proxy) at Dover for the last 3 years about the following topics, but excluding internal communications involving counsel:

    a.   Moving Dover's Nextel cup races

    b.   Transferring Dover's Nextel cup races to another track

    c.   Dover getting a new or adding a Nextel cup race(s)

    d    Acquisition of Dover by ISC

    e.   Kentucky Speedway, excluding communications analyzing the potential acquisition deal or reflecting Dover internal strategy for dealing with Kentucky's proposals

Dover is willing to do this now and drop its existing sanctions claims if (i) this completely resolves all requests for documents from Plaintiff in this case (i.e, there is no coming back for more documents, recognizing that depositions are a different issue) and (ii) some to be negotiated amount is paid to defray Dover's fees and costs (we both recognize that it may be better to just set an amount rather than allocate it to past vs future items).

As we have debated at some length, we believe that Plaintiff is required obtain and review the documents from the parties before burdening non-parties like Dover with document subpoenas (if the non-party documents are then needed), but you believe that Plaintiff cannot wait until the documents requested from the parties are received and reviewed. Accordingly, this offer is being made expressly to accommodate Plaintiff's position in this regard, but is without prejudice to our underlying position on that issue or to yours.

----Original Message-----
**From:** Justin A. Nelson [mailto:jnelson@SusmanGodfrey.com]
**Sent:** Thursday, August 03, 2006 4:15 PM
**To:** Placey, Richard
**Cc:** Lorenz, Pat
**Subject:** RE: Kentucky Speedway v. NASCAR, et al.

Richard –

Without prejudice to either side, as you say, I agree that this is what we talked about as the potential basis for a deal. I would add only that it's either of Dover's Nextel Cup races, and that it's acquisition of Dover by any other party, not just ISC. (In typing this, I realize that we actually might need a limited category of

App. 31

Message                                                                Page 2 of 3

external as well as internal communications for those documents between Dover and another, non-ISC entity, about acquisitions. We would not need the external communications, if they exist, between Dover and ISC.)

Justin A. Nelson
Susman Godfrey
1201 Third Avenue
Suite 3800
Seattle, WA 98101
206-516-3867

This message is intended only for the people to whom it is addressed and is intended to be a confidential attorney-client communication. If this message is not addressed to you, please delete it and notify me.

**From:** Placey, Richard [mailto:RPlacey@mmwr.com]
**Sent:** Thursday, August 03, 2006 1:03 PM
**To:** Justin A. Nelson
**Cc:** Lorenz, Pat
**Subject:** Kentucky Speedway v. NASCAR, et al.

So that we do not later have a mis-understanding as to the items on the table from our discussion earlier today, I understand that what plaintiff is looking for Dover to produce as the potential basis of a deal (without prejudice to either side unless and until an actual agreement blessed by both clients is reached) is

1.   Any demographic studies of Dover's race attendees

2.   Documents reflecting <u>internal communications</u> at Dover about the following five items:

     a.   Moving Dover's Nextel cup race

     b.   Transferring Dover's Nextel cup race to another track

     c.   Dover getting a new or adding a Nextel cup race

     d    Acquisition of Dover by ISC

     e.   Kentucky Speedway (I am assuming that this does not include communications about mundane items like fire safety,

              traffic control and probably dozens of similar items, and that we would need to focus this item with better precision)

We both recognize that there are other less detailed matters that were and are part of the discussion (such as whether plaintiff can come back later for other things, the payment of fees and other issues). However, if I have the "list of items" part of the discussion wrong, please tell me so that I can be sure that I accurately convey plaintiff's list of items to my client.

Richard G. Placey
(admitted in DE, PA, NJ and IL)
Montgomery, McCracken, Walker & Rhoads LLP
300 Delaware Avenue, Suite 750
Wilmington DE 19801
Telephone: (302) 504-7880

App. 32

Message

Page 3 of 3

Fax. (302) 504 7820
Philadelphia (PA) Telephone (215) 772-7424
Cherry Hill (NJ) Telephone (856) 488-7700

10/20/2006

App. 33

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF KENTUCKY
### AT COVINGTON

KENTUCKY SPEEDWAY, LLC,

    Plaintiff,

    vs.

NATIONAL ASSOCIATION OF
STOCK CAR RACING, INC.,

and

INTERNATIONAL SPEEDWAY
CORPORATION,

    Defendants.

Case No. 2-05-cv-138
Honorable William O. Bertelsman

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT AND UNDERTAKING FOR
## RECEIVING CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION

I, _____Richard G. Placey_____, state the following:

1.  I have read and understand the Stipulation and Order to which this Exhibit A is annexed (and whose definitions are incorporated herein) and I attest to my understanding that access to information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" may be provided to me and that such access shall be pursuant to the terms and conditions and restrictions of the Stipulation and Order. I agree to be bound by the terms of the Stipulation and Order both with respect to this Court's powers of supervision of the litigation of the Action, and, contractually to any Producing Party, which I acknowledge to be an expressly intended beneficiary of the undertakings I give in this Confidentiality Agreement and Undertaking. I

16

App. 34

hereby submit to the jurisdiction of the United States District Court for the Eastern District of Kentucky for purposes of enforcement of the Stipulation and Order.

2.    I shall not use or disclose any Confidential Information and/or Highly Confidential Information to others, except in accordance with the Stipulation and Order, and I shall not in any way make use of facts and other information obtained from reviewing such Confidential and/or Highly Confidential Information in connection with any activity other than this Litigation or any purpose other than participating in this Litigation.  I understand that, in the event that I fail to abide by the terms of this Confidentiality Agreement or the Stipulation and Order, I shall be subject to sanctions by way of contempt of Court, such other or additional relief the Court may deem appropriate, and to separate legal and equitable recourse by the adversely affected Producing Party.

3.    My signature on this document in no way binds Dover Motorsports, Inc. to produce its own documents subject to the protection of this order or to accept this order as appropriate confidentiality protection for its documents.

Signature

Printed Name

Richard G. Placey
Montgomery, McCracken, Walker & Rhoads LLP

Address 300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504 7880

SWORN TO and subscribed before me this 11th day of October , 2006.

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PATRICIA L. MARSDEN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 19, 2008

17

App. 35