IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENTUCKY SPEEDWAY, LLC, | : |
| Plaintiff, | : |
| v. | : C. A. No. 06-mc-203*** |
| NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING INC., also known as NASCAR, and INTERNATIONAL SPEEDWAY CORP. | : |
| Defendants. | : |

### MEMORANDUM ORDER

This Memorandum Order addresses cross motions for reimbursement of attorneys' fees filed by, plaintiff, Kentucky Speedway, LLC ("Kentucky") and non-party, Dover Motorsports, Inc. ("Dover") arising out of Kentucky's subpoenas issued from this court pursuant to FRCP 45 to obtain documents from non-party Dover in an anti-trust matter filed in another jurisdiction. Kentucky served a subpoena involving 34 categories of documents to which Dover initially objected. Thereafter, counsel for Kentucky and Dover negotiated in an attempt to reach agreement on that subpoena. Whether a true understanding was reached between counsel is not entirely clear, but in any event, a second more limited subpoena on nine categories was issued by Kentucky. Further negotiations ensued, but the parties were unable to reach an understanding regarding the second subpoena after the defendants in the underlying case completed their production of documents.[1] This eventually lead to Kentucky filing a motion to compel.

---

[1] After production by the defendants in the underlying case, Kentucky asked Dover to produce documents responding to 22 categories of documents based on the first (34 categories) and second (9 categories) subpoenas.

D.I. 1. Shortly thereafter, a teleconference was held with the court.[2] According to the transcript of that teleconference, the court questioned why the Eastern District of Kentucky, the court in which the underlying action is filed, was not addressing the discovery matter. Dover objected and the court ordered briefing on the issue of transfer. Dover also objected to Kentucky's motion to seal part of the motion to compel that contained information designated as highly confidential material by the defendants in the underlying case pursuant to a protective order, which was overruled.

Since the re-assignment of the case to the vacant judgeship, the court has held a number of teleconferences to deal primarily with the document production issues. In fact, on January 22, 2007, a teleconference lasting 1 ½ hours to address the motion to compel occurred. Another teleconference the following day lasting for more than 2 ½ hours was held.[3] Both involved a pains-taking process of review, argument and discussion of each request, most of which the court believes could have been discussed and agreed to between counsel. In addition, the court initially was asked to address counsel fees and costs for Dover on the basis that Kentucky's requests imposed undue burden or expense on it inconsistent with FRCP 45.[4] The issue of Dover's fees and costs, which Kentucky opposed, were, in part, addressed during the

---

[2] At that time, this miscellaneous matter was assigned to the Honorable Kent A. Jordan.

[3] Both teleconferences involving review of the documents requests occurred after Dover allegedly incurred over $10,000 in fees solely due to telephone discussions, emails and correspondence between its counsel and Kentucky's attorney.

[4] The mantra of "undue burden" or the like was frequently repeated by Dover as the basis for its objections. Similarly, the litany that the documents requested are "relevant" was often propounded by Kentucky.

teleconference of January 30, 2007, which lasted for approximately 45 minutes.[5] Finally, the parties filed letters opposing each other's requests for fees. D.I. 34, 35.

Kentucky's efforts to obtain these documents did not begin in this court or in the Kentucky district court, as one would logically assume. Somehow, Ohio co-counsel had a subpoena issued from a district court in that jurisdiction, a jurisdiction which clearly was not involved in the underlying action and where Dover is not located. That subpoena was resolved through a couple of phone calls and a letter.[6] Next, Kentucky attempted to have a "nationwide subpoena" issued on the basis of 15 U.S.C. §§ 22, 23.[7] Quashing that subpoena took more effort. The parties, however, have reached agreement on Dover's attorneys' fees for responding to those "subpoenas." What remains is Dover's attorneys' fees for the first Delaware subpoena through July 7, 2006 in the amount of $5,265.00; the second Delaware subpoena in the amount of $5,005.00; for briefing the motion to transfer of $8,761.00 and the motion to strike of $8,933.00; and Kentucky's counsel fees in the amount of $4,325.00 for responding to Dover's allegedly meritless pursuit of counsel fees.

**Parties' Positions**

In support of its argument for imposition of the sanction of attorneys' fees, Dover

---

[5] During that teleconference, and apparently from counsel's discussions before, Kentucky's intent to pursue its fees on Dover's allegedly frivolous sanctions request under FRCP 11, 26, 27 and 45, was made clear.

[6] The court understands that Kentucky's primary counsel was not involved in that "administrative error." Dover, however, claims that it took five hours of counsel time to resolve Kentucky's mistake.

[7] Again, Kentucky's counsel in the present matter was not involved in that debacle, but faced the unpleasant situation of explaining to this court how two obviously inappropriate statutes were employed to support a "nationwide subpoena" argument.

3

relies on the language of Rule 45(c)(1), citing two Southern District of New York cases. Dover refers to the initial subpoena efforts, and notes that not until February 27, 2007 (the date of the teleconference with the court to address Dover's fee request) did Kentucky offer to pay Dover's counsel fees for those prior attempts. Dover further emphasizes, by way of example, two of the original 34 documents requests as evidencing undue burden. It also avers that the first Delaware subpoena was withdrawn on July 7, 2006 and that the motion to compel only addressed the narrower 22 item list, which Dover contends "should have been served in the first place."[8] Dover claims that counsel's time spent on the second subpoena was solely due to Kentucky's conduct of resurrecting certain requests after an "understanding" on the list containing nine areas of exploration was reached. Regarding its claim for fees related to the briefing on the motion to transfer, Dover observes that after it filed an answering brief, Kentucky withdrew that motion. Concerning the motion to strike, Dover points out that its counsel was willing to be bound by the confidentiality order in the underlying case and until the court advised that it would not consider the redacted portions, Dover had to file its motion to strike.

Kentucky cites primarily to Third Circuit law regarding award of attorneys' fees. Along with its objections to the subpoenas, as noted by Kentucky, Dover served a Rule 11 motion which this court rejected. Relying on the language in *Arab African Int'l Bank v. Epstein,* 10 F.3d 168, 175 (3d Cir. 1993), Kentucky argues that Rule 11 sanctions are "reserved for circumstances where a . . . motion is patently unmeritorious or frivolous."

---

[8] And which Dover refused to respond to primarily on the basis of "undue burden."

4

Kentucky maintains that an order for attorneys' fees under Rule 45(c)(1) is only as a sanction which requires a finding of bad faith or misuse of a subpoena. *See Spencer v. Steinman*, 1999 U.S. Dist. LEXIS 23387, *2 (E.D. Pa. Mar. 1, 1999); *Hampton Forge Ltd. v. Descamps*, 2006 WL 469953, *10 (D.N.J. Feb. 23, 2006); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Kentucky submits that Dover has failed to allege a sufficient basis for imposition of counsel fees especially where a court granted a motion to compel.

Although Kentucky rejects the application of Rules 26 and 37 to this situation, to the extent that the court disagrees, it argues those rules support an award of counsel fees to Kentucky since it was the prevailing party on the discovery motion relying on Rules 26(c) and 37(a)(4). It further posits that Dover's request for sanctions and fees is frivolous as another basis for such an award.

Contrary to both parties' positions, neither was the winner nor loser in this discovery war. The court originally raised the transfer of the discovery matter during the teleconference in October 2006 and upon Dover's objection to transfer did what only the court could only do in that situation, order briefing. After Dover filed its twelve page answering brief, Kentucky withdrew its support for transfer. It neither required the court nor Dover to undergo oral argument nor the decision making process on that issue. Regarding Dover's motion to strike, which was incorporated with its opposition to the motion to compel, the first brief consisted of a total of 21 pages, seven of which are devoted to a review of why the requests are objectionable. Although pages seven to thirteen include argument regarding the redacted paragraphs 7 through 14 in the original motion to compel, substantial portions of those pages address the standards of

Rule 45, undue burden and substantial need for the subpoena. The reply brief on that issue consists of 8 pages, partially regurgitating what had been argued in Dover's previous brief. The combined briefing on the motions allegedly involved $17,694 of attorneys' time.[9] Moreover, contrary to Dover's position, the court authorized a number of Kentucky's requests, albeit modified.

The above analysis does not suggest that Kentucky's demand for fees is meritorious. In addition to taking a very circuitous route before finally filing a subpoena that was procedurally consistent with the Federal Rules of Civil Procedure in a court with jurisdiction, the court did not grant all requests for production, especially those from the original 34 requests with numerous subparts. Therefore, it is not the prevailing party. As a result,

    IT IS ORDERED AND ADJUDGED that the parties cross-motions for attorneys' fees (D.I. 34, 35) are DENIED.

April 23, 2007

                                                          UNITED STATES MAGISTRATE JUDGE

---

[9] At $325 per hour for a partner's time, $17,694 calculates to almost 55 hours to prepare about 50 pages of legal prose on the three issues (or about $347 per page).